### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: TELEXFREE SECURITIES LITIGATION**                    MDL No. 2566

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in one District of Massachusetts action move to centralize this litigation in that district. The litigation consists of six actions pending in three districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of six related actions.[2] Plaintiffs in all actions and all responding defendants[3] support or do not oppose centralization in the District of Massachusetts.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to the allegation that the TelexFree companies[4] operated a Ponzi pyramid scheme involving the recruitment of investors in marketing TelexFree's telephone service plan and that defendants directly participated in or aided and abetted the alleged scheme. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Weighing all factors, we are persuaded that the District of Massachusetts is the most appropriate location for this litigation. The events giving rise to the alleged claims primarily occurred in Massachusetts, which is the principal place of business of the TelexFree companies. The federal and state enforcement actions against TelexFree and affiliated individuals are pending there. Thus,

---

[*]   Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]   The *Ferguson* action listed on Schedule A originally was pending in the Eastern District of North Carolina, but recently was transferred to the District of Massachusetts.

[2]   These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3]   The responding defendants are Citizens Bank of Massachusetts; Citizens Financial Group, Inc.; Fidelity Co-Operative Bank; Fidelity Bank; Middlesex Savings Bank; TD Bank, N.A.; Wells Fargo & Company; Wells Fargo Bank, N.A.; Bank of America Corporation; Bank of America, N.A.; Propay, Inc.; Propay.com; Waddell & Reed Financial, Inc.; Waddell & Reed, Inc.; Global Payroll Gateway, Inc.; and Base Commerce, LLC.

[4]   The TelexFree companies are TelexFree, Inc.; TelexFree, LLC; and TelexFree Financial, Inc.

- 2 -

the primary witnesses and other evidence likely will be located in Massachusetts. Additionally, transfer of actions to this district will facilitate coordination with the TelexFree bankruptcy cases, which also are pending in this district. The Honorable Timothy S. Hillman, to whom we assign this litigation, presides over the related criminal action and thus is familiar with the factual and legal issues presented by these actions. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Timothy S. Hillman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Sarah S. Vance
R. David Proctor

**IN RE: TELEXFREE SECURITIES LITIGATION**                    MDL No. 2566

## SCHEDULE A

Southern District of Florida

GUEVARA v. MERRILL, ET AL., C.A. No. 1:14-22405

Northern District of Georgia

COOK v. TELEXELECTRIC, LLLP, ET AL., C.A. No. 2:14-00134

District of Massachusetts

GITHERE, ET AL. v. TELEXELECTRIC, LLLP, ET AL., C.A. No. 1:14-12825
MARTIN, ET AL. v. TELEXFREE, INC., ET AL., Bky. Adv. No. 4:14-04044
CELLUCCI, ET AL. v. TELEXFREE, INC., ET AL., Bky. Adv. No. 4:14-04057
FERGUSON, ET AL. v. TELEXELECTRIC, LLLP, ET AL., C.A. No. 4:14-40138

I hereby certify on 10/22/14 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 10/21/14
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk