UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Cases | MDL No. 4:14-md-2566-TSH |

**JOINT STATUS REPORT OF CERTAIN DEFENDANTS**

Defendants Bank of America Corporation, Bank of America, N.A., Citizens Financial Group, Inc., Citizens Bank of Massachusetts (now Citizens Bank, N.A.), FMR LLC a/k/a Fidelity Investments, Fidelity Co-Operative Bank d/b/a/ Fidelity Bank, Middlesex Savings Bank, ProPay, Inc., TD Bank, N.A., Waddell & Reed, Inc., Waddell & Reed Financial, Inc., Wells Fargo & Company, and Wells Fargo Bank, N.A. respectfully submit this Joint Status Report in connection with the initial status conference scheduled for November 24, 2014.

This Report contains two parts. First, the Report summarizes the current status of twelve TelexFree-related cases pending in the District including: (i) the six TelexFree cases transferred to, or already pending before, this Court as part of the MDL proceedings; and (ii) six other TelexFree-related cases pending in the District Court or the Bankruptcy Court in this District, but which were not subject to the MDL proceedings.[1] The Report also discusses the status of Plaintiffs' compliance with certain requirements of the Private Securities Litigation Reform Act

---

[1] Not all of the undersigned Defendants are parties to each of the cases referenced in this Report. In some of the cases, certain undersigned Defendants have not been served with the Summons and Complaint and in others no Summonses have been issued. These Defendants reserve their rights fully in these respects.

of 1995 ("PSLRA").  Second, the undersigned Defendants propose certain steps and associated deadlines to ensure these cases proceed expeditiously and in a coordinated manner.

## I. CURRENT STATUS OF THE TELEXFREE CASES

### A. The Six TelexFree Cases Subject to the MDL Order

On July 2, 2014, Plaintiffs in *Githere, et al. v. TelexFree, Inc., et al*, No. 14-12825 (D. Mass.) requested that the Judicial Panel on Multidistrict Litigation ("MDL Panel") centralize six TelexFree-related putative class actions, as well as any subsequently-filed actions arising out of the TelexFree Ponzi scheme, in the District of Massachusetts for "coordinated or consolidated pretrial proceedings" (MDL No. 2566, Doc. 3) (the "Motion").  These six actions identified in the Motion (the "MDL Cases"), and their original Districts, are:

1. *Cook v. Telexelectric, LLLP, et al.*, No. 2:14-00134 (N.D. Ga.)

2. *Ferguson, et al., v. TelexElectric, LLLP, et al*., No. 5:14-00316 (E.D.N.C.)[2]

3. *Githere, et al. v. Telexelextric, LLLP, et al*., No. 1:14-12825 (D. Mass.)

4. *Guevara v. Merrill, et al*., No. 1:14-22405 (S.D. Fla.)

5. *Cellucci, et al., v. TelexFree, Inc., et al.*, Bankr. Adv. No. 4:14-04057 (Bankr. D. Mass.)

6. *Martin, et al. v. TelexFree, Inc., et al.*, Bankr. Adv. No. 4:14-04044 (Bankr. D. Mass.).

Several Defendants filed papers supporting the Motion, and no party opposed it.  *See, e.g*., MDL No. 2566, Docs. 25, 38, 39.

---

[2] The *Ferguson* action was transferred to this District prior to resolution of the MDL Motion (*see* Order Granting First Motion to Transfer Case filed in E.D.N.C. on September 24, 2014 (Doc. 49)) and has been docketed in this District as *Ferguson, et al., v. TelexElectric, LLLP, et al*., No. 4:14-40138 (D. Mass.).

A/76545009.2

On October 21, 2014, the MDL Panel granted the Motion. The Panel transferred the MDL Cases pending in other Districts to this District and assigned all of the cases to this Court for further proceedings (MDL No. 2566, Doc. 84).

Following transfer of the MDL Cases, this Court scheduled an initial status conference for November 24, 2014. Case No. 14-12825, Doc. 137. Concurrently, the Court suspended "all deadlines established prior to the transfer of these actions" by the transferor district courts. Among those now-suspended deadlines are certain stipulated deadlines tying Defendants' date to respond to existing complaints to the resolution of the MDL proceedings or the filing of a consolidated amended complaint. MDL No. 14-2566, Doc. 3, at 3.

Two of the MDL Cases, *Martin* and *Cellucci*, are adversary proceedings commenced in the Bankruptcy Court for this District. The Bankruptcy Court has entered orders staying those cases. Motions to withdraw the reference in both cases are now pending before this Court. A motion to withdraw the reference of a third TelexFree-related adversary proceeding, *Ferrari* (*see* below), is pending before Judge Gorton. Granting the motions would put those cases before this Court, permitting consolidated or coordinated proceedings with the other actions. As explained further below, this Court has already ordered the *Martin* and *Cellucci* Plaintiffs to comply with the PSLRA before it will rule on the pending motions to withdraw, but they have not fully complied with the PSLRA's requirements. *See In re: Telexfree, LLC et al.*, No. 4:14-40093, Doc. 12.

### B.     The Six TelexFree Cases Not Subject to the MDL Order

Six other TelexFree cases arising from TelexFree's alleged Ponzi scheme, which were not the subject of the MDL proceedings, are also pending in the District Court or Bankruptcy Court in this District (the "Additional TelexFree Cases"). Three of the cases are putative class

3

actions; the other three are individual actions.

### 1. *The Three Putative Class Actions*

The putative class actions among the six Additional TelexFree Cases are:

1. *Griffith v. TelexFree*, No. 14-12058 (D. Mass.). The case is currently assigned to Judge Wolf.

2. *Magalhaes v. Wanzeler*, No. 14-12437 (D. Mass.). The case is currently assigned to Judge Gorton.

3. *Ferrari v. TelexFree*, Bankr. Adv. No. 14-4080 (Bankr. D. Mass.). The case is currently assigned to Judge Hoffman in the Bankruptcy Court. As in the *Cellucci* and *Martin* cases, an order staying the adversary proceeding was entered by Judge Hoffman pending resolution of the MDL proceedings, and a motion to withdraw the reference is pending before Judge Gorton (No. 14-40144, D. Mass.).

The three putative class actions: (i) share some Defendants, including the TelexFree entities and certain individuals who allegedly ran the TelexFree scheme; and (ii) allege similar conduct by the Defendants in those cases, including that TelexFree and its principals and promoters perpetrated a massive Ponzi scheme. The claims asserted in the three additional putative class actions generally overlap with those asserted in the MDL Cases.

### 2. *The Three Individual Actions*

The three non-class actions among the six Additional TelexFree Cases are listed below. All are assigned to Judge Gorton:

1. *Paul v. Wanzeler*, No. 14-13029

2. *Toussaint v. Wanzeler*, No. 14-13030

3. *Vicente et al. v. Wanzeler*, No. 14-12926

The Complaints in the three individual cases are essentially identical. They allege that TelexFree and founder Carlos Wanzeler (the only Defendant in these three cases) perpetrated a massive Ponzi scheme that defrauded the Plaintiffs. All were commenced by the same counsel in state court and then removed by Wanzeler.

In each of the three individual cases, Plaintiffs and Defendant Wanzeler filed identical joint motions to continue initial status conferences "until after the Judicial Panel on Multidistrict Litigation has entered an order on the pending motion to transfer and consolidate." *See, e.g.*, *Paul v. Wanzeler*, No. 14-13029, Doc. 9, at 2. In support of those motions, the parties stressed that the underlying allegations and claims are "related to several putative securities class actions" then pending before the MDL Panel; that "orderly and efficient schedules and procedures that serve the need for judicial economy" are essential; and that the parties therefore expect the individual actions to be "transferred and consolidated" with the MDL Cases. *Id*. at 2. Judge Gorton granted the motions and continued the status conference in each case.[3]

### D.   Status of Plaintiffs' Compliance with PSLRA Requirements

All six MDL Cases, and three of the Additional TelexFree Cases, assert various federal securities claims, including claims under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j-b, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.[4] Accordingly, these cases are subject to the PSLRA, 15 U.S.C. § 78u-4 *et seq*., which imposes two early-stage procedural requirements on plaintiffs seeking to serve in a representative capacity in a securities class action. *Id.* To date, none of the Plaintiffs has fully complied with these statutory mandates.

First, "[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification which shall be personally signed by such plaintiff and filed with the complaint." 15 U.S.C. § 78u-4(A)(2). The certification must state, among other things, that the

---

[3] In addition to these private civil actions, an action by the Securities and Exchange Commission against Merrill and Wanzeler is pending before Judge Gorton. *Securities and Exchange Commisson v. TelexFree, Inc et al.*, 14-11858. Additionally, as the Court is aware, the criminal case against Merrill and Wanzeler is pending before this Court. *United States v. Wanzeler et al.*, 14-CR-40028.

[4] At this preliminary stage, it is uncertain whether the TelexFree investments were "securities" within the meaning of the relevant statutes.

plaintiff has reviewed the complaint and authorized its filing.  *Id.*  None of the Plaintiffs timely submitted the sworn certification required by 15 U.S.C. § 78u-4(A)(2).  Plaintiffs in the six MDL Cases filed belated or incomplete certifications, or no certification at all.

Second, the PSLRA establishes a mandatory procedure for appointing a lead plaintiff to control the litigation on behalf of the putative class.  *See* 15 U.S.C. § 78u-4(a)(3).  That procedure begins with the plaintiffs' publication of an "early notice to class members," which must be published "[n]ot later than 20 days after the date on which the complaint is filed."  15 U.S.C. § 78u-4(a)(3)(A)(1).  The early notice must be published "in a widely circulated national business-oriented publication or wire service" and must inform potential class members "of the pendency of the action, the claims asserted therein, and the purported class period," and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."  *Id.*  The PSLRA further provides that, "[n]ot later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . ."  15 U.S.C. § 78u-4(a)(3)(B)(1).

To the best of the undersigned Defendants' knowledge, none of the Plaintiffs in the MDL Cases has ever published complete and timely notices, as required by the PSLRA.  Moreover, on July 23, 2014, this Court, which was then presiding over the *Cellucci* and *Martin* cases, ordered the *Cellucci* and *Martin* Plaintiffs to publish the notice required by the PSLRA and to file affidavits of compliance with the Court.  *See In re: Telexfree, LLC et al.*, No. 14-40093-TSH Doc. 12 ("Either plaintiff *Cellucci* or *Martin* shall give the notices required by the PSLRA (15 USC 78u-4(3)(A)(ii)) and shall file an affidavit of such notice before this Court will act on their

6

motions to withdraw reference."). To date, neither the *Cellucci* nor *Martin* Plaintiffs, nor any other Plaintiffs in the MDL Cases, has complied with the Court's order and published complete notices in a timely manner.[5]

## II. PROPOSED SEQUENCE OF PROCEEDINGS

To ensure the cases proceed efficiently and with minimal duplication, the undersigned Defendants request that the Additional TelexFree Cases, now pending before other District Judges, be reassigned to this Court for consolidated or coordinated proceedings with the MDL Cases.

We respectfully submit the following proposed sequence of events and associated dates following reassignment:

### 1. Withdrawal of the Reference

As noted, motions to withdraw the reference are pending before this Court (*Martin* and *Cellucci*) and Judge Gorton (*Ferrari*). In addition to the arguments in favor of withdrawal of the reference set forth in the motion papers in those cases, withdrawing the reference would permit consolidation or coordination of those three cases with the other MDL Cases and the Additional TelexFree Cases, thus streamlining discovery and other pretrial proceedings.

---

[5] In May 2014, Plaintiffs' counsel in the *Griffith* action published notice of that case, which involves a single claim under the Securities Act of 1933 solely against certain TelexFree principals and promoters. *See Gardy & Notis, LLP Issues Notice of Filing of Securities Class Action Against the Executive Officers and Top Promoters of TelexFree:* http://globenewswire.com/news-release/2014/05/14/636506/10081837/en/Gardy-Notis-LLP-Issues-Notice-of-Filing-of-Securities-Class-Action-Against-the-Executive-Officers-and-Top-Promoters-of-TelexFree, *available at* http://globenewswire.com/news-release/2014/05/14/636506/10081837/en/Gardy-Notis-LLP-Issues-Notice-of-Filing-of-Securities-Class-Action-Against-the-Executive-Officers-and-Top-Promoters-of-TelexFree.html. In July 2014, two of the *Griffith* Plaintiffs filed an application for appointment as lead plaintiffs, which is pending before Judge Wolf. *Griffith v. Merrill et al.*, No. 14-12058, Doc. 4.

The Trustee's opposition to the withdrawal motions in the three cases is based on a concern that claims asserted against the TelexFree debtors in the three cases should be adjudicated in the Bankruptcy Court. The Trustee's concern could be easily reconciled with the need for coordinated proceedings among all the TelexFree cases by severing the claims against the TelexFree debtors. A severance would leave those claims in the Bankruptcy Court while withdrawing the reference of the claims against all other Defendants, allowing the latter to proceed before this Court. *See In re Rosales*, 2013 WL 5962007, at *7 (N.D. Cal. Nov. 7, 2013) (granting severance of secured claim that properly belongs in bankruptcy and withdrawing reference as to remaining 11 claims); *Snodgrass v. New Century Mortgage Corp.*, 358 B.R. 675, 679 (S.D.W. Va. 2006) (granting severance and withdrawing reference as to other claims under Fed. R. Civ. P. 20); *Admiral Ins. Co. v. Heath Holdings USA, Inc.*, 2005 WL 3500286, at *1 (N.D. Tex. Dec. 21, 2005) (granting severance and withdrawing certain third-party claims).

### 2. Consolidation of Putative Class Actions

As explained in this submission, the claims in the nine putative TelexFree class actions—some of which are pending before this Court and the others before Judges Gorton, Wolf and Hoffman—are substantially similar, and in some cases identical. The putative classes alleged in each case are also largely the same. It is common for putative class actions of this type to be consolidated to promote judicial efficiency, avoid inconsistent rulings, and minimize duplication. *See Nager v. Websecure, Inc.*, 1997 WL 773717, at *1 (D. Mass. Nov. 26, 1997) (citing Fed. R. Civ. P. 42(a) and consolidating securities class actions involving a "common question of law or fact"); *Mitchell v. Complete Mgmt., Inc.*, 1999 WL 728678, at *1-2 (S.D.N.Y. Sept. 17, 1999) (judicial economy served by consolidating five securities class actions, involving common defendants and "identical discovery"). Consolidation is appropriate even absent complete

identity of parties, claims and factual allegations. *Linn v. Allied Irish Banks, PLC*, 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004); *see Skwortz v. Crayfish Co.*, 2001 WL 1160745, at *2 (S.D.N.Y. Sept. 28, 2001), *on reconsideration sub nom. In re Crayfish Co. Sec. Litig.*, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) (finding that "considerations of judicial economy favor consolidation" of 11 related securities class actions, premised on "similar factual bas[e]s" and statutory provisions, and noting that "consolidation is not barred simply because the actions to be consolidated allege claims against different parties"); *In re Orion Sec. Litig.*, 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008) ("[T]he slight differences in the facts alleged and legal issues raised do not preclude consolidation.").

Under the PSLRA, "[i]t is proper to consider a motion for consolidation before considering motions for lead plaintiff." *In re Sterling Fin. Corp. Sec. Class Action*, 2007 WL 4570729, at *1 (E.D. Pa. Dec. 21, 2007) (noting that "[m]aintaining separate actions will inevitably result in the waste of judicial resources and create administrative confusion for both the court and the parties"). 15 U.S.C. § 78u-4(a)(3)(B)(ii) provides:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination. . . until after the decision on the motion to consolidate is rendered.

*See, e.g.*, Nager, 1997 WL 773717, at *1 (consolidating securities class actions before appointing lead plaintiffs and lead counsel); *Skwortz*, 2001 WL 1160745, at *2 (same); *Mitchell*, 1999 WL 728678, at *2 (same). The undersigned Defendants respectfully request that the Court order the motions for consolidation to be filed within 21 days of the initial status conference.

### 3. Compliance with PSLRA Requirements

Plaintiffs' compliance with the PSLRA is long overdue and should be required immediately. As noted above, the PSLRA mandates that each Plaintiff provide "a sworn

9

certification, which shall be personally signed by such plaintiff *and filed with the complaint*" confirming, among other things, that Plaintiff has read the complaint and authorized its filing. 15 U.S.C. 78u-4(a)(2)(A) (emphasis added).[6] Plaintiffs' collective failure to provide timely and complete certifications with their complaints not only deprives Defendants of disclosures they are entitled to receive under the PSLRA but also renders the complaints themselves procedurally deficient. The Court should therefore direct each Plaintiff seeking to serve in a representative capacity in this action to file a complete certification, as required by 15 U.S.C. 78u-4(a)(2)(A), no later than December 8, 2014.

Equally problematic is Plaintiffs' collective failure to provide the "early notice to class members" required by 15 U.S.C. § 78u-4(a)(3)(A). Absent the requisite notice, the lead plaintiff appointment process cannot begin, and a Court-appointed lead plaintiff and lead plaintiff's counsel cannot direct the litigation, as the PSLRA contemplates. Moreover, this Court has already ordered the *Martin* and *Cellucci* Plaintiffs to comply with 15 U.S.C. § 78u-4(a)(3), and has stated that it will not rule on the pending motions to withdraw unless and until affidavits certifying such compliance have been filed. *See In re: Telexfree, LLC et al.*, Case No. 14-40093, Doc. 12. In short, publication of the early notice to class members is a threshold requirement for this action to proceed in accordance with federal law. The undersigned Defendants therefore respectfully request that the Court order Plaintiffs to publish an early notice to class members no later than December 15, 2014, and that lead plaintiff(s) and lead counsel be appointed thereafter within the periods prescribed by 15 U.S.C. § 78u-4(a)(3)(b)(i) and (ii).

---

[6] Plaintiffs in some of the actions (*Githere*, *Ferguson, Cellucci* and *Martin*) filed certifications after the filing of their respective complaints that do not fully comply with the PSLRA's requirements.

The undersigned Defendants further request that the Court require the lead plaintiff and lead counsel to file a consolidated amended complaint or designate one of the existing complaints as the operative class action complaint within thirty (30) days of their appointment by the Court.

### 4. Deadline to Respond to Consolidated Amended Complaint

Finally, the undersigned Defendants request that the Court require their response to Plaintiffs' anticipated consolidated amended complaint to be filed within 45 days of Plaintiffs' filing of such complaint or Plaintiffs' designation of an existing complaint as the operative one.

Dated: November 19, 2014

Respectfully submitted,

/s/ S. Elaine McChesney
Kenneth I. Schacter
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000
Kenneth.schacter@bingham.com

S. Elaine McChesney
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110
Elaine.McChesney@bingham.com

*Counsel for Defendants Bank of America Corporation and Bank of America, N.A.*

/s/ Lee A. Armstrong
Lee A. Armstrong
Jones Day
222 East 41st Street
New York, New York 10017-6702
Telephone: +1.212 326 3939
Fax: +1 212 755 7306
laarmstrong@jonesday.com

*Counsel for Defendants Citizens Financial Group, Inc. and Citizens Bank of Massachusetts (now Citizens Bank N.A.)*

*/s/ Ian D. Roffman*
Ian D. Roffman
Joseph T. Toomey
Nutter McClennen & Fish LLP Seaport West
155 Seaport Boulevard Boston, MA 02210
Telephone:  617 439 2421
Facsimile:  617 310 9421
iroffman@nutter.com

*Counsel for Defendant Fidelity Co-Operative Bank d/b/a Fidelity Bank*

*/s/ Lawrence P. Heffernan*
Lawrence P. Heffernan
Robinson & Cole LLP
One Boston Place, 25th floor
Boston, MA  02108
Telephone: 617 557 5906
Fax:  617 557 5999
lheffernan@rc.com

*Counsel for Defendant Middlesex Savings Bank*

*/s/ Seth M. Kean*
Seth M. Kean
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022-7650
Telephone: 212 521 5400
Facsimile: 212 521 5450
skean@reedsmith.com

*/s/ Mary J. Hackett*
Mary J. Hackett
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2724
Telephone: 412 288 3131
Facsimile: 412 288 3063
mhackett@reedsmith.com

*Counsel for Defendant TD Bank, N.A.*

*/s/ Michael T. Gass*
Michael T. Gass
Stuart M. Glass
Choate Hall & Stewart LLP
Two International Place
100-150 International Place
Boston, MA 02110
Tel: 617-248-5000
Fax: 617-248-4000
mgass@choate.com
sglass@choate.com

*Counsel for Defendant FMR LLC a/k/a Fidelity Investments*

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  404.572.4799
Fax:  404.572.5138
PSumner@KSLAW.com

*Counsel for Defendant ProPay, Inc.*

*/s/ Thomas A. Zaccaro*
Thomas A. Zaccaro
D. Scott Carlton
Paul Hastings, LLP
515 S. Flower Street
Los Angeles, CA 90071
Tel. 213-683-6113
Fax: 213-996-3113
thomaszaccaro@paulhastings.com
scottcarlton@paulhastings.com

*/s/ Dennis J. Kelly*
Dennis J. Kelly, Bar No. 266340
125 Summer Street
Boston MA 02110
Telephone:  (617) 345-3436
dkelly@burnslev.com

*Counsel for Defendants Waddell & Reed, Inc. and Waddell & Reed Financial, Inc.*

A/76545009.2

*/s/ Paul Samson*
Paul Samson
Alan Braunstein
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
Telephone:  (617) 523-9000
Fax:  (617) 880-3456
psamson@riemerlaw.com
abraunstein@riemerlaw.com


*/s/ Robert Fuller*
Robert Fuller
Adam Doerr
Robinson Bradshaw & Hinson
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone: 704.377.2536
Fax: 704.378.4000
rfuller@rbh.com
adoerr@rbh.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, NA*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2014, this document (filed through the ECF system) will be sent electronically to all parties who have appeared before the Court by operation of the Court's ECF system.

*/s/ S. Elaine McChesney*
S. Elaine McChesney