UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Cases | )<br>)<br>)<br>) MDL No. 4:14-md-2566-TSH<br>)<br>)<br>)<br>)<br>) |

**RESPONSE OF CERTAIN DEFENDANTS TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL**

Defendants Bank of America Corporation, Bank of America, N.A., Citizens Financial Group, Inc., Citizens Bank of Massachusetts (now Citizens Bank, N.A.), FMR LLC a/k/a Fidelity Investments, Fidelity Co-Operative Bank d/b/a/ Fidelity Bank, Middlesex Savings Bank, ProPay, Inc., TD Bank, N.A., Waddell & Reed, Inc., Waddell & Reed Financial, Inc., Wells Fargo & Company, Wells Fargo Bank, N.A., Base Commerce LLC, Global Payroll Gateway, Inc., and International Payout Systems, Inc. respectfully submit this response to Plaintiffs' Unopposed Motion for Appointment as Lead Counsel and Steering Committee. *See* Docket No. 20. The undersigned Defendants do not oppose the appointment of lead counsel and a steering committee in these MDL actions, but offer this response to make the Court aware of certain procedural irregularities affecting Plaintiffs' motion and, relatedly, to correct the record concerning mistaken assertions in Plaintiffs' recently-filed Brief in Further Support of Plaintiffs' Unopposed Motion for Appointment of Lead Counsel (the "Brief"). *See* Docket No. 50.

Plaintiffs filed their Brief to oppose what they see as a competing motion for appointment of a lead plaintiff and counsel in a related action, *Griffith v. TelexFree*, No. 14-12058 (D.

1

Mass.).[1]  *See* Brief at 1.  In so doing, Plaintiffs argue that the Private Securities Litigation Act of 1995 (the "PSLRA") does not apply to the MDL actions because the MDL Plaintiffs have amended their complaints to remove previously-asserted claims under the federal securities laws.  *Id.*  Plaintiffs are mistaken.

Plaintiffs' "Consolidated Amended Complaint," *see* Docket No. 22, was premature and ineffective because the MDL actions have not yet been consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.  An order consolidating the actions must be issued before an effective "consolidated" complaint can be filed.  Moreover, Plaintiffs' "Consolidated Amended Complaint" was filed prior to the entry of a scheduling order, bears no civil action file number, and gives no specific indication as to which, if any, of the existing complaints the Plaintiffs intended to "amend."  While the undersigned Defendants do not oppose consolidation or the timely filing of a consolidated complaint, Plaintiffs' procedural missteps must be corrected before an effective consolidated amended complaint can be filed.  Until then, the operative complaints in this MDL action are those initially filed by each respective set of Plaintiffs, each of which asserts putative class action claims under Sections 5, 11, and 12 of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77k, 77l(a)(1) and 77l(a)(2), and Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j-b, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.  By its plain terms, the PSLRA applies to actions asserting those claims.  *See* 15 U.S.C. §§ 77z-1 *et seq.* and 78u-4 *et seq.*

---

[1] *Griffith* also arises from the alleged TelexFree Ponzi scheme, but asserts a single claim for the alleged sale of unregistered securities under Section 12 of the Securities Act of 1933.  The undersigned Defendants are not named as defendants in *Griffith*.  *Griffith* was not among the cases transferred to this Court by the MDL panel, but the *Griffith* plaintiffs have moved to have their case transferred to this Court where it can be coordinated with the MDL actions.  The undersigned Defendants do not oppose such a transfer or coordination; however, the present record does not demonstrate that substantive consolidation of *Griffith* and the MDL actions is appropriate at this time.  The undersigned Defendants reserve the right to move the Court for such substantive consolidation as warranted.

Just as importantly, an operative consolidated complaint should be filed by a duly-appointed lead plaintiff and lead plaintiffs' counsel.  For those appointments to be made, however, the Plaintiffs must first comply with the PSLRA's mandatory procedures for facilitating such appointments.  Until putative class members are properly notified of the pendency of these actions and invited to submit lead plaintiff applications, the Court cannot satisfy itself that there are no other persons who may be unaware of this proceeding who are more suitable lead plaintiffs.

Although Plaintiffs belatedly attempted to remedy those procedural defaults by filing two affidavits explicitly referencing the PSLRA and certifying facts required to comply with the PSLRA, *see* Docket No. 47 and 48, they still have not fully complied with the PSLRA.[2]  And while their recent submission begins by asserting that the PSLRA does not apply, plaintiffs go on to argue that they, and not other applicants, should earn the lead plaintiff designation under the PSLRA.  Plaintiffs cannot have it both ways.

Most importantly, Plaintiffs have not provided the "early notice to class members" required by 15 U.S.C. § 78u-4(a)(3)(A)(1).  The early notice must be published "in a widely circulated national business-oriented publication or wire service" and must inform potential class

---

[2] The PSLRA also imposes a mandatory stay of all discovery until the Court rules on motions to dismiss the complaint, which the undersigned Defendants intend to file at the appropriate time.  *See* 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B).  The undersigned Defendants further contend that the Court should stay discovery pending the determination of motions to dismiss even if it determines that the PSLRA does not apply to this action.  *See Alves v. Porspect Mortgage, LLC*, No. CIV.A. 13-10985-JLT, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013).  It is common for courts to preserve the parties' resources by staying discovery until it is determined that a complaint states a viable claim for relief.  *See, e.g., Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58-59 (1st Cir. 2006); *Soni v. Boston Med. Ctr. Corp.*, 683 F. Supp. 2d 74, 89 (D. Mass. 2009); *Landy v. D'Alessandro*, 316 F. Supp. 2d 49, 54 (D. Mass. 2004).  If necessary, the undersigned Defendants will move the Court to impose a discretionary stay of discovery at the appropriate time.

members "of the pendency of the action, the claims asserted therein, and the purported class period," and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id*. The PSLRA further provides that, "[n]ot later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . ." 15 U.S.C. § 78u-4(a)(3)(B)(1). This Court, which was then presiding over the *Cellucci* and *Martin* cases, ordered the *Cellucci* and *Martin* Plaintiffs to publish the notice required by the PSLRA and to file affidavits of compliance with the Court. *See In re: Telexfree, LLC et al.*, No. 4:14-CV-40093-TSH Docket No. 12 ("Either plaintiff Cellucci or Martin shall give the notices required by the PSLRA (15 USC 78u-4(3)(A)(ii)) and shall file an affidavit of such notice before this Court will act on their motions to withdraw reference."). To date, however, none of the MDL Plaintiffs have published the early notice to class members.[3]

Moreover, under the PSLRA, "[i]t is proper to consider a motion for consolidation before considering motions for lead plaintiff." *In re Sterling Fin. Corp. Sec. Class Action*, 2007 WL 4570729, at *1 (E.D. Pa. Dec. 21, 2007) (noting that "[m]aintaining separate actions will inevitably result in the waste of judicial resources and create administrative confusion for both the court and the parties"). 15 U.S.C. § 78u-4(a)(3)(B)(ii) provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes

---

[3] The *Griffith* plaintiffs did publish an early notice to class members, but that notice merely references the *Griffith* action and the sole claim it asserts (for sale of unregistered securities under Section 12 of the Securities Act). There has been no notice to putative class members with respect to the other securities claims asserted in these MDL actions.

4

or for trial, the court shall not make the [lead plaintiff] determination. . . until after the decision on the motion to consolidate is rendered."

Finally, plaintiffs' argument that they wish to drop all federal securities claims asserted on behalf of a putative class puts the cart before the horse. The Court should first determine who the lead plaintiffs, and their counsel, will be. Only the court-appointed lead plaintiffs should be empowered to make the important decision to abandon the principal claims in the various constituent actions on behalf of the putative class.

In short, the Court cannot properly appoint a lead plaintiff or lead Plaintiffs' counsel until the PSLRA's procedures have been followed and the Court has considered and ruled upon a motion for consolidation. The undersigned Defendants respectfully submit that the Court order the Plaintiffs to comply with those requirements and to appoint a lead plaintiff and lead plaintiffs' counsel in due course pursuant to the deadlines set forth in the PSLRA.

Dated:  December 12, 2014

Respectfully submitted,

*/s/ Kenneth I. Schacter*
Kenneth I. Schacter
Morgan Lewis LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000
Kenneth.schacter@morganlewis.com

S. Elaine McChesney
Morgan Lewis LLP
One Federal Street
Boston, MA 02110
Elaine.McChesney@morganlewis.com

*Counsel for Defendants Bank of America Corporation and Bank of America, N.A.*

*/s/ Lee A. Armstrong*
Lee A. Armstrong
Jones Day
222 East 41st Street
New York, New York  10017-6702
Telephone:  +1.212 326 3939
Fax:  +1 212 755 7306
laarmstrong@jonesday.com

*Counsel for Defendants Citizens Financial Group, Inc. and Citizens Bank of Massachusetts (now Citizens Bank N.A.)*

*/s/ Ian D. Roffman*
Ian D. Roffman
Joseph T. Toomey
Nutter McClennen & Fish LLP Seaport West
155 Seaport Boulevard Boston, MA 02210
Telephone:  617 439 2421
Facsimile:  617 310 9421
iroffman@nutter.com

*Counsel for Defendant Fidelity Co-Operative Bank d/b/a Fidelity Bank*

*/s/ Michael T. Gass*
Michael T. Gass
Stuart M. Glass
Choate Hall & Stewart LLP
Two International Place
100-150 International Place
Boston, MA 02110
Tel: 617-248-5000
Fax: 617-248-4000
mgass@choate.com
sglass@choate.com

*Counsel for Defendant FMR LLC a/k/a Fidelity Investments*

*/s/ Lawrence P. Heffernan*
Lawrence P. Heffernan
Robinson & Cole LLP
One Boston Place, 25th floor
Boston, MA  02108
Telephone: 617 557 5906
Fax:  617 557 5999
lheffernan@rc.com

*Counsel for Defendant Middlesex Savings Bank*

*/s/ Seth M. Kean*
Seth M. Kean
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022-7650
Telephone: 212 521 5400
Facsimile: 212 521 5450
skean@reedsmith.com

*/s/ Mary J. Hackett*
Mary J. Hackett
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2724
Telephone: 412 288 3131
Facsimile: 412 288 3063
mhackett@reedsmith.com

*Counsel for Defendant TD Bank, N.A.*


*/s/ Paul Samson*
Paul Samson
Alan Braunstein
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
Telephone:  (617) 523-9000
Fax:  (617) 880-3456
psamson@riemerlaw.com
abraunstein@riemerlaw.com


*/s/ Robert Fuller*
Robert Fuller
Adam Doerr
Robinson Bradshaw & Hinson
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone: 704.377.2536
Fax: 704.378.4000
rfuller@rbh.com
adoerr@rbh.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, NA*

*/s/ Thomas A. Zaccaro*
Thomas A. Zaccaro
D. Scott Carlton
Paul Hastings, LLP
515 S. Flower Street
Los Angeles, CA 90071
Tel. 213-683-6113
Fax: 213-996-3113
thomaszaccaro@paulhastings.com
scottcarlton@paulhastings.com

*/s/ Dennis J. Kelly*
Dennis J. Kelly, Bar No. 266340
125 Summer Street
Boston MA 02110
Telephone:  (617) 345-3436
dkelly@burnslev.com

*Counsel for Defendants Waddell & Reed, Inc. and Waddell & Reed Financial, Inc.*

*s/ Angel A. Cortiñas*
Angel A. Cortiñas
William K. Hill
Jonathan Kaskel
GUNSTER
600 Brickell Avenue
Suite 3500
Miami, Florida 33130
(305) 376-6000
acortinas@gunster.com
whill@gunster.com
jkaskel@gunster

*Counsel for Defendant International Payout Systems, Inc.*

/s/ *Andrea L. Marconi*
Andrea L. Marconi
Courtney R. Radow
Fennemore Craig, P.C.
2394 E. Camelback Rd., Suite 600
Phoenix, AZ 85016
(602) 916-5000
amarconi@fclaw.com
cradow@fclaw.com

*Counsel for Defendants Base Commerce, LLC And Global Payroll Gateway, Inc.*

*/s/ Douglas S. Brooks*
Douglas S. Brooks
BBO No. 636697
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
Phone: 617-338-9300
Fax: 617-338-9911
dbrooks@libbyhoopes.com

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner
David E. Meadows
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  404.572.4600
Fax:  404.572.5138
psumner@kslaw.com
demeadows@kslaw.com

*Counsel for Defendant ProPay, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system on December 12, 2014 and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities.

This 12th day of December 2014.

*/s/ David E. Meadows*
David E. Meadows
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
demeadows@KSLAW.com

*Attorney for Defendant ProPay, Inc.*