**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>**This Document Relates To:**<br><br>**ALL CASES** | **MDL No. 4:14-md-2566-TSH** |
| Waldemara Martin, et al.,<br>　　　　　Plaintiffs,<br>v.<br>TelexFree, Inc., et al.,<br>　　　　　Defendants. | **Case No. 4:14-cv-11858** |
| Reverend Jeremiah Githere, et al.,<br>　　　　　Plaintiffs,<br>v.<br>TelexElectric, LLLP, et al.,<br>　　　　　Defendants. | **Case No. 1:14-cv-12825** |
| Anthony Cellucci, et al.,<br>　　　　　Plaintiffs,<br>v.<br>TelexFree, Inc., et al.,<br>　　　　　Defendants. | **Case No. 4:14-cv-40093** |
| Maduako Ferguson, et al.,<br>　　　　　Plaintiffs,<br>v.<br>TelexElectric, LLLP, et al.,<br>　　　　　Defendants. | **Case No. 14-cv-40138** |
| Felicia Guevara,<br>　　　　　Plaintiff,<br>v.<br>TelexFree, Inc., et al.,<br>　　　　　Defendants. | **Case No. 14-cv-40156** |
| Todd Cook,<br>　　　　　Plaintiff,<br>v.<br>TelexElectric LLLP, et al.,<br>　　　　　Defendants. | **Case No. 14-cv-40154** |

| | |
|---|---|
| Olavo F. Magalhaes,<br>   Plaintiff,<br>v.<br>James Merrill, et al.,<br>   Defendants. | **Case No. 14-cv-12437** |
| Paulo Eduardo Ferrari,<br>   Plaintiff,<br>v.<br>TelexFree, Inc., et al.,<br>   Defendants. | **Case No. 14-cv-40144** |
| Samuel E. Griffith, Individually and on behalf of all others similarly situated,<br>   Plaintiffs,<br>v.<br>James Merrill, et al.,<br>   Defendants. | **Case No. 14-cv-12058-MLW**<br>**(Not included in MDL above)** |

**MEMORANDUM IN REPLY TO RESPONSE OF CERTAIN DEFENDANTS TO PLAINTIFFS' MOTION FOR APPOINTMENT OF <u>INTERIM LEAD CLASS COUNSEL AND STEERING COMMITTEE</u>**

  Plaintiffs in all consolidated cases in MDL 2566 (No. 4:14-md-2566-TSH) ("Plaintiffs") respectfully submit this Memorandum of Law in Reply to the Response [Doc. No. 59] (the "Response") of Certain Defendants to Plaintiffs' Unopposed Motion for Appointment of Interim Lead Class Counsel and Steering Committee [Doc. No. 20] and the brief filed in further support of that motion [Doc. No. 50] (collectively, the "Lead Counsel Motion"). In reply to that Response, Plaintiffs respectfully submit as follows:

2

**ARGUMENT**

The brief filed by the banking institution and payment processing Defendants in this MDL (the "Certain Defendants") is a curious, and flawed, one. Of utmost significance, they do not oppose the appointment of lead plaintiff counsel and state so unequivocally in their first paragraph. They thus do not oppose the appointment of Attorney Bonsignore as Interim Lead Counsel and the firms proposed to serve as a Steering Committee. That was the sole purpose of the Lead Counsel Motion and, as such, anything else contained in their "response" to that Motion (the "Response") should be disregarded. The Certain Defendants should be added to the list of parties unopposed to the appointments requested.

Nevertheless, the Certain Defendants thereafter quickly reveal their true intention in filing their Response: to impose on the Plaintiffs a Federal securities count that we have not filed, that we do not accept or adopt, and that we do not intend to bring, and boot-strap that forced imposition to then try to obtain dismissal of the entire Consolidated Amended Complaint (the "CAC") [Doc. No. 22] filed by Plaintiffs.

As detailed in Plaintiffs' prior briefs, Plaintiffs have concluded Federal securities laws do not apply to the TelexFree memberships, and that the Private Securities Litigation Reform Act (the "PSLRA") accordingly does not apply to MDL 2566 and the CAC. Simply put, the Plaintiffs, and not the Certain Defendants, are entitled to choose what causes of action to bring here, and have chosen to NOT bring any Federal securities law claims.

However, as another plaintiff, with claims that are much smaller than those of the lead plaintiffs in the CAC filed by Plaintiffs, have themselves filed a different complaint, not consolidated into this MDL and not adopted by Plaintiffs, the Plaintiffs agree with the Certain Defendants that the issue of the applicability of the PSLRA is one that demands immediate attention from this Court, if only to bring some clarity to the situation, not impair the efficacy of

3

the Plaintiffs' good claims with what they believe to be deficient claims, and to have the choice of Lead Counsel and Plaintiff Steering Committee not hijacked by an outlier securities complaint that the Certain Defendants would much prefer over the CAC filed by the Plaintiffs[1]. Plaintiffs also seek to have a scheduling order to be entered shortly after the appointment of lead counsel.

 First, this Court need not order consolidation because it already exists. This Court has ordered consolidation. See Doc. No. 84 [MDL Transfer Order]. Also, Section 1407(a), which empowers the Judicial Panel on Multidistrict Litigation (the "JPMDL") to transfer cases to a single district court, states that such transfer is "for coordinated or consolidated pretrial proceedings" and that "[s]uch coordinated or consolidated pretrial proceedings" are to be conducted by the judge who the JPMDL assigns. 28 U.S.C. § 1407(a), (b). As such, upon transfer by the JPML, consolidation is automatic and there is no need for an order. See In re Long-Distance Telephone Serv. Fed. Excise Tax Refund Litig., 901 F. Supp. 2d 1, 4 (D.D.C. 2012) (citing JPMDL order transferring cases to that court as "consolidate[ing]" them "for pretrial purposes"). Thus, the Certain Defendants' insistence that the CAC is premature and that no lead plaintiff or counsel can be now appointed is not supportable. The so-called Griffith Action, which asserts a Federal securities count on behalf of a perhaps small sub-set of the TelexFree victims represented by Plaintiffs will be addressed by Lead Counsel and the Plaintiff Steering Committee once appointed. The Griffith action is not yet transferred to this MDL, but that is not relevant to the immediate appointment of Lead Counsel. The appointment of lead counsel in an MDL is not barred until all cases are eventually transferred because that transfer

---

[1] Plaintiffs will not address in detail issues already presented their briefs [see Doc. No. 20 (Lead Counsel Motion); Doc. No. 36 (Supp. Brief); Doc. No.50 (Brief in further support of Lead Counsel Motion and opposing Griffith Plaintiff Motion)], such as the inapplicability of the PSLRA and Plaintiffs' status as the most adequate plaintiffs under that statute. However, should this Court feel that further briefing is necessary on any issue, Plaintiffs will be happy to oblige and file another coordinated brief.

4

process can occur over years, and if lead counsel could not be appointed until all transfers have been made no such appointments would ever be timely made. Importantly, potential consolidation of additional cases to the MDL, and whether or not the CAC is the complaint that serves as the so-called master complaint for the benefit of all plaintiff parties in the MDL, is not a bar to the narrow but important relief sought in the Lead Counsel Motion.

Second, and in any event, the filing of the CAC was entirely proper. Plaintiffs had the absolute right to file an amended complaint under Federal Rule of Civil Procedure 15. That Rule provides for amendment once as a matter of course if no responsive pleading has been served. See Fed. R. Civ. P. 15(a)(1)(B); see also United States v. City of Worcester, 565 F.3d 40, 43 n.1 (1st Cir. 2009) (describing Rule 15 as "allowing one amendment as of right if no responsive pleading has been filed"). Here, there have been no amended complaints filed by any of the MDL Plaintiffs and no Defendant, including the Certain Defendants, have filed a responsive pleading to the initially filed complaints. Thus, Plaintiffs had the right to amend their complaints and file the CAC, regardless of the appointment of lead counsel. There is no rule that limits amended complaints in an MDL to those filed by court-appointed lead counsel.

Significantly, the filing of the CAC on behalf of the MDL Plaintiffs and their several coordinating counsels was a rare and remarkable early show of great cooperation among plaintiffs in a multidistrict proceeding and served the very purpose of such proceedings. As stated in a leading treatise, "attorneys [should] coordinate their activities without the court's assistance, and such efforts should be encouraged." Manual for Complex Litigation, Fourth, § 10.22. It notes the additional responsibilities placed upon counsel in complex litigation and great demands arising from "the difficulties of having to communicate and establish effective

working relationships with numerous attorneys."[2] Id. at § 10.21.  It further notes that "[t]he complexity of legal and factual issues makes judges especially dependent on the assistance of counsel."  Id.

The Certain Defendants provide a laundry list of items that allegedly render the CAC deficient, consisting of items such the purported lack of caption, and their inability to determine which actions it includes.  This list is disingenuous at best, and all addressed in due time.  The CAC was filed in the MDL and as such it is in that action.[3]  In addition, the CAC concludes, as it must, with a signature line and a list of counsel who joined in that pleading.  The CAC is proper and on file.

Finally, the Certain Defendants attack proposed Lead Counsel's Motion as premature due to the alleged absence of notice under the PSLRA in the not-yet-consolidated Griffith Action. As stressed above, the Plaintiffs do not adopt the count of the Griffith Action that would require a PSLRA notice, as they believe that such count is legally deficient. Neither the fact that one lawyer, for only two of the hundreds of thousands of victims, holding only $37,000 of claims out of a universe that will exceed $350 million, wishes to impose a securities count that has been rejected by the many who do not wish to adopt it or the fact that the rejected securities claim is obviously welcomed with open arms by the Defendants, is reason to delay the progress of this case, or to impose on the Plaintiffs onerous PSLRA notice requirements on their victims who seek no PSLRA relief.

---

[2] To reduce expense and streamline the MDL, proposed Lead Counsel proposed to the Certain Defendants that they would re-file the CAC within two weeks after the scheduled December 15 hearing; however, such Defendants rejected that offer, thus necessitating this needless briefing exercise.

[3] Plaintiffs' Counsel was advised not to file an Errata.

Even with all that, however, Plaintiffs note that the Certain Defendants seem to ignore the notice previously given by the Griffith Action Plaintiffs of their action, which seems to have satisfied the PSLRA's notice requirements for this Court to consider lead plaintiff motions. As detailed in their prior brief [Doc. No. 50], Plaintiffs were not required to give a second notice to be candidates for lead plaintiff status. See Coopersmith v. Lehman Bros., Inc., 344 F. Supp. 2d 783, 786 (D. Mass. 2004). Also, as amply demonstrated in that brief, if the PSLRA applies, Plaintiffs are the most adequate plaintiffs under that statute in any event, should be designated lead plaintiffs, and their chosen counsel should be appointed lead counsel.

In sum, Certain Defendants attempt to latch on to the Griffith Action to twist the present Lead Counsel Motion into a mechanism that imposes the PSLRA on a putative class of Plaintiffs who have rejected that federal securities claim after finding it inapplicable. That attempt should not be allowed to bring the forward movement of MDL 2566 to a halt. If the Certain Defendants wish to seek dismissal of the CAC, or of this entire case, based upon the Federal securities claims in the Griffith Action, they should pursue the proper course and bring a motion under the Federal Rules of Civil Procedure.[4]

## CONCLUSION

Through laudable cooperation, Plaintiffs have brought the present Lead Counsel Motion and their opposition to the Griffith Action Motion so that this Court may have the opportunity to resolve two issues that present obstacles to the MDL's orderly progression: the appointment of plaintiffs' leadership structure and the applicability of the PSLRA to the claims based upon the TelexFree scheme. They respectfully request that each be addressed by this Court at the December 15, 2014 hearing.

---

[4] That filing, incidentally would have given Plaintiffs the right to file an amended complaint within twenty-one days. See Fed. R. Civ. P. 15.

For the foregoing reasons, Plaintiffs Dos Santos, Abdelgadir, Shikhman and Reis respectfully request that this Court grant Plaintiffs' Unopposed Motion for Appointment of Interim Lead Counsel and Steering Committee, deny (if rule at all) the Griffith Action Plaintiffs' Motion and disregard the Certain Defendants' Response to the extent it raises maters beyond the appointment of interim leadership for Plaintiffs.  In the alternative, if this Court believes it must follow the PSLRA, Plaintiffs Dos Santos, Abdelgadir and Shikhman request this Court enter an order appointing them as lead plaintiffs.

Dated:  December 14, 2014                    Respectfully submitted,

                                             **BONSIGNORE PLLC**
                                             *Counsel for plaintiffs*


                                             By:  */s/ Robert J. Bonsignore*
                                             Robert J. Bonsignore, Esq.
                                             (BBO No. 547880)
                                             **BONSIGNORE PLLC**
                                             193 Plummer Hill Road
                                             Belmont, NH 03220
                                             **Telephone**:  (781) 350-0000
                                             **24hr/Cell**:  (781) 856-7650
                                             **Email**: rbonsignore@classactions.us


Ronald A. Dardeno, Esq.
(BBO No. 548278)
Alexander D. Wall, Esq.
(BBO No. 688881)
Law Offices of Frank N. Dardeno
424 Broadway
Somerville, MA  02145
Telephone:  617-666-2600
Email: rdardeno@dardeno.com

Evans J. Carter, Esq.
(BBO No. 076560)
Evans J. Carter, P.C.
860 Worcester Road, 2nd Floor
P.O. Box 812
Framingham, MA  01701
Telephone:  508-875-1669
Email:  ejcatty1@verizon.net


Edward Roaf, Esq.
Goldberg & Dullea
5 Briscoe Street
Beverly, MA  01915
Telephone:  978-922-4025
Email:  scott@goldberganddulles.com


Jan R. Schlichtmann, Esq.
Jan R. Schlichtmann, Attorney at Law, PC
P.O. Box 233
Prides Crossing, MA  01965
Telephone:  978-927-1037
Email:  jan@schlichtmannlaw.com


D. Michael Noonan, Esq.
(NH Bar No. 8214)
(MA Bar No. 558247)
(VT Bar No. 4050)
(ME Bar No. 7240)
Shaheen and Gordon
140 Washington Street
P.O. Box 977
Dover, NH  03821
Telephone:  603-871-4144
Email: mnoonan@shaheengordon.com


R. Alexander Saveri, Esq.
(CA Bar No. 173102)
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA  94111
Telephone:  415-217-6810
Email: rick@saveri.com

Ronald P. Passatempo, Esq.
(BBO No. 632508)
Ronald P. Passatempo Law Offices
200 Broadway
Lynnfield, MA  01940
Telephone: 781-596-3100
Email: passatempolaw@comcast.net


Randall Renick, Esq.
Hadsell Stormer Richardson & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA  91103
Telephone:  626-381-9261
Email:  rrr@hadsellstormer.com


Adriana Contartese, Esq.
(FL Bar No. 89634)
Law Offices of Adriana Contartese
OCN Document Prep Suite 926
19W Flagler Street
Miami, FL  33130
Telephone: 617-268-3557
Email: adriana911@juno.com


Ihuoma Igboanugo, Esq.
(NC Bar No. 46618)
The Crescent Law Practice
183 Wind Chime Court, Suite 100
Raleigh, NC  27615
Telephone: 919-341-9707
Email: ihuoma2007@yahoo.com


Mark A. Tate, Esq.
(GA Bar No. 698820)
Tate Law Group, LLC
2 East Bryan Street, Suite 600
P.O. Box 9060
Savannah, GA  31412
Telephone:  912-234-3030
Email: marktate@tatelawgroup.com

Stephen M. Smith, Esq.
(NY Bar No. 277784)
Brain Injury Law Center
2100 Kecoughtan Road
Hampton, VA  23661
Telephone:  877-840-3431
Email:   ssmith@braininjurylawcenter.com