UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: <br><br> **TELEXFREE SECURITIES LITIGATION** | ) ) ) ) ) ) ) ) )    MDL No. 4:14-md-02566-TSH |

## MEMORANDUM AND ORDER ON DEFENDANT ANN GENET'S MOTION TO DISMISS (Docket No. 210)

**June 21, 2017**

**HILLMAN, D.J.**

Ann Genet, one of several defendants in the TelexFree multidistrict securities litigation, moves *pro se* to dismiss all counts against her in the Second Consolidated Amended Complaint ("SCAC") pursuant to Rule 12(b)(6). TelexFree, Inc. was a pyramid scheme that operated from February 2012 – April 2014, and involved approximately two million participants worldwide, nearly a million of which suffered a net financial loss. Several plaintiffs filed actions in district courts across the United States seeking to recover their losses against dozens of defendants, including, *inter alia*, banks, payment processing companies, and individuals employed by or otherwise involved with TelexFree. As the actions involved common questions of fact, the Judicial Panel on Multidistrict Litigation joined the actions into a multidistrict litigation, and ordered transfer of all actions to the District of Massachusetts for coordinated or consolidated pretrial proceedings.

Genet is identified in the SCAC as an agent or advisor of TelexFree. The SCAC seeks recovery against Genet for violations of Mass. Gen. L. ch. 93 §§ 12, 29 (Count I), violations of

1

Mass. Gen. L. ch. 93A §§ 2, 11 (Count II), aiding and abetting violations of Chapter 93 and 93A (Count III), unjust enrichment (Count IV), civil conspiracy (Count V), negligent misrepresentation (Count VII), violations of Mass. Gen. L. ch. 110a § 410(b) (Count VIII), fraud (Count IX), and tortious aiding and abetting (Count X).

## Discussion

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Plausibility does not require probability but "it asks for more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (*en banc*)).

The scant facts specific to Ann Genet alleged in the SCAC are that she was "TelexFree, LLC's Nevada agent, servant or employee," "associated with Craft and Bridgeway Financial Corporation," and "advisor and person on the ground" in Nevada for TelexFree, TelexElectric, and Telex Mobile Holdings. SCAC ¶¶53, 204, 243. The remaining few references to Genet in the SCAC are merely unsupported conclusory allegations, such as that she and others "provided essential services and integral advice, which Electric and the other TelexFree Defendants used to further and operate the Pyramid Scheme," with no description whatsoever of the services or advice she provided, to whom, when, or where. SCAC ¶243. The SCAC also generally alleges that Genet and others knew of TelexFree's unlawful acts, and "personally performed integral services and provided essential advice and assistance that was used to further TelexFree's unlawful business

2

and fully and knowingly furthered TelexFree's unlawful Pyramid Scheme," again without a single fact in support of this assertion. SCAC ¶280.

Plaintiffs argue that Genet's motion to dismiss is inadequate because she fails to articulate the specific shortcomings of each of the nine Counts against her, however, as Plaintiffs failed to allege any facts specific to Genet's actions, no reasonable inference can be drawn to plausibly support *any* claim against her. While the SCAC alleges that Genet "served TelexFree's Executive Office," this is not an allegation of tortious conduct, and the pleadings contain no further facts regarding what her "service" entailed. SCAC ¶53. As to the allegation that Genet was "…an individual associated with Craft and Bridgeway Financial Corporation," there is no description of what this "association" was, or how this fact supports any claim. *Id.* That Genet "served as Mobile's, Electric's and all TelexFree entities' advisor and person on the ground," seems more promising, but Plaintiffs fail to explain or otherwise illuminate what service or advice was provided to any of these entities. SCAC ¶¶204, 240, 243. Plaintiffs provide no facts from which the Court might infer culpability, nor any substantive theory under which the provision of advice by Genet amounts to tortious conduct. The bare conclusion that Genet's personal performance of "integral services" and provision of "essential advice…used to further TelexFree's unlawful business" adds nothing more than adjectives while still failing to plausibly illustrate what the service or advice was, or how it furthered the TelexFree scheme. SCAC ¶204.

Plaintiffs point to Paragraph 1075 of the Complaint, under the Eighth Claim for Relief (violations of Mass. Gen. L. ch. 110a § 410(b)), in support of their argument that sufficient facts are pled regarding Genet to state a claim. Paragraph 1075 provides

> Said Defendants prepared and provided information on, and endorsed and actively promoted the opportunity regarding the securities on websites and at TelexFree events and extravaganzas. Each of the said Defendants provided printed materials, electronic materials, and made oral representations to the Putative Class.

3

SCAC ¶1075. However, the "[s]aid Defendants" of SCAC ¶1075 are enumerated at SCAC ¶1073 as "Top Level Promoters and Licensed Professionals," and these do not include Genet. While the subheading of the Eighth Claim for Relief does indicate that the claim is "[a]gainst all Operational Defendants except for PricewaterhouseCoopers," which would include Genet, given the more specific language describing subsets of Defendants in the subsequent paragraphs, the Plaintiffs' original meaning is clear. Moreover, even if read to apply to Genet, the claim that Genet "prepared and provided information on, endorsed and actively promoted the opportunity…" is simply a conclusory statement. SCAC ¶1075. The SCAC is bereft of even a single fact detailing any action taken, any advice given, any active promotion undertaken, or any endorsement made by Genet that might fill the plausibility deficit that stands between the claims against her and the pleading requirements outlined in *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 677-79; *Twombly*, 550 U.S. at 555-63.

## Conclusion

For the reasons set forth above, Defendant Ann Genet's motion to dismiss all counts against her (Docket No. 210) is ***granted***.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**