UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: )<br>)<br>TELEXFREE SECURITIES LITIGATION )<br>)<br>) MDL No. 4:14-md-02566-TSH<br>This Document relates to: )<br>)<br>All cases ) | |

## Memorandum of Decision and Order or Defendant's Motion to Dismiss

### May 7, 2018

**HILLMAN, D.J.**

### Background

Katia Wanzeler, one of the defendants in the TelexFree multidistrict securities litigation, moves to dismiss all counts against her in the Second Consolidated Amended Complaint ("SCAC") pursuant to Rule 12(b)(6). Between February 2012 and April 2014, TelexFree, Inc. operated a notorious pyramid scheme with approximately two million participants, nearly half of whom suffered net financial losses as a result. Plaintiffs have filed actions in District Courts across the United States seeking to recover their losses from dozens of defendants, including, financial service providers, licenses professionals such as attorneys and accountants as well as individuals employed by or otherwise associated with TelexFree. Due to the common questions of fact underlying all these actions, the Judicial Panel on Multidistrict Litigation joined the suits in a

multidistrict litigation, transferring the consolidated actions to the District of Massachusetts for pretrial proceedings.

Ms. Wanzeler is identified in the SCAC as the spouse of Carlos Wanzeler, one of the founders and principles of the TelexFree scheme. Mr. Wanzeler fled the jurisdiction in advance of criminal charges being issued against him. Ms. Wanzeler is further identified "as an agent, servant, or authorized representative of TelexFree's Executive Office." SCAC at 54. It is also clear from the SCAC that the Plaintiffs intended to include Ms. Wanzlerer in the groups of defendants designated "Associated Individuals" and "Other Operational Defendants." SCAC at 13. Although the Court is not completely convinced with respect to the Plaintiffs arguments as to the propriety of their allegations against broad groups, at the Plaintiffs' urging, the Court reads all allegations against those groups generally as allegations made specifically against Ms. Wanzeler. Docket No. 234 at 12-13.

The Complaint alleges that Ms. Wanzeler was the partner and co-conspirator of her husband, Carlos Wanzeler (SCAC ¶ 259), actively assisting him in the theft and laundering of the proceeds of the TelexFree scheme (SCAC ¶ 260); that she methodically released false information intended to mislead the Plaintiffs (SCAC ¶ 113); personally performed "integral services" and provided "essential advice" and assistance that knowingly furthered TelexFree's illegal scheme (SCAC at ¶¶ 280, 301 & 313); that she provided bad advice that furthered the unlawful scheme (SCAC ¶ 432); that she siphoned off or otherwise converted funds accumulated by the TelexFree scheme (SCAC ¶¶ 705-706); and finally, that she was apprehended while attempting to flee to Brazil on a one-way ticket with cash and luggage (SCAC ¶ 485).

The amended complaint seeks recovery against Katia Wanzeler for violations of Mass. Gen. L. ch. 93 §§ 12, 29 (Count I), violations of Mass. Gen. L. ch. 93A §§ 2, 11 (Count II), aiding

and abetting violations of Chapter 93 and 93A (Count III), unjust enrichment (Count IV), civil conspiracy (Count V), violations of Mass. Gen. L. ch. 110a § 410(b) (Count VIII), fraud (Count IX), and tortious aiding and abetting (Count X).

## Discussion

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility does not require probability but "it asks for more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (*en banc*)).

The scant facts specific to Katia Wanzeler alleged in the SCAC are that she was the partner and co-conspirator of her husband, Carlos Wanzeler (SCAC ¶ 259). She served as an agent of TelexFree (SCAC ¶ 54), assisted in the theft and laundering of monies derived from the illegal scheme, (SCAC ¶¶ 260, 705, 706), fraudulently promoted the scheme, (SCAC ¶¶ 113, 432), knowingly and substantively assisted in the execution of the illegal project, (SCAC ¶¶ 280, 301, 313), and then attempted to flee to Brazil (SCAC ¶ 485). While the SCAC alleges that Wanzeler was an agent or servant of TelexFree, this is not an allegation of tortious conduct, and the pleadings contain few factual allegations concerning her service or agency except for the fact that she was seized attempting to flee the country with a large amount of cash. While this factual allegation

bolsters the allegations that Ms. Wanzeler was the partner and co-conspirator to her husband, it also bolsters that association as a basis for sustaining the complaint. While the SCAC's implication that Ms. Wanzeler must have done something wrong because it might appear that she was fleeing to Brazil is thin, it is sufficient to sustain the allegations that are relevant to any of the Counts enumerated in the SCAC for now, and should be subjected to the discovery process.

## Conclusion

For the reasons set forth above, Defendant Katia Wanzeler's motion to dismiss all counts against her (Docket No. 193) is **denied.**

SO ORDERED.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
District Judge