UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                      )
In re:                                )
                                      )
TELEXFREE SECURITIES LITIGATION       )    MDL No. 4:14-md-02566-TSH
                                      )
                                      )
                                      )
_____ )
```

**MEMORANDUM AND ORDER ON DEFENDANT'S NEHRA AND WAAK'S MOTIONS TO DISMISS (Document # 187)**

**January 29, 2019**

**HILLMAN, D.J.**

## Introduction

Attorneys Gerald P. Nehra and Richard W. Waak, two defendants in the multiple defendant TelexFree multi-district securities litigation move to dismiss all counts against them in the Second Consolidated Amended Complaints (SCAC) (Docket 141) pursuant Fed.R. Civ. P. 12 (b)(6). TelexFree, Inc., (TelexFree) was a pyramid scheme that operated from February 2012 to April 2014, and involved approximately two million participants worldwide, nearly one million of whom suffered a net financial loss. Several Plaintiffs filed actions in federal district courts across the United States seeking to recover their losses against dozens of defendants, including attorneys who represented the principals of the pyramid scheme. Because the actions involve common questions of fact, the Judicial Panel on Multi-District Litigation joined the actions into a multi-district litigation and ordered a transfer of actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings.

The Plaintiffs' complaint seeks relief against the Defendants in the following Counts:

- First Claim for Relief: General Laws Chapter 93, §12 and 69.
- Second Claim for Relief: General Laws Chapter 93A §2 and 11.
- Third Claim for Relief: Aiding and Abetting General Laws Chapter 93§12 and 69 and Chapter 93A §2 and 11.
- Fourth Claim for Relief: Unjust enrichment.
- Fifth Claim for Relief: Civil Conspiracy.
- Sixth Claim for Relief: Professional negligence.
- Seventh Claim for Relief: Negligent misrepresentation.
- Eight Claim for Relief: Securities Fraud.
- Ninth Claim for Relief: Fraud.
- Tenth Claim for Relief: Tortious aiding and abetting.

**Background**

The Defendants, are attorneys licensed to practice law in the State of Michigan and are sued in their individual capacity, and as partners in the Nehra and Waak Law Firm. The Defendants and their law firm provided legal services to TelexFree in connection with TelexFree's multi-level marketing scheme. The Defendants advertised that they were experts in representing multi-level marketing and direct sales clients and that TelexFree used the attorneys to hide their pyramid scheme activity with "obfuscating phraseology." The complaint further alleges that in July of 2013, the Defendants represented to the Plaintiffs and the putative class members in July 2013, that they had "vetted" and "blessed" TelexFree's business model. (SCAC ¶416). Further, Attorney Nehra was present at a "Super Weekend" promotion on behalf of TelexFree and he assured the attendees of the legitimacy of the TelexFree operation in the United States, and that "TelexFree's operation had been 'vetted by the Nehra and Waak Law Firm' and that it is legally designed . . . you are on very solid legal ground." (SCAC ¶423). The complaint alleges that these statements were made by Attorney Nehra with full knowledge that the TelexFree Brazilian operations had been shut down by the Brazilian Government and that all assets had been frozen.

**Discussion**

*First Claim for Relief: General Laws Chapter 93, §12 and 69*

The Plaintiffs First Claim of Relief alleges that the Plaintiffs violated Massachusetts General Laws Chapter 93, §12 and 69. Specifically, that the two defendants acted as "agents, servants, authorized representatives, co-conspirators, or employees of TelexFree" (SCAC ¶43). The Defendants argue that, §69 of Chapter 93 does not create liability for such a broad class of what are secondary actors, because §69(d) states: "No multi-level distribution company or *participant* in its marketing program shall . . ." The Defendants argue that they were not "participants" within the meaning of §69(d).

The parties agree that there is no statutory definition of the term "participant." The Plaintiff suggests guidance can be found by looking at §69A of M.G.L. C.93 which describes the activities that "participants" may perform, such as participating in the distribution chain for goods or services offered by the company, recruiting new participants, and paying or receiving commissions, bonuses, or finder's fees. The SCAC alleges that Nehra and Waak recruited new participants and received compensation based on the recruitment. Further, the complaint alleges that the Defendants drew direct financial benefit by making public statements at TelexFree conferences communicating with the press regarding the legality of TelexFree, which crossed the line from legal advice to promotional activities.

These allegations are sufficient to survive Defendants' 12(b)(6) Motion on the First Claim for Relief as to the Defendant Nehra and the law firm. Since there are virtually no allegations involving the Defendant Waak, the Motion is granted as to him.

*Second Claim for Relief:  General Laws Chapter 93A §2 and 11*

The Defendants argue that in order to be held liable under M.G.L. Chapter 93A there needs to have been an attorney-client relationship between the Plaintiffs and the Defendants.[1] The Plaintiffs allege that an attorney or law firm may incur Chapter 93A liability to a non-client, or to an adversary of its client, if it joins in marketplace communications rather than merely relaying its clients positions and that those communications knowingly or carelessly are false, misleading, or harmful.  See *Coggins v. Mooney,* 1998 WL 156998, @*5.  (Mass. Sup. Ct. April 3, 1998).  The theory in these cases is that the attorney has crossed the line from traditional representation into active participation in trade in commerce.  The Plaintiffs point to Nehra and Waak's public appearances at Super Weekend events as well as communicating through the press that they had examined TelexFree's business model and determined it to be legal, and that TelexFree "pays ONLY on the sale of its VOIP long-distance product" (SCAC ¶146, 393, 416, and 423).  Further, the complaint alleges that Defendant Nehra repeatedly assured attendees of the legitimacy of the TelexFree operation at the TelexFree Super Weekend, and that the operation had been "vetted by the Nehra and Waak Law Firm."  SCAC ¶423.  I, therefore grant the Motion as the Defendant Waak and deny as to Nehra and the law firm.

*Third Claim for Relief:  Aiding and Abetting GLC 93 § 12 and 69 & C93A § 2(a) and 11*

There are a limited number of cases in this district where courts have discussed whether aiding and abetting a violation of these statutes can state a claim for relief.  *See Green v. Parts Distribution Xpress, Inc.,* 2011 WL 5928580 at *4 (D. Mass. Nov. 29, 2011) ("[A] non-party to an employment relationship can be held liable under chapter 93A for aiding and abetting the

---

[1] The Defendants acknowledge that a violation of C 93 § 69 is a *per se* violation of C 93A.  Their argument with respect to the Second Claim for Relief is only insofar as it is a "stand alone" violation.

wrongdoing of a party to an employment relationship . . .");  *Professional Services Grp., Inc. v. Town of Rockland,* 515 F. Supp. 2nd 179, 192 (2007) ("Aiding and abetting a breach of fiduciary duty may provide the basis for a Chapter 93A violation").  But see *Reynolds v. City Exp., Inc.,* 2014 WL 1758301 (Mass. App. Div. Jan. 8, 2014) (declining to extend the holding in *Green* that provides a statutory aiding and abetting cause of action under M.G.L. c. 149 separate from the common law claim).  The court in *Green* did not devote much discussion to the theory of an aiding and abetting claim under C. 93A, but spoke at length of a statutory aiding and abetting claim under M.G.L. C. 149.  Similarly, the *Reynolds* court was not deciding whether a party could aid and abet a Chapter 93A claim, but whether a party could aid and abet statutory violations of M.G.L. C. 149 and 151B pertaining to labor and discrimination respectively.  That court held one could not aid and abet Chapter 149 and 151B violations because the legislature "could have specifically provided for aiding and abetting liability in G.L. C. 149 § 148B and chose not to."  Reynolds *supra* at *8.

Chapter 93A, is based upon the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), which does not specifically recognize a separate aiding and abetting cause of action.  "A defendant acting with knowledge of deception who either directly participates in that deception or has the authority to control the deceptive practice of another, but allows the deception to proceed, engages, *through its own actions*, in a deceptive act or practice that causes harm to consumers."  *FTC v. LeadClick Media, LLC*, 838 F3d. 158, 170 (2d. Cir. 2016) (emphasis in original) (declining to discuss the possibility of inserting aiding and abetting liability under the FTCA).

The Supreme Court has held that imposing private civil liability on individuals who aid and abet violations of the 1934 Securities Exchange Act is unreasonable unless specifically enumerated in the act.  See *Central Bank of Denver, N.A. v. First Interstate Bank of Denv*er,  511

U.S. 164 (1994), holding that if a statute does not explicitly provide for aiding and abetting liability under the act, any argument that extrapolates private aiding and abetting liability from the phrase "directly or indirectly" in the text is flawed. *Id*. at 176 (adding that "Congress knew how to impose aiding and abetting liability when it chose to do so.").

In this case, Chapters 93 and 93A do not explicitly enumerate a private "aiding and abetting" liability. Second, the cases where courts in this district have held that parties may incur liability under Chapters 93 and 93A specifically refer to the violation of "breach of fiduciary duty," and not Section 69, which covers illegal multi-level distribution company ("MLM") actions. Accordingly, I find that there is no separate cause of action under the facts of this case for aiding and abetting M.G.L. C 93 § 12 and 69, and C93A § 2 and 11, and grant the Defendants' Motion to Dismiss this counts.

*Fourth Claim for Relief: Unjust Enrichment*

Count IV of the SCAC alleges that "Plaintiffs and the putative class conferred a benefit upon the defendants by furnishing funds, directly or indirectly to defendants who accepted them without protest and retained and benefited from them." (SCAC at ¶1038). The Plaintiffs go on to allege that the Defendants were unjustly enriched. The Complaint does not break down the allegations against specific defendants, and instead makes omnibus allegations, such as " . . . each of the defendants chose to enhance fees for providing services to TelexFree's suspicious and unlawful enterprise." (SCAC ¶ 326).

To state a claim for unjust enrichment the Plaintiff must demonstrate:

    1) a benefit conferred on the Defendant by the Plaintiff;

    2) an appreciation or knowledge of the benefit by the Defendant;

    3) the acceptance or retention of the benefit by the Defendant under circumstances which make acceptance or retention inequitable.

*Stevens v. Thacker,* 550 F.2nd 161, 165, (D. Mass. 2018).

The Plaintiffs' claims are based Defendants receipt of fees for legal services, personal appearances, and media statements.

*Assuming arguendo* that these fees were for something other than legal services, it was TelexFree, not the Plaintiffs, which conferred the alleged benefit on the attorneys. Therefore, only TelexFree would have standing to assert a claim relating to the alleged benefit. *See Taylor v. Moskow,* 2013 WL 5508157 at *3 (D. Mass. October 1, 2013). Accordingly, the Plaintiffs unjust enrichment claims must be dismissed.

*Fifth and Tenth Claims for Relief: Civil Conspiracy and Tortious Aiding and Abetting*

The Plaintiffs civil conspiracy claim, (Count 5), and common law aiding and abetting claim (Count 10), require a showing that the Defendants had actual knowledge of the underlying scheme and actively "participated, or substantially assisted" in the offense. *Go-Best Assets v. Citizens Bank,* 463 Mass 50, 64 (2012)*,* (tortious aiding and abetting); *Kirker v. Hill,* 44 Mass. App. Ct. 184, 189 (1998) (Civil conspiracy). The Defendants claim that the SCAC does not adequately plead the actual knowledge component. The Defendants further argue that even if the Plaintiffs have sufficiently plead actual knowledge, the pleading are deficient in failing to establish that they actively participated, or substantially assisted in the fraud.

The Plaintiffs' allegations in the SCAC are sufficient to withstand the Defendant's motion on the knowledge requirement. Nehra's made repeated public assurances to potential investors about the legality of the scheme which serves, for the purposes of Rule 12(b)(6), to establish the knowledge requirement and the substantial assistance requirement for the Fifth and Tenth Claim for Relief. The Court will allow these counts to move into discovery. Accordingly, the Motion is denied as to Nehra and the law firm, and granted as to Waak.

*Sixth and Seventh Claim for Relief: Professional Negligence and Negligent Misrepresentation*

   The Defendants argue that the Plaintiffs have not "plead sufficient facts to establish that Nehra and Waak owed the Plaintiffs a duty of care." *One National Bank v. Antonellis,* 80 F3rd 606, 609 (1st Cir. 1996). Plaintiffs acknowledge that a duty of care arises from the attorney client relationship and is necessary in order to state a legal malpractice claim, *Max-Planck-Gesellschafat Zur Foerderung Der Wissenschaften E. V. v. Wolf, Greenfield, and Sacks, PC.,* 736 F 2nd 353, 359, (D.Mass. 2010). The Plaintiffs suggest that, under the facts of this case, the Defendant attorneys owed a duty to the Plaintiffs based upon an implied attorney-client relationship. They argue that the Defendants owed a duty to them even if there was no formal attorney-client relationship because they knew, or should have had reason to forsee, that the non-clients would rely on the attorney advise rendered.

   I agree with the Defendants that under the facts that this case as plead, the Plaintiffs have not established that there was a duty of care owed to them under either an actual or implied attorney-client relationship. I grant the Defendants' Motion as the Sixth Claim for Relief.

   "Too sustain a claim of misrepresentation, a Plaintiff must show a false statement of material facts made to induce the Plaintiff to act, together with reliance on the false statement by the Plaintiff to the Plaintiff's determent . . . the speaker need not know that the 'statement is false if the truth is reasonable susceptible of actual knowledge, or otherwise expressed, if through a modicum of diligence, accurate facts are available to the speaker.'" *Rogatkin Ex. Rel. Rogatkin v. Raleigh America, Inc.*, 69 F. Supp. 294, 301 (Citing from *Zimmerman v. Kent, 3*1 Mass.App.Ct. 72, 77 (1991)). Under Massachusetts Law it is established that an attorney owes a duty to non-clients who the attorney knows will rely on the services rendered, *Robertson v. Gaston Snow and Eli Bartlett*, 404 Mass 515, 536 (1989). However recovery under this principal is limited to

instances "where the Defendant knew that the Plaintiff would rely on his services," Rae v. Ayer Speed, Inc., 386 Mass. 187, 193 (1982). The Plaintiffs have plead sufficient facts that establish these elements and accordingly the Defendant's Motion is denied as to Count Seven, as to Nehra and the law firm, and granted as to Defendant Waak.

*Eight Claim for Relief:* *Securities Fraud*

The Plaintiffs' Eight Claim for Relief alleges that Nehra and Waak are liable under M.G.L. 110A, § 410(b). That statute provides a private right of action for the fraudulent offer and sale of securities, and imposes liability on those who offer or sell the security. That statute also imposes liability on certain categories of persons otherwise involved with a fraudulent sale, and extends to those "occupying a similar status or performing similar functions," to partners, officers, and directors of a seller, employees, who materially aid in the sale, and broker, dealers, and agents who materially aid in the sale. M.G.L. C.110A and 410(b).

The Defendants claim that they cannot be held liable for simply acting as outside counsel to TelexFree, and that they provided legal advice of a limited nature for a brief period of time. The Massachusetts Uniform Securities Act defines an agent as "any individual other than a broker dealer who represents a broker dealer or issuer in affecting or attempting to affect purchases or sales of securities." M.G.L. C.110A § 401(b). Again, the Plaintiffs point to Nehra's activities in travelling to Newport Beach for the July 2013 TelexFree "Super Weekend Event" and his communications of the purported legitimacy of the pyramid scheme to promoters. Nehra's representation at the event crosses the line from legal advice to sales commentary and these clearly go beyond the provision of legal advice as outside counsel and arguably provided a substantial component to the TelexFree marketing campaign. Accordingly, the Defendants Eighth Claim for Relief is denied, as to Nehra and the law firm and granted as to Waak.

*Ninth Claim for Relief: Fraud*

In order to state a claim for fraud the Plaintiff must allege:

(1) that the Defendant made a false representation of a material fact;
(2) the Defendant had actual knowledge that the misrepresentation was false;
(3) the Defendant made the false representation with intent to deceive the Plaintiff and to induce him or her to thereon;
(4) the Plaintiff reasonably relied on the false representation;
(5) the Plaintiff suffered harm as a result of the reliance.

*Masingill v EMC Corp.,* 870 N.E. $2^d$ 81 (Mass. 2007). *Doyle v. Hasbro, Inc.*, 103 F. 3rd 186, 193 1st Cir. 1996. The complaint alleges that the Defendants, Nehra, Waak, and the law firm were self-proclaimed multi-level marketing and direct marketing attorneys, (SCAC ¶405) and that they "can discern between the legitimate and lawful MLM and direct sales ventures and legitimate and unlawful pyramid or Ponzi scheme ventures (SCAC ¶407). Paragraph 1083 of the SCAC alleges the specifics of the fraudulent misrepresentations as; providing false and misleading information on the nature of TelexFree's business operation, misrepresenting financial statements, providing false and misleading information on the value of the ad central package, providing false and misleading information on the method and source of income, providing false and misleading information on the legality of TelexFree's business model, providing false and misleading information on the sustainability of promoter returns, providing false and misleading information regarding the investigation in Brazil and the subsequent closure of TelexFree's Brazilain operations, knowingly participating in false and deceptive information televised over the internet and other media, failing to comply with federal and state laws, and within setting up TelexFree's computer servers in a foreign country with the intent to avoid prosecution and legal process.

Since the Plaintiffs ninth claim for relief sounds directly in fraud it must be plead with particular clarity pursuant to Fed.R.Civ.P. 9(b). The SCAC cites specific examples of Defendant

Nehras' allegedly false representations, specifically that during the July 2013 Super Weekend he publically gave his legal "blessing" to TelexFree and guaranteeing that it was a lawful enterprise. SCAC ¶146. Also, that he told the recruits that TelexFree was "legally designed, you are on very solid legal ground" and that the operation had been vetted by Nehra and Waak Law Firm (SCAC ¶423). He also made "unambiguously false public statements" including a written press release that TelexFree pays "only on the sale of its VOIP long distance product" SCAC ¶393. Nehra falsely assured members that TelexFree's program complied with all federal and state laws,. (SCAC ¶554) and advised members that the Brazil shut down would have no effect on TelexFree's U.S. operation (SCAC ¶422). And, in an internet posting in August of 2013 he falsely stated that "the special ingredient is that you have a real product." SCAC ¶556. Accordingly the Defendant Nehra and Nehra and Waak's Motion to Dismiss the Ninth Claim for Relief is denied. With respect to Defendant Waak, there are no allegations that give rise to a cause of action vs. the Defendant Waak, accordingly his Motion to Dismiss is granted.

## Conclusion

For the reasons set forth above, the Defendant Waak's Motion is **granted** as to all claims against him. This Motion is also **granted** as to the Third, Fourth, and Sixth Claims for Relief against all Defendants. The Motion is **denied** as to all other Claims for Relief.

                                                     */s/ Timothy S. Hillman*
                                                     **TIMOTHY S. HILLMAN**
                                                     **DISTRICT JUDGE**