UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**In re:**                          )
                                    )
**TELEXFREE SECURITIES LITIGATION**  )     MDL No. 4:14-md-02566-TSH
                                    )
                                    )
                                    )
_____ )


## MEMORANDUM AND ORDER ON DEFENDANT GLOBAL PAYROLL GATEWAY'S MOTION TO DISMISS (Docket No. 167)

**January 29, 2019**

**HILLMAN, D.J.**

Global Payroll Gateway ("GPG:), one of numerous defendants in the TelexFree multidistrict securities litigation, moves to dismiss all counts in the Second Consolidated Amended Complaint ("SCAC") for want of personal jurisdiction, lack of standing, and failure to state a claim. TelexFree, Inc. (TelexFree) was a pyramid scheme that operated from February 2012—April 2014, and involved approximately two million participants worldwide, nearly a million of whom suffered a net financial loss. Several plaintiffs filed actions in district courts across the United States seeking to recover their losses against dozens of defendants, ranging from banks, payment processing companies, (such as GPG) and the principals of the fraudulent scheme. As the actions involved common questions of fact, the Judicial Panel on Multidistrict Litigation joined the actions into a multi-district litigation, and ordered transfer of all actions to the District of Massachusetts for coordinated or consolidated pretrial proceedings.

GPG's only domestic office and all of its executives and employees are located in California where all of the company's domestic business is conducted and where services are provided to its domestic customers, including TelexFree. During the time that GPG provided services to TelexFree, no employee travelled to Massachusetts to meet with TelexFree or took any other action in Massachusetts in connection with GPG's performance of its contractual obligations. GPG did not solicit TelexFree business in Massachusetts; rather TelexFree reached out to GPG in California to provide services. Finally, anytime GPG or any of its employees communicated with a TelexFree representative, they did so from California.

## Discussion

GPC asserts that jurisdiction is not proper under the Massachusetts Long-Arm Statute, M.G.L. C. 223A §3, and that GPG lacks sufficient contacts with Massachusetts to satisfy the Constitutional requirements for this Court to exercise personal jurisdiction over it. Plaintiffs contend that this Court has nationwide jurisdiction as transferee court, and that traditional personal jurisdiction also exists.

While courts have held that the MDL statute, 28 U.S.C. § 1407, "authoriz[es] the federal courts to exercise nationwide personal jurisdiction," it is also well established that "[i]n an MDL case, personal jurisdiction ***is derived from the transferor court***." *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir.1987); *In re WellNx Mktg. & Sales Practices Litig.*, No. 07-MD-1861, 2010 WL 3652457, at *1 (D. Mass. Sept. 15, 2010) (emphasis added); *see also In re FMC Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (J.P.M.L.1976) ("Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue.... Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.")

GPG was named as a party to the First and Second Consolidated Amended Complaints filed in this District. GPG was never named as a party, nor served process in any of the cases that were transferred to this Court as part of the MDL. Accordingly, there is no basis in 28 U.S.C. § 1407 for this Court to exercise personal jurisdiction over GPG.

In addition, the Complaint does not allege facts to support either specific or general jurisdiction under the Massachusetts long-arm statute. M.G.L. C. 223A §3 provides in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> (a) transacting any business in this commonwealth;
> (b) contracting to supply services or things in this commonwealth;
> (c) causing tortious injury by an act or omission in this commonwealth;
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
> (e) having an interest in, using or possessing real property in this commonwealth

"General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Radio & Mach. Workers of Am. V. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). GPG is a California business, with a principal place of business in California and has no presence in Massachusetts. The Plaintiff has not alleged, nor supplied any facts to support that GPG has engaged in the kind of "continuous and systematic activity" in Massachusetts needed to support general jurisdiction.

The Plaintiff has also failed to show that GPG is subject to specific jurisdiction in Massachusetts. As "the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution

of the United States,'" this Court proceeds directly to the relevant Constitutional analysis. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir.2002). "For specific jurisdiction, the constitutional analysis is divided into three categories: relatedness, purposeful availment, and reasonableness." *Phillips*, 530 F.3d at 27. First, "a claim must arise out of, or be related to, the defendant's in-forum activities." *Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). In addition, the Plaintiff must show that GPG "purposefully availed itself of the privilege of conducting activities in [Massachusetts], thereby invoking the benefits and protections of th[e] state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Phillips*, 530 F.3d at 28. Plaintiffs have not shown that GPG has any contacts with the Commonwealth.

## Conclusion

For the reasons set forth above, Defendant GPG's motion to dismiss all counts against it (Docket No. 167) is ***granted***.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**