UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
In re:                                 )
                                       )
TELEXFREE SECURITIES LITIGATION        )    MDL No. 4:14-md-02566-TSH
                                       )
                                       )
                                       )
_____)
```

**MEMORANDUM AND ORDER ON DEFENDANT SYNOVUS BANK'S MOTION TO DISMISS (Docket No. 178)**

**January 29, 2019**

**HILLMAN, D.J.**

Introduction

Synovus Bank ("Synovus"), one of numerous defendants in the TelexFree multidistrict securities litigation, moves to dismiss all counts in the Second Consolidated Amended Complaint ("SCAC") for want of personal jurisdiction, lack of standing, and failure to state a claim. TelexFree, Inc. (TelexFree) was a pyramid scheme that operated from February 2012—April 2014, and involved approximately two million participants worldwide, nearly a million of whom suffered a net financial loss. Several plaintiffs filed actions in District Courts across the United States seeking to recover their losses against dozens of defendants, ranging from banks, payment processing companies, and the principals of the fraudulent scheme. As the actions involved common questions of fact, the Judicial Panel on Multi-district Litigation joined the actions into a multi-district litigation, and ordered transfer of all actions to the District of Massachusetts for coordinated or consolidated pretrial proceedings.

Synovus is a Georgia Chartered Banking Institution, with offices in Georgia, Alabama, Florida, South Carolina and Tennessee. Synovus serves as a sponsor bank for companies providing credit card processing services. Credit card processing services include collection of credit card data from merchants, encryption of the data, and routing of the data to the customer's issuing bank. Synovus was the sponsor bank for co-defendant Base Commerce, a third party payment processor that provided credit card processing services to TelexFree from June – August 2013.[1]

Synovus is a party to the SCAC, but was not served in any of the underlying or tag along cases transferred to this District as part of the multidistrict litigation. The SCAC seeks recovery against Synovus for aiding and abetting violations of Mass. Gen. L. ch. 93 §§ 12 and 69 and ch. 93A §§ 2(a) and 11 (Third Claim for Relief), Unjust enrichment, (Fourth Claim for Relief), and tortious aiding and abetting, (Tenth Claim for Relief).

**Discussion**

Synovus asserts that jurisdiction is not proper under the Massachusetts Long-Arm Statute, Mass. Gen. L. ch. 223A §3, and that Synovus lacks sufficient contacts with Massachusetts to satisfy the Constitutional requirements for this Court to exercise personal jurisdiction over it. Plaintiffs contend that this Court has nationwide jurisdiction as transferee court, and that traditional personal jurisdiction also exists.

While courts have held that the MDL statute, 28 U.S.C. § 1407, "authoriz[es] the federal courts to exercise nationwide personal jurisdiction," it is also well established that "[i]n an MDL case, personal jurisdiction ***is derived from the transferor court***." *In re "Agent Orange" Prod.*

---

[1] Per the SCAC, Synovus was also sponsor for Global Payroll Gateway "GPG", another co-defendant payment processor, however an Affidavit filed with Synovus MTD states that GPG did not contract with Synovus.

*Liab. Litig.*, 818 F.2d 145, 163 (2d Cir.1987); *In re WellNx Mktg. & Sales Practices Litig.*, No. 07-MD-1861, 2010 WL 3652457, at *1 (D. Mass. Sept. 15, 2010) (emphasis added); *see also In re FMC Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (J.P.M.L.1976) ("Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue.... Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer). Synovus was named as a party to the First and Second Consolidated Amended Complaints filed in this District. Synovus was never named as a party nor served process in any of the cases that were transferred to this Court as part of the MDL. Accordingly, there is no basis in 28 U.S.C. § 1407 for this Court to exercise personal jurisdiction over Synovus.

In addition, the Complaint does not allege facts to support either specific or general jurisdiction under the Massachusetts long-arm statute. The statute, Mass. Gen. L. ch. 223A §3 provides in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> (a) transacting any business in this commonwealth;
> (b) contracting to supply services or things in this commonwealth;
> (c) causing tortious injury by an act or omission in this commonwealth;
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
> (e) having an interest in, using or possessing real property in this commonwealth

"General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Radio & Mach. Workers of Am. V. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). Synovus is a Georgia Corporation,

with a principal place of business in Georgia, with offices or subsidiaries in some southern states. It has no presence in Massachusetts. The Plaintiff has not alleged, nor supplied any facts to support that Synovus bank has engaged in the kind of "continuous and systematic activity" in Massachusetts needed to support general jurisdiction.

The Plaintiff has also failed to show that Synovus is subject to specific jurisdiction in Massachusetts. As "the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States,'" this Court proceeds directly to the relevant Constitutional analysis. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir.2002). "For specific jurisdiction, the constitutional analysis is divided into three categories: relatedness, purposeful availment, and reasonableness." *Phillips*, 530 F.3d at 27. First, "a claim must arise out of, or be related to, the defendant's in-forum activities." *Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). In addition, the Plaintiff must show that Synovus "purposefully availed itself of the privilege of conducting activities in [Massachusetts], thereby invoking the benefits and protections of th[e] state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Phillips*, 530 F.3d at 28. Plaintiffs have not shown that Synovus has any contacts with the Commonwealth. Plaintiffs do not allege that Synovus processed transactions on behalf of the Plaintiff, nor that it held accounts for the Plaintiff or TelexFree. Moreover, Synovus has provided an affidavit stating that, in addition to not owning or leasing property in Massachusetts, or having any offices or employees in the Commonwealth, it has also not transacted any business in Massachusetts, or advertised to Massachusetts' residents in the relevant time period (Docket No. 181).

4

In addition, it would be unreasonable for this Court to exercise personal jurisdiction over Synovus, as at the close of pretrial proceedings, surviving cases will be transferred back to their originating court, where personal jurisdiction is proper.

## **Conclusion**

For the reasons set forth above, Defendant Synovus Bank's motion to dismiss all counts against it (Docket No. 178) is ***granted***.

**SO ORDERED.**

> /s/ *Timothy S. Hillman*
> **TIMOTHY S. HILLMAN**
> **DISTRICT JUDGE**