UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**TELEXFREE SECURITIES LITIGATION** | MDL No. 4:14-md-02566-TSH |

### FINDINGS AND ORDER ON DEFENDANT PROPAY, INC.'S MOTION TO DISMISS
### (Document # 175)

**January 29, 2019**

**HILLMAN, D.J.**

### Introduction

The Defendant Propay, Inc., ("ProPay"), is a Defendant in the TelexFree multi-district securities litigation. They move to dismiss the Third Claim for Relief: Aiding and Abetting General Laws Chapter 93§12 and 69 and Chapter 93A §2 and 11, the Fourth Claim for Relief: Unjust enrichment, and theTenth Claim for Relief: Tortious aiding and abetting, pursuant to Fed. R. Civ. P. 8 and 12 (b)(6.)

TelexFree, Inc. ("TelexFree") was a pyramid scheme that operated from February 2012 until April 2014. It involved approximately two million participants worldwide, nearly one million of whom suffered financial loss. Several Plaintiffs filed actions in District Courts across the United States seeking to recover their losses against dozens of defendants, ranging from financial service providers, , payment processing companies (such as ProPay, the moving party,) and the principals of the fraudulent scheme employed by, or otherwise involved with TelexFree. As the actions involved common questions of fact, the Judicial Panel on Multi-District Litigation joined the

actions into a multi-district litigation in order to transfer all actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings.

**Background**

ProPay is a financial service provider which processed the electronic transfer of funds from participants to TelexFree. In October 2012, ProPay agreed to accept TelexFree as a customer and began processing transactions on their behalf. This relationship continued until January 2014 and during that time ProPay processed millions of dollars in incoming membership fees for the benefit of TelexFree. The Second Consolidated Amended ("SCAC") complaints alleges that "in the course of providing services to TelexFree, ProPay directly communicated with fellow defendant payment processing service companies, Base Commerce and GPG regarding the inherent risks and concerns of TelexFree." (SCAC ¶ 870) More particularly the complaint alleges that ProPay sent an email to Defendant Hughes, the President of Base Commerce (which was also servicing TelexFree) which identified TelexFree as an extremely high-risk client and indicated that no United States bank or processor would be willing to take on TelexFree as a client given this risk. (SCAC ¶ 871)

**Discussion**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility does not require probability but "it asks for more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief

from the realm of mere conjecture, the complaint is open to dismissal." *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc )). "[A] conclusory allegation …does not supply facts adequate to show illegality [whereas] [a]n allegation …much like a naked assertion … gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. Rule 9(b) imposes a heightened pleading standard for claims based on fraud. When an aiding and abetting claim sounds in fraud, it must be plead with particularity as set forth in Rule 9(b). (In re State Street Cases, 2013 WL 550815 @ 16.

*Third Claim for Relief: Aiding and Abetting General Laws Chapter 93§12 and 69 and Chapter 93A §2 and 11*.

With respect to the issue of whether a Cause of Action exists for aiding and abetting M.G.L. C.93 § 12 and 69, and M.G.L. C. 93A § 2 and 11, there are a limited number of cases in this district where courts have discussed whether aiding and abetting is a violation of these statutes.

*See Green v. Parts Distribution Xpress, Inc.,* 2011 WL 5928580 at *4 (D. Mass. Nov. 29, 2011) ("[A] non-party to an employment relationship can be held liable under chapter 93A for aiding and abetting the wrongdoing of a party to an employment relationship . . ."); *Professional Services Grp., Inc. v. Town of Rockland,* 515 F. Supp. 2nd 179, 192 (2007) ("Aiding and abetting a breach of fiduciary duty may provide the basis for a Chapter 93A violation"). But see *Reynolds v. City Exp., Inc.,* 2014 WL 1758301 (Mass. App. Div. Jan. 8, 2014) (declining to extend the holding in *Green).* The court in *Green* did not devote much attention to the theory of an aiding and abetting claim under C. 93A, but spoke at length of a statutory aiding and abetting claim under M.G.L. C. 149. Similarly, the *Reynolds* court was not deciding whether a party could aid and abet a C. 93A claim, but whether a party could aid and abet statutory violations of

3

M.G.L. C 149 and 151B pertaining to labor and discrimination respectively. That court held one could not aid and abet C. 149 and 151B violations because the legislature "could have specifically provided for aiding and abetting liability in G.L.C. 149 § 148B and chose not to." *Reynolds* Supra at *8.

Chapter 93A, which is based upon the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), also does not specifically mention a separate aiding and abetting cause of action. "A defendant acting with knowledge of deception who either directly participates in that deception or has the authority to control the deceptive practice of another, but allows the deception to proceed, engages, *through its own actions*, in a deceptive act or practice that causes harm to consumers." *FTC v. LeadClick Media, LLC*, 838 F3d. 158, 170 (2d. Cir. 2016) (emphasis in original) (decling to discuss the possibility of inserting aiding and abetting liability under the FTCA). The Supreme Court has held that imposing private civil liability on individuals who aid and abet violations of the 1934 Securities Exchange Act is unreasonable unless specifically enumerated in the act. See *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), holding that if a statue does not explicitly provide for aiding and abetting liability under the act, any argument that extrapolates private aiding and abetting liability from the phrase "directly or indirectly" in the text is flawed. *Id*. at 176 (adding that "Congress knew how to impose aiding and abetting liability when it chose to do so.").

In this case, Chapters 93 and 93A do not explicitly enumerate private "aiding and abetting" liability. Second, the cases where courts in this district have held that parties may incur liability under Chapters 93 and 93A specifically refer to the "breach of fiduciary duty", and not Section 69, which covers illegal multi-level distribution company's actions. Accordingly, I find that there is no separate cause of action under the facts of this case for Aiding and Abetting M.G.L.

4

C. 93 § 12 and 69, and C. 93A § 2 and 11 and grant Defendant's Motion as to the Third Claim for Relief.

*The Fourth Claim for Relief: Unjust Enrichment*

The Fourth Claim for Relief of the SCAC alleges that "Plaintiffs and the putative class conferred a benefit upon the defendants by furnishing funds, directly or indirectly to defendants who accepted them without protest and retained and benefited from them." (SCAC at ¶1038). The Complaint does not break down these allegations against specific payment processing companies, and instead makes omnibus allegations, such as ". . . each of the defendants chose to enhance fees for providing services to TelexFree's suspicious and unlawful enterprise." (SCAC ¶ 326), "TelexFree could not have successfully carried out its lawful enterprise or shelter it's [sic] ill-gotten gains without the integral assistance of . . . payment processing companies." (SCAC at ¶ 313).

To state a claim for unjust enrichment the Plaintiff must demonstrate:

    1) a benefit conferred on the Defendant by the Plaintiff;

    2) an appreciation or knowledge of the benefit by the Defendant;

    3) the acceptance or retention of the benefit by the Defendant under circumstances which make acceptance or retention inequitable.

*Assuming arguendo* that these fees were for payment processing services, it was TelexFree, not the Plaintiffs, which conferred the alleged benefit on the Defendants. Therefore, only TelexFree would have standing to assert a claim relating to the alleged benefit. *See Taylor v. Moskow,* 2013 WL 5508157 at *3 (D. Mass. October 1, 2013). Accordingly, the Plaintiffs unjust enrichment claims must be dismissed.

*Tenth Claim for Relief – Tortious Aiding and Abetting*

To state a claim for tortious aiding and abetting, a plaintiff must show that (1) the primary actor committed a wrongful act that causes injury; (2) the aider and abettor was aware of his role in the overall wrongful activity when he provided the assistance; and (3) the aider and abettor knowingly and substantially assisted the primary actor's wrongful act. *Id*. at *22 (citing *In re Sharp Int'l Corp.*, 403 F.3d 43, 49–53 (2d Cir. 2005); *accord Arcidi v. Nat'l Ass'n of Gov't Employees, Inc.*, 447.

*Knowing and Actual Assistance*

The primary tort element of the common law aiding and abetting allegations is not disputed by the Defendants. The parties agree that TelexFree established an illegal Ponzi scheme and thus committed a relevant underlying tort. The Court begins its analysis by examining the allegation that the Defendant either actively participated in and/or substantially assisted in TelexFree's tortious and fraudulent scheme. Participation that is not active, (i.e. passive) does not constitute aiding and abetting"). Similarly, mere assistance, less than substantial, also fails to meet the relevant threshold.

I find that the Plaintiffs allegation in the SCAC are sufficient to withstand the Defendant's Motion on the knowledge requirement. The complaint sets forth allegations that ProPay had constructive, if not actual knowledge of TelexFree's fraud. Under Massachusetts law tortious aiding and abetting occurs only when a Defendant actually knows that a tort is being committed and actively participates in, or substantially assists the commission of that tort. *Go-best Assets Ltd., v. Citizens Bank of Massachusetts* 972 N.E. 2nd 426, 438 (2012). See also *Maruho v. Miles, Inc.*, 13 F.3rd 6, 10, 1st Cir. 1993.

6

The Plaintiffs point to the August 28, email (Exhibit 12 SCAC) as evidence of this knowledge. In that email to the Defendant Hughes, the President of Base Commerce, another payment processing company, ProPay characterized TelexFree as an extremely high risk client and indicated that no United States bank or processor would be willing to take on TelexFree as a client given this risk. . ." (SCAC ¶871). The Defendant points out that what the email in fact says, is that no U.S. bank or processing company "will accept your business given that you are on month five of the Visa charge back monitoring program." Whichever inferences may be warranted from this email does not change the fact that this is evidence of the actual knowledge requirement as to ProPay. In *In re State Street cases* our Court outlined why passive assistance and inaction does not rise to the level of substantial assistance. *In re State Street cases,* 2013 W.L. 5508151 @*16 D.Mass August 2013. Specifically, in State Street a fraudster used bank accounts in the execution of a fraudulent scheme id @*1. The Court found the following:

> The mere settling of a transaction or providing of a platform, without more, cannot sustain a charge of substantial assistance. Although conventional banking services made it easier to effectuate [a] fraudulent scheme, there was no showing of substantial assistance . . [although] . . . participants in the . . . scheme used [bank] accounts . . . to perpetrate it . . . These allegations are precisely the sort of passive assistance and inaction that, without more, does not rise to the level of substantial assistance."

Here, the complaint does set forth, with sufficient particularity that Propay had constructive, if not actual knowledge of the fraud. That knowledge, together with Propay's services to TelexFree into January of 2014 satisfy the pleading requirement.

## Conclusion

The Defendant's motion is granted as to the Third and Fourth Claim for Relief and denied as to the Tenth Claim for Relief.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**