# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) ) ) |
| **TELEXFREE SECURITIES LITIGATION** | ) ) ) ) ) ) ) | MDL No. 4:14-md-02566-TSH

### MEMORANDUM AND ORDER ON DEFENDANTS INTERNATIONAL PAYOUT SYSTEMS' MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT (Document # 173)

**January 29, 2019**

**HILLMAN, D.J.**

## Introduction

The Defendant International Payout Systems ("IPS"), is a Defendant in the TelexFree Multi-District Securities Litigation. They move to Dismiss the Third Claim for Relief: Aiding and Abetting General Laws Chapter 93§12 and 69 and Chapter 93A §2 and 11, Fourth Claim for Relief: Unjust enrichment, Fifth Claim for Relief: Civil Conspiracy, Tenth Claim for Relief: Tortious aiding and abetting, pursuant to Fed. R. Civ. P. 8 and 12 (b)(6).

TelexFree, Inc. ("TelexFree") was a pyramid scheme that operated from February 2012 until April 2014. It involved approximately 2 million participants worldwide, nearly one million of whom suffered financial loss. Several Plaintiffs filed actions in District Courts across the United States seeking to recover their losses against dozens of defendants, ranging from financial service providers, including banks, payment processing companies, (such as Defendant IPS), and the principals of the fraudulent scheme. As the actions involved common questions of fact, the Judicial Panel on Multi-District Litigation joined the actions into a multi-district litigation in

order to transfer all actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings.

**Background**

IPS is a financial service provider which entered into an agreement with TelexFree in September 2013 to process payments from participants to TelexFree through an entity that IPS created called e-Wallet.  This relationship was instituted by Base Commerce, also a Defendant in this case.  Base Commerce applied to IPS on behalf of TelexFree to receive its (Base Commerce's) payments because in August of 2013, Base Commerce had been instructed by its sponsor bank Synovus to cease doing business with TelexFree by August 31.  That order was in response to Brazil shutting down TelexFree's operations in that country in June of 2013.  Despite that order from Synovus, IPS and TelexFree continued their relationship.  In December of 2013 TelexFree and IPS entered into a further agreement for payments processing services under the name of TelexFree Limited, a shell company that was established by Vantage Payments, also a Defendant and payment processing service.  That agreement resulted in IPS providing TelexFree with the e-Wallet service for processing funds from promoters to TelexFree.

The complaint alleges that IPS was required by law, and did, conduct a background check on TelexFree before accepting them as a client.  That background check discovered indicia of fraud, illegality, and red flags.  Despite this knowledge, and despite having a history of being involved in past Ponzi Schemes, IPS took on TelexFree as a customer.  In October of 2013, IPS made a public statement that they had done their due diligence and that TelexFree's product was "compliant with all U.S. laws."  Over the course of the relationship IPS held as much as $31,640,192.00 in assets.  The relationship ended four days after TelexFree declared bankruptcy in April 2014. .

**Discussion**

*Third Claim for Relief: Aiding and Abetting General Laws Chapter 93§12 and 69 and Chapter 93A §2 and 11.*

With respect to the issue of whether a Cause of Action exists for aiding and abetting M.G.L. C.93 § 12 and 69, and M.G.L. C. 93A § 2 and 11, there are a limited number of cases in this district where courts have discussed whether aiding and abetting a violation of these statutes states a claim for relief. *See Green v. Parts Distribution Xpress, Inc.,* 2011 WL 5928580 at *4 (D. Mass. Nov. 29, 2011) ("[A] non-party to an employment relationship can be held liable under chapter 93 A for aiding and abetting the wrongdoing of a party to an employment relationship . . ."); *Professional Services Grp., Inc. v. Town of Rockland,* 515 F. Supp. 2nd 179, 192 (2007) ("Aiding and abetting a breach of fiduciary duty may provide the basis for a Chapter 93A violation"). But see *Reynolds v. City Exp., Inc.,* 2014 WL 1758301 (Mass. App. Div. Jan. 8, 2014) (declining to extend the holding in *Green)*. The court in *Green* did not devote much attention to the theory of an aiding and abetting claim under C. 93A, but spoke at length of a statutory aiding and abetting claim under M.G.L. C. 149. Similarly, the *Reynolds* court was not deciding whether a party could aid and abet a C. 93A claim, but whether a party could aid and abet statutory violations of M.G.L. C 149 and 151B pertaining to labor and discrimination respectively. That court held one could not aid and abet C. 149 and 151B violations because the legislature "could have specifically provided for aiding and abetting liability in G.L.C. 149 § 148B and chose not to." *Reynolds* Supra at *8.

Chapter 93A, which is based upon the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), also does not specifically mention a separate aiding and abetting cause of action. "A defendant acting with knowledge of deception who either directly participates in that deception or has the

3

authority to control the deceptive practice of another, but allows the deception to proceed, engages, *through its own actions*, in a deceptive act or practice that causes harm to consumers." *FTC v. LeadClick Media, LLC*, 838 F3d. 158, 170 (2d. Cir. 2016) (emphasis in original) (decling to discuss the possibility of inserting aiding and ab    The Supreme Court has held that imposing private civil liability on individuals who aid and abet violations of the 1934 Securities Exchange Act is unreasonable unless specifically enumerated in the act.  See *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), holding that if a statue does not explicitly provide for aiding and abetting liability under the act, any argument that extrapolates private aiding and abetting liability from the phrase "directly or indirectly" in the text is flawed. *Id*. at 176 (adding that "Congress knew how to impose aiding and abetting liability when it chose to do so.").

In this case, Chapters 93 and 93A do not explicitly enumerate private "aiding and abetting" liability.  Second, the cases where courts in this district have held that parties may incur liability under Chapters 93 and 93A specifically refer to the "breach of fiduciary duty", and not Section 69, which covers illegal Multi-Level Distribution Company ("MLM") actions.  Accordingly, I find that there is no separate Cause of Action under the facts of this case for Aiding and Abetting M.G.L. C. 93 § 12 and 69, and C. 93A § 2 and 11 and grant Defendant's Motion as to the Third Claim for Relief.

*The Fourth Claim for Relief: Unjust Enrichment*

The Fourth Claim for Relief of the SCAC alleges that "Plaintiffs and the putative class conferred a benefit upon the defendants by furnishing funds, directly or indirectly to defendants who accepted them without protest and retained and benefited from them." (SCAC at ¶1038).  The Complaint does not break down the allegations against specific payment processing companies,

and instead makes omnibus allegations, such as " . . . each of the defendants chose to enhance fees for providing services to TelexFree's suspicious and unlawful enterprise." (SCAC ¶ 326), "TelexFree could not have successfully carried out its lawful enterprise or shelter it's [sic] ill-gotten gains without the integral assistance of . . . payment processing companies." (SCAC at ¶ 313).

To state a claim for unjust enrichment the Plaintiff must demonstrate:

1) a benefit conferred on the Defendant by the Plaintiff;

2) an appreciation or knowledge of the benefit by the Defendant;

3) the acceptance or retention of the benefit by the Defendant under circumstances which make acceptance or retention inequitable.

*Stevens v. Thacker, 550 F.2nd 161, 165, (D. Mass. 2018).*

Assuming arguendo that these fees were for payment processing services, it was TelexFree, not the Plaintiffs which conferred the alleged benefit on the Defendants. Therefore, only TelexFree would have standing to assert a claim relating to the alleged benefit. See Taylor v. Moskaw, 2013 WL 5508157 @ *3 (D.Mass. October 2013). Accordingly, Plaintiffs unjust enrichment claims must be dismissed.

*Fifth and Tenth Claim for Relief: Conspiracy and Tortious Aiding and Abetting*

The Plaintiffs common law aiding and abetting claim (Count 10), and the civil conspiracy claim, (Count 5), require a showing that the Defendants had actual knowledge of the underlying scheme and actively "participated, or substantially assisted" in the offense. *Go-Best Assets v. Citizens Bank,* 463 Mass 50, @64 (2012), (tortious aiding and abetting); *Kirker v. Hill,* 44 Mass. App. Ct. 184, 189 (1998) (Civil conspiracy). The Defendants claim that the SCAC does not adequately plead the actual knowledge component. The Defendants further argue that even if the

5

Plaintiffs have sufficiently plead actual knowledge, the pleading are deficient in failing to establish that they actively participated, or substantially assisted in the fraud.

The Plaintiffs' allegations in the SCAC are sufficient to withstand the Defendant's motion. The record is replete with references to conduct that, if proven, would establish actual knowledge by IPS of TelexFree's fraudulent conduct. In addition to having a history of representing Ponzi schemes, IPS represented publicly that they had done their due diligence on TelexFree and "confirmed the product as compliant with all United States Laws" (SCAC ¶979). As late as December of 2013, TelexFree entered into a side agreement with IPS for additional payment processing services under the name TelexFree LTD, a shell corporation established by Defendant Vantage Payments. This relationship came after Base Commerce was ordered by its parent bank to cease doing business with TelexFree and moved its business to IPS after it was public knowledge that Brazil had shut down TelexFree's operation. Further, the establishment of the shell corporation by Vantage and IPS's acquiescence and active role establishes actual, if not constructive knowledge.

## Conclusion

For the reasons set forth above, the Defendant's Motion is granted as to the Third and Fourth Claims for Relief and denied as to the Fifth and Tenth Claims for Relief.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**