**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) ) **TELEXFREE SECURITIES LITIGATION** ) ) ) ) ) | **MDL No. 4:14-md-02566-TSH** |

**MEMORANDUM AND ORDER ON DEFENDANTS DUSTIN SPARMAN AND VANTAGE PAYMENTS, LLC'S MOTION TO DISMISS FOR LACK OF PERSON JURISDICTION (Document No. 368)**

**January 29, 2019**

**HILLMAN, D.J.**

Defendants Dustin Sparman and Vantage Payments, LLC ("Vantage") filed a joint motion to dismiss all claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) on the basis that neither Defendant has the necessary contacts with Massachusetts to support this court's jurisdiction (Docket No. 239). However, "[i]n an MDL case, personal jurisdiction is derived from the transferor court." *In re WellNx Mktg. & Sales Practices Litig.* No. 07-MD-1861, 2010 WL 3652457, at *1 (D. Mass. Sept. 15, 2010) (citing *In re Papst Licensing GMBH & Co. KG Litigation*, 602 F.Supp.2d 10, 14 (D.D.C.2009) ("In multidistrict litigation such as this, the transferee court must apply the law of the transferor forum to determine personal jurisdiction."); *In re Sterling Foster & Co., Inc. Sec. Litig.*, 222 F.Supp.2d 289, 300 (E.D.N.Y.2002) (applying the Long–Arm Statute of the transferor forum in

multidistrict litigation); *In re Plumbing Fixtures Litig*., 342 F.Supp. 756, 758 (J.P.M.L.1972) (same)).  In enacting the multidistrict litigation statute, 28 U.S.C. § 1407, Congress "authoriz[ed] the federal courts to exercise nationwide personal jurisdiction….and "[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction…." *In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 163 (2d Cir. 1987).

On September 23, 2015, Plaintiff Rita Dos Santos, putative class representative, filed a Complaint in the District of Arizona, which was served on Defendants Sparman and Vantage, and the case was transferred to this court on October 20, 2015 pursuant to 28 U.S.C. § 1407 as part of the present MDL.  Sparman is a resident of the state of Arizona, and Vantage is an Arizona limited liability company, and thus both are subject to the jurisdiction of the Arizona transferor court.  Defendants provide no basis in law for their assertion that Plaintiffs' filing and serving on them a duplicate of the Second Consolidated Amended Complaint in the District of Arizona somehow waived Plaintiffs' argument that Section 1407 confers "nationwide personal jurisdiction."  Accordingly, this court has personal jurisdiction over both Sparman and Vantage Payments for all pretrial purposes, and their motion to dismiss for lack of personal jurisdiction (Docket No. 368) is **denied.**

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**