UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**In re:**                          )
                                    )
**TELEXFREE SECURITIES LITIGATION** )    MDL No. 4:14-md-02566-TSH
                                    )
                                    )
                                    )
_____)


### FINDINGS AND ORDER ON DEFENDANT ALLIED WALLET, LTD.'S MOTION FOR JUDGMENT ON THE PLEADINGS (Document # 666)

**June 25, 2019**

**HILLMAN, D.J.**

#### Introduction

The Defendant Allied Wallet, Ltd., ("Allied Wallet"), is a Defendant in the TelexFree multi-district securities litigation. They move for judgment on the pleadings on the Third Claim for Relief: Aiding and Abetting General Laws Chapter 93 §12 and 69 and Chapter 93A §2 and 11, the Fourth Claim for Relief: Unjust enrichment, and the Tenth Claim for Relief: Tortious Aiding and Abetting in the Plaintiff's Fourth Consolidated Amended Complaint ("FCAC") pursuant to Fed. R. Civ. P. 12(c).

TelexFree, Inc. ("TelexFree") was a pyramid scheme that operated from February 2012 until April 2014. It involved approximately two million participants worldwide, nearly one million of whom suffered financial loss. Several Plaintiffs filed actions in District Courts across the United States seeking to recover their losses against dozens of defendants, ranging from financial service providers, payment processing companies (such as Allied Wallet) and the principals of the fraudulent scheme employed by, or otherwise involved with TelexFree. As the actions involved

common questions of fact, the Judicial Panel on Multi-District Litigation joined the actions into a multi-district litigation in order to transfer all actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings.

**Background**

Allied Wallet is a financial service provider which processed the electronic transfer of funds from participants to TelexFree. In 2013 Allied Wallet agreed to accept TelexFree as a customer and began processing transactions on their behalf. This relationship continued until April of 2014. Allied Wallet shared a close business relationship with co-defendants Vantage Payment and Dustin Sparman. (FCAC ¶ 1073) and Allied Wallet became the processing company for TelexFree through the efforts of Vantage Payments. (FCAC ¶ 1075 & 1076). During the time that the business relationship was in existence, TelexFree principal James Merrill instructed Allied Wallet to transfer funds from their processing account into accounts at Fidelity Bank which was operated by Defendant Merrill's brother, John Merrill. John Merrill and Fidelity Bank are Defendants in this case. Allied Wallet also made transfers from TelexFree's Corporate accounts to private accounts held in the names of the principal founders of TelexFree and despite knowledge that TelexFree was shut down in Brazil.

Because of Allied Wallet's concern about TelexFree's questionable activity they informed TelexFree that they would be increasing the rolling reserves on the processing accounts to 20%. (FCAC ¶ 1078). However, despite these reservations, Allied Wallet reversed that decision after they were heavily lobbied by co-defendant Vantage Payments.

**Discussion**

A Fed. Rule Civ. Pro. 12(c), Motion for Judgment on the Pleadings "is treated much like a Rule 12(b)(6) Motion to Dismiss, *Perez-Acevedo v. Rivero-Cubano*, 520 F.3$^d$ 26, 29, (1st Cir. 2008) and much like a 12(b)(6) Motion, a Plaintiff "must state a Claim for Relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

*Third Claim for Relief: Aiding and Abetting General Laws C 93 § 12 & 69 & C 93A § 2 & 11*
*Fourth Claim for Relief: Unjust Enrichment*

For the reasons set forth in the Defendant's Memorandum I grant the Motion as to the Plaintiffs Third and Fourth Claims for Relief.

*Tenth Claim for Relief: Tortious Aiding and Abetting*

To state a Claim for Tortious Aiding and Abetting a Plaintiff must show that (1) the primary actor committed a wrongful act that causes injury; (2) the aider and abettor was aware of his role in the overall wrongful activity when he provided the assistance; and (3) the aider and abettor knowingly and substantially assisted the primary actor's wrongful act. *In re Sharp Int'l Corp.,* 403 F. 3d 43, 49-53 (2d Cir. 2005).

*Knowing and Actual Assistance*

The parties agree that TelexFree established an illegal Ponzi scheme and thus committed a relevant underlying tort. The Court begins its analysis by examining the allegation that the Defendant either actively participated in and/or substantially assisted in TelexFree's tortious and fraudulent scheme. Participation that is not active, (i.e. passive) does not constitute aiding and abetting. Similarly, mere assistance, less than substantial, also fails to meet the relevant threshold on the knowledge requirement. However, Massachusetts law allows for a "reasonable inference" to establish actual knowledge which does not require direct evidence. *Go-best Assets Ltd., v.*

*Citizens Bank of Massachusetts* 972 N.E. 2$^d$ 426, 432-33, 438 (2012).  The courts acknowledge that direct evidence of actual knowledge of a Ponzi scheme is rare. *Smith v. First Union National Bank*, 2002 W.L. 31056104 @ *3. (S.D. Fla. August 2002).

Here, there are direct and circumstantial allegations in the complaint that Allied Wallet knew that TelexFree was operating an illegal Ponzi scheme.  Allied provided services at a time when no United States Bank or processing company would accept TelexFree's business.  Tellingly, during that time Allied Wallet tried to increase the maximum processing limits out of concern for TelexFree's position.  The FCAC alleges that Allied Wallet provided increased payment processing services to TelexFree during the time when other financial service providers were refusing to offer these services because Governmental Regulatory Action was eminent.  (FCAC ¶ 1049, 1083).  I find that these circumstances, as plead, are sufficient to place to establish the knowledge requirement.

Actual assistance

It is well settled that substantial assistance must be evaluated "in tandem" with the knowledge requirement.  *Anderson v. U.S. Bank National Asso.* Minn Ct. App. Feb. 10, 2014, see also *In re Enron Corp. Securities* 511 F. Supp. 2$^d$ 742, 803 (S.D. Texas 2005).   Massachusetts Law allows for a reasonable inference to establish assistance which does not require direct evidence. *Gobest Assets Ltd., v. Citizens Bank of Massachusetts* 972 N.E. 2d 426, 432-433 (Mass. 2012), and courts have noted that rarely will there be direct evidence of a defendant's actual knowledge of a pyramid or ponzi scheme. *Smith v. First Union Nat'l Bank* 2002 W.L. 31056104, @*3 (S.D. Fla August 23, 2002).  Allied Wallet was in the same circumstance as defendants IPS and ProPay who were asked to service TelexFree at a time when they were having difficulty obtaining a payment processor due to the widespread publication of fraud and the shut-down in Brazil.

I find there are sufficient allegations in the FCAC to satisfy the assistance requirement.

## Conclusion

The Defendant's motion is granted as to the Third and Fourth Claim for Relief and denied as to the Tenth Claim for Relief.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**