## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                    )
**In re:**                                          )
                                                    )
**TELEXFREE SECURITIES LITIGATION** )                      **MDL No. 4:14-md-02566-TSH**
                                                    )
                                                    )
                                                    )
_____ )

### MEMORANDUM AND ORDER ON DEFENDANT WELLS FARGO ADVISORS' MOTION TO DISMISS (Document No. 614)

### June 25, 2019

**HILLMAN, D.J.**

### Introduction

Wells Fargo Advisors, LLC ("WFA"), a defendant in the TelexFree multi-district securities litigation, moves to dismiss all counts against them in the Fourth Consolidated Amended Complaint ("FCAC") pursuant to Fed. R. Civ. P. 12(b)(6). TelexFree, Inc. ("TelexFree") was a pyramid scheme that operated from February 2012 to April 2014 and involved approximately two million participants worldwide, nearly a million of whom suffered a net financial loss. The Plaintiffs filed actions in federal district courts across the United States seeking to recover their losses against dozens of defendants, ranging from financial service providers, including banks, payment processing companies, investment services providers such as WFA, and the principals of the fraudulent scheme. As the actions involved common questions of fact, the Judicial Panel on Multi-district Litigation joined the actions into a multidistrict litigation and ordered transfer of all actions to the District of Massachusetts for coordinated or consolidated pretrial proceedings.

## Background

The Plaintiffs allege that Mauricio Cardenas, (also a Defendant) was a financial advisor and an employee of WFA who was responsible for hiding and/or laundering illicit funds for TelexFree principal Carlos Wanzeler. Cardenas was primarily responsible for handling Wanzeler's WFA investment accounts, knowing full well that he was running an illegal pyramid scheme.

WFA discharged Cardenas in April 2014 as a direct result of his involvement with TelexFree and Wanzeler, and it is alleged that WFA, through their Regulatory Account Monitoring Department, knew that Cardenas was laundering money for Wanzeler. It is alleged that WFA oversaw Cardenas investment activities and maintained a detailed account of profits made on behalf of his client. (FCAC ¶ 1136). When WFA terminated Cardenas in 2014 it filed the following disclosure with the "Financial Industry Regulatory Authority" ("FINRA").

> "The firm determined that it would not do business with certain business entities due to potential AML risks. Thereafter, FA (Financial Advisor Cardenas) opened two brokerage accounts for individuals directly related to the entities. The FA stated that he did not know the relationship existed. Management determined that representative demonstrated a lack of judgment in recognizing and managing the potential AML risks."

The Plaintiffs further allege that WFA was aware of the TelexFree pyramid scheme and determined not to do business with TelexFree due to the AML risks. However, Cardenas continued to establish brokerage accounts with WFA for the purposes of secreting funds from TelexFrees' illegal operation.

## Discussion

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plausibility does not require probability but "it asks for more

than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc )).  "[A] conclusory allegation … does not supply facts adequate to show illegality [whereas] [a]n allegation … much like a naked assertion … gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

Rule 9(b) imposes a heightened pleading standard for claims based on fraud. When an aiding and abetting claim sounds in fraud, it must be plead with particularity as set forth in Rule 9(b).  *In re State Street Cases*, 2013 WL 5508151 at *16 (D. Mass. Aug. 21, 2013).

*Third Claim for Relief: Aiding and Abetting General Laws Chapter 93§12 and 69 and Chapter 93A §2 and 11.*

With respect to the issue of whether a Cause of Action exists for aiding and abetting M.G.L. C.93 § 12 and 69, and M.G.L. C. 93A § 2 and 11, there are a limited number of cases in this district where courts have discussed whether aiding and abetting a violation of these statutes states a claim for relief.  *See Green v. Parts Distribution Xpress, Inc.,* 2011 WL 5928580 at *4 (D. Mass. Nov. 29, 2011) ("[A] non-party to an employment relationship can be held liable under chapter 93 A for aiding and abetting the wrongdoing of a party to an employment relationship . . ."); *Professional Services Grp., Inc. v. Town of Rockland,* 515 F. Supp. 2nd 179, 192 (2007) ("Aiding and abetting a breach of fiduciary duty may provide the basis for a Chapter 93A violation").  But see *Reynolds v. City Exp., Inc.,* 2014 WL 1758301 (Mass. App. Div. Jan. 8,

2014) (declining to extend the holding in *Green).*  The court in *Green* did not devote much attention to the theory of an aiding and abetting claim under C. 93A but spoke at length of a statutory aiding and abetting claim under M.G.L. C. 149.   Similarly, the *Reynolds* court was not deciding whether a party could aid and abet a C. 93A claim, but whether a party could aid and abet statutory violations of M.G.L. C 149 and 151B pertaining to labor and discrimination respectively.  That court held one could not aid and abet C. 149 and 151B violations because the legislature "could have specifically provided for aiding and abetting liability in G.L.C. 149 § 148B and chose not to."  Reynolds Supra at *8.

Chapter 93A, which is based upon the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), also does not recognize a separate aiding and abetting cause of action.  "A defendant acting with knowledge of deception who either directly participates in that deception or has the authority to control the deceptive practice of another, but allows the deception to proceed, engages, *through its own actions*, in a deceptive act or practice that causes harm to consumers." *FTC v. LeadClick Media, LLC*, 838 F3d. 158, 170 (2d. Cir. 2016) (emphasis in original) (declining to discuss the possibility of inserting aiding and abetting liability under the FTCA to the defendant).

The Supreme Court has held that imposing private civil liability on individuals who aid and abet violations of the 1934 Securities Exchange Act is unreasonable unless specifically enumerated in the act.  See *Central Bank of Denver, N.A. v. First Interstate Bank of Denv*er, *N.A.*, 511 U.S. 164 (1994), holding that if a statue does not explicitly provide for aiding and abetting liability under the act, any argument that extrapolates private aiding and abetting liability from the phrase "directly or indirectly" in the text is flawed. *Id*. at 176 (adding that "Congress knew how to impose aiding and abetting liability when it chose to do so").

In this case, Chapters 93 and 93A do not explicitly enumerate private "aiding and abetting" liability.  Second, the cases where courts in this district have held that parties may incur liability under Chapters 93 and 93A specifically refer to the "breach of fiduciary duty", and not Section 69, which covers illegal Multi-Level Distribution Company ("MLM") actions.  Accordingly, I find that there is no separate Cause of Action under the facts of this case for aiding and abetting M.G.L. C. 93 § 12 and 69, and C. 93A § 2 and 11 and grant Defendant's Motion as to the Third Claim for Relief.

*Fourth Claim for Relief: Unjust Enrichment*

Count IV of the FCAC alleges that "Plaintiffs and the putative class conferred a benefit upon the defendants by furnishing funds, directly or indirectly to defendants, who accepted them without protest and retained and benefited from them." (FCAC at ¶1204).  The Plaintiffs go on to allege that the Defendants, were unjustly enriched The Complaint does not break down the allegations against specific Defendants, and instead makes omnibus allegations, such as " . . . . Plaintiffs conferred a benefit upon the Defendants by furnishing funds . . . to Defendants, who accepted them without protest . . ." (FCAC ¶1204), and "Defendants have unlawfully and in bad faith denied Plaintiffs. . . access to such funds, and have instead knowingly retained the benefit of such funds for themselves." (FCAC ¶1207)

To state a claim for unjust enrichment the Plaintiff must demonstrate:

> 1) a benefit conferred on the Defendant by the Plaintiff;
>
> 2) an appreciation or knowledge of the benefit by the Defendant;
>
> 3) the acceptance or retention of the benefit by the Defendant under circumstances which make acceptance or retention inequitable.

*Stevens v. Thacker, 550 F.2nd 161, 165, (D. Mass. 2018).*

The Plaintiffs' claims are based upon WFA's receipt of fees for investing funds for Wanzeler and TelexFree. *Assuming arguendo* that these fees were for something other than legitimate services, it was Wanzeler and TelexFree, not the Plaintiffs, which conferred the alleged benefit on the banks. Therefore, only TelexFree would have standing to assert a claim relating to the alleged benefit. *See Taylor v. Moskow,* 2013 WL 5508157 at *3 (D. Mass. October 1, 2013). Accordingly, the Plaintiffs unjust enrichment claims must be dismissed.

*Tenth Claim For Relief: Tortious Aiding and Abetting*

To state a claim for tortious aiding and abetting, a plaintiff must show that (1) the primary actor committed a wrongful act that causes injury; (2) the aider and abettor was aware of his role in the overall wrongful activity when he provided the assistance; and (3) the aider and abettor knowingly and substantially assisted the primary actor's wrongful act. *In re Sharp Int'l Corp.*, 403 F.3d 43, 49–53 (2d Cir. 2005); *accord Arcidi v. Nat'l Ass'n of Gov't Employees, Inc.*, 447 Mass. 616, 623–24 (2006).

*1. Knowing and Actual Assistance*

The primary tort elements of the aiding and abetting allegation is not disputed by the Defendants. The parties agree that TelexFree established an illegal Ponzi scheme and thus committed a relevant underlying tort. Any analysis of the claims contained in the FCAC begins by examining the allegation that the Defendant either actively participated in and/or substantially assisted in TelexFree's tortious and fraudulent scheme. Participation that is not active, (i.e. passive) does not constitute aiding and abetting"). Similarly, mere assistance, less than substantial, also fails to meet the relevant threshold.

Our Court in *In re State Street Cases* outlined why passive assistance and inaction does not rise to the level of substantial assistance.  Specifically, in State Street, a fraudster used bank accounts in the execution of a fraudulent scheme.  The Court found that:

> The mere settling of a transaction or providing of a platform, without more, cannot sustain a charge of substantial assistance. Although conventional banking services made it easier to effectuate [a] fraudulent scheme, there was no showing of substantial assistance . . . [although] . . . participants in the . . . scheme used [bank] accounts . . . to perpetrate it . . . . These allegations are precisely the sort of passive assistance and inaction that, without more, does not rise to the level of substantial assistance."

*In Re State Street cases*, 2013 WL 550815 @*23.

WFA urges the Court to find that the complaint does not sufficiently allege that they have pled the level of substantial assistance necessary for aiding and abetting.  The Plaintiff must "demonstrate some measure of 'active participation'" *Bamberg v. Sg Cowen*, 236 F.Supp.2nd 79 (D.Mass 2002).  It is also clear that substantial assistance is not to be considered without considering the knowledge element. *Anderson v. U.S. Bank, Nat. Ass' n*, 2014 WL 502955, @*6-7, (Minn. Ct. Appeals Feb. 10, 2014).   The conduct of WFA acting by and through it's employee Cardenas establishes that the investment activities provided a mechanism to further the pyramid scheme, particularly by keeping illegal operations hidden from authorities and investors.  Further, that WFA was aware of Cardenas' activities and continued to process Wanzeler's investments.

## 2.   *Actual Knowledge*

The FCAC alleges that Cardenas, with knowledge by WFA (at some point in 2014), was opening and servicing WFA accounts after it had determined to cease services to all TelexFree related activities.  Further the services were provided during the time when TelexFree's accounts were being closely examined by government regulatory agencies, and other financial service providers were refusing to do business with TelexFree.  TelexFree's operations in Brazil, for example were shut down in mid-2013, that shut down was highly publicized, and WFA had

knowledge of it.  (FCAC ¶ 1131).  I find that the FCAC sufficiently pleads the necessary elements of tortious aiding and abetting.

### Conclusion

For the reasons set forth above, the Defendant WFA's Motion to Dismiss (Document No. 614) is granted as to the Third and Fourth Claims for Relief and denied as to the Tenth Claim for Relief.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**