# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION | MDL No. 4:14-md-2566-TSH |
| This Document Relates To: | |
| **ALL CASES** | |

| |
|---|
| CELIO DA SILVA, RITA DOS SANTOS, PUTATIVE CLASS REPRESENTATIVES AND THOSE SIMILARLY SITUATED, |
| Plaintiffs, |
| v. |
| TELEXELECTRIC, LLLP; et al. |
| Defendants, |

## UNOPPOSED MOTION OF DEFENDANTS JEFFREY A. BABENER AND BABENER & ASSOCIATES FOR EXTENSION OF TIME TO RESPOND TO FIFTH AMENDED COMPLAINT AND TO PLAINTIFFS' DISCOVERY REQUESTS

The Defendants Attorney Jeffrey A. Babener and his law firm of Babener & Associates (together, "Babener Defendants") move, without opposition from the Plaintiffs ("Plaintiffs"),[1] to extend the deadlines to respond to the Plaintiffs' Fifth Consolidated Amended Complaint (Corrected) ("Fifth Complaint") (comprising 2241 paragraphs, 418 pages, and 376 pages of exhibits) and to extensive written discovery requests served on the Babener Defendants with the

---

[1] The identities of the named Plaintiffs in this case have changed from the Complaint to the various amended and corrected Complaints. This change of names is not relevant to the present motion, so each group of Plaintiffs in each new version of the Complaint are generically referred to as "Plaintiffs."

Fifth Complaint (25 interrogatories, with 131 subparts, and 132 document requests). Specifically, the Babener Defendants request that their response to the Fifth Complaint be extended to a date thirty (30) days after this Court has decided whether the Fifth Complaint is a proper pleading, which will be determined by the Court's ruling on the following pending motions: 1) the Plaintiffs' pending motions to reconsider this Court's prior orders of dismissal as to certain Defendants and certain claims; 2) the Plaintiffs' motion to permit the amendment of the Fourth Amended Consolidated Complaint ("Fourth Complaint") ; and 3) pending Oppositions to the filing of the Fifth Complaint and Motion to Strike it.[2] The Babener Defendants also request that their deadline to respond to the Plaintiffs' discovery requests be extended until forty-five (45) days after the Court issues its order on the Babener Defendants' anticipated motion to dismiss.[3]

## A.    Relevant Procedural Background

On October 22, 2014, the Plaintiffs' multiple actions involving TelexFree were transferred to Massachusetts and  consolidated in the present action for pretrial proceedings. (ECF No. 1). On April 30, 2015, Plaintiffs filed their Second Consolidated Amended Complaint ("Second Complaint"). (ECF No. 141). On September 23, 2015, the Plaintiffs moved for leave to file a Third Amended Complaint and attached a proposed version, which the Court disallowed on January 15, 2016. (ECF Nos. 252, 379). On June 6, 2017, the Plaintiffs filed their Fourth Complaint. (ECF No. 503). The Fourth Complaint was the first to name a Babener Defendant and only named Attorney

---

[2] If the Court orders the Plaintiffs to file yet another Complaint, then the Babener Defendants request thirty (30) days from receipt of this to respond to such new Complaint, instead of the fourteen (14) days provided in Fed. R. Civ. P. 15(a)(3).

[3] The Babener Defendants, who live, work and operate solely out of Oregon, intend to raise various defenses, including those under Fed. R. Civ. P. 12(b)(2) for lack or personal jurisdiction. The parties agree that this procedural Unopposed Motion is not a responsive pleading under Fed. R. Civ. P. 12.

1004301\304913741.v1

Babener, not Babener & Associates. (*Id.*). The Fourth Complaint was not served on Attorney Babener.

On January 29, 2019, the Court lifted the stay that had been entered in this litigation. (ECF No. 606). Also on January 29, 2019, and in early February 2019, the Court issued orders on several motions to dismiss that had been filed by Defendants named in the Second Complaint. (ECF Nos. 594-603, 608, 611). Certain Defendants were dismissed entirely and certain claims against the remining Defendants were dismissed.

On September 23, 2019, the Court issued a Scheduling Order requiring, among other things, amended pleadings to be filed by November 29, 2019; requests for production of documents and interrogatories to be served by December 6, 2019; requests for admissions to be served by January 17, 2020; and fact discovery to be completed by February 28, 2020. (ECF No. 756).

On November 29, 2019, the Plaintiffs filed two motions for reconsideration relative to the Court's prior orders on the motions to dismiss of January and February 2019, and a motion "to permit amendment" of the Fourth Complaint. (ECF Nos. 781-786). Also on November 29, 2019, the Plaintiffs filed their Fifth Complaint. (ECF No. 779). A corrected version was then filed on December 4, 2019. (ECF No. 790).

Various Defendants have indicated their intention to oppose the filing of the Fifth Complaint, by seeking extensions until mid-January 2020 to file their oppositions to the Plaintiffs' motions (these extensions have been allowed by the Court) or actually filing oppositions or motions to strike the Fifth Complaint. (ECF Nos. 793-794, 797, 802-806, 810). The Court has not ruled on the motions and oppositions as to the filing of the Fifth Complaint.  There is a status conference in the case on January 28, 2020. (ECF No. 778).

1004301\304913741.v1

On December 20, 2019, the Plaintiffs filed Waivers of Service executed by the Babener Defendants, which waivers had been sent to the Babener Defendants on December 6, 2019. (ECF Nos. 817-818). Along with the Fifth Complaint, the Plaintiffs served two (2) separate document requests (totaling 132 requests) and one set of interrogatories (26 interrogatories, with 131 subparts). Pursuant to those Waivers, the Babener Defendants' response to the Fifth Complaint is presently due by February 4, 2020.  The discovery requests are deemed to be served on the date of the parties' required conference under Fed. R. Civ. P. 26(f), and responses are  due thirty (30) days thereafter. To date, the Parties have not held a Rule 26(f) conference.

**B.      Extension to Respond to the Fifth Complaint**

An extension of thirty (30) days from the Court's decision on pending motions for reconsideration and to file the Fifth Complaint is logical and reasonable because it is presently unclear to which complaint—and thus to which allegations— the Babener Defendants must respond. For example, if the Court denies the Plaintiffs' leave to file the Fifth Complaint (and denies leave to file a Sixth Amended Complaint), the Fourth Complaint would control and Attorney Babener would presumably have to respond to that one (which contains many different allegations than the Fifth Complaint). Alternatively, if the Court orders the Plaintiffs to file a Sixth Amended Complaint and that pleading is served, the Babener Defendants would respond to that pleading. Finally, if the Court allows the filing of one of the versions of the Fifth Complaint, and the Babener Defendants would respond to accordingly.

Any orders varying the content of the operative Complaint will impact significantly the Babener Defendants' motion to dismiss. As but one example, some Defendants' oppositions/motions to strike argue that the Fifth Complaint inappropriately contains claims that this Court previously ruled were ones that failed to state a claim upon which relief can be granted,

1004301\304913741.v1

under Fed. R. Civ. P. 12(b)(6).   The claims against the Babener Defendants include these claims. If those are stricken, this will dramatically change the Babener Defendants' motion to dismiss.

Under any scenario, it is presently unclear which Complaint will be the one governing the claims against the Babener Defendants.  The resources of the Babener Defendants and the Court will be best conserved by allowing the Babener Defendants to see which of the various possible Complaints will be the one they must address, and thereby avoid the substantial time and expense of filing a responsive pleading that may ultimately be moot.

This extension will not delay the disposition of the case, and will streamline the case if the anticipated motion to dismiss is successful, in whole or in part. When the Court set the scheduling order on September 23, 2019, it appears to have contemplated that the Plaintiffs would not be adding many completely new Defendants (such as the Babener Defendants) who have not previously participated in this case.  Such new Defendants (who were either first served with the Fifth Complaint in early December of 2019 or have not yet been served) would be unable to meet the written discovery deadline of December 6, 2019, the deadline for requests for admissions of January 17, 2020, and the fact discovery deadline of February 28, 2020.  Thus, regardless of the present extension, if the Plaintiffs' claims survive the motions to dismiss of the Babener Defendants (and of any other newly-added Defendants), a new discovery schedule would need to be set for these Defendants.

## C.    Extension to Respond to Discovery

The Plaintiffs served written discovery requests on the Babener Defendants on December 6, 2019.  The discovery requests are extensive.  As noted above, the Babener Defendants intend to file a motion to dismiss the Fifth Complaint (or whichever pleading ultimately controls). Accordingly, it will conserve the resources of the parties to extend the Babener Defendants'

1004301\304913741.v1

deadline to respond to the Plaintiffs' discovery requests until forty-five (45) days after the Court's order on the Babener Defendants' anticipated motion to dismiss.[4]

Courts have repeatedly stayed discovery once a motion to dismiss has been filed, as the dispositive motion may terminate some or all of the case, and defendants should not be forced to engage in costly and time-consuming discovery that may be entirely unnecessary and irrelevant. *See, e.g., Ungar v. Palestine Liberation Organization*, 402 F.3d 274, 294 (1st Cir. 2005) (noting that trial court stayed discovery until resolution of dispositive motion practice); *Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 78 (D. Mass. 1998) (discovery stayed pending resolution of motions to dismiss); *Bettencourt v. Board of Registration in Medicine of Com. of Mass.*, 721 F. Supp. 382, 383 (D. Mass. 1989), *aff'd*, 904 F. 2d 772 (1st Cir. 1990) (discovery stayed pending resolution of motions to dismiss).

In this matter as well, the Court has repeatedly entered stays of discovery for other Defendants pending an order on their motions to dismiss. (ECF Nos. 110 at ¶ 8, 670, 720). Although here the Babener Defendants have not yet filed their motion to dismiss, this is only because of (i) the present uncertainty caused by the pending motions addressing which version of the Complaint will control, and (ii) the statutory period for responding to any version of the Complaint has not run.

As noted above, extending this response date for the Babener Defendants will not create any additional delays in this case, as the new Defendants added to the case by way of the Fifth Complaint (or any other Complaint that may be the operable one) will need more time to conduct

---

[4] In any event, the discovery requests are premature as the Plaintiffs have not provided the Babener Defendants with the required disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(a), and the Plaintiffs and Babener Defendants have not had the required conference under Fed. R. Civ. P. 26(f), all of which are prerequisites for serving written discovery.

6

discovery once this Court determines whether they are viable Defendants and, if so, which claims are viable.

WHEREFORE, the Babener Defendants, without opposition from the Plaintiffs, request that this Court stay the deadline for the Babener Defendants to respond to the Plaintiffs' Fifth Complaint until thirty (30) days after the Court has issued its orders on the Plaintiffs' pending motions to reconsider and "to permit amendment" of the Fourth Complaint, filed as ECF Nos. 781-786, and for an extension of the time for the Babener Defendants to respond to the Plaintiffs' discovery requests until forty-five (45) days after the Court issues its order on the Babener Defendants' anticipated Motion to Dismiss.

## LOCAL RULE 7.1 CERTIFICATION

I, Andrew M. Schneiderman, hereby certify that pursuant to Local Rule 7.1(a)(2), I discussed Defendants Attorney Jeffrey A. Babener and Babener & Associates' Motion for Extension of Time to Respond to Fifth Amended Complaint and to Plaintiffs' Discovery Requests with counsel for Plaintiffs, Robert Bonsignore on January 10, 2020. Attorney Bonsignore indicated that Plaintiffs would not oppose Defendants' motion.

*/s/ Andrew M. Schneiderman*_____
Andrew M. Schneiderman

Dated: January 10, 2020

1004301\304913741.v1

Respectfully submitted,

Attorneys for Defendants
JEFFREY A. BABENER and BABENER &
ASSOCIATES

By: Their Attorneys

*/s/ Andrew M. Schneiderman*
David A. Grossbaum, BBO #546020
Andrew M. Schneiderman, BBO #666252
Jordan S. O'Donnell, BBO #684001
HINSHAW & CULBERTSON LLP
53 State Street 27th Floor
Boston, MA 02109
dgrossbaum@hinshawlaw.com
aschneiderman@hinshawlaw.com
jodonnell@hinshawlaw.com
617-213-7000
617-213-7001  (facsimile)

Dated: January 10, 2020

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent by U.S. Mail to those indicated as non-registered participants, if any, on January 10, 2020.

/s/ *Andrew M. Schneiderman*
Andrew M. Schneiderman

1004301\304913741.v1