# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE:

TELEXFREE SECURITIES LITIGATION

**This Document Relates To:**

**All Cases**

MDL No. 4:14-md-2566-TSH

### INTERNATIONAL PAYOUT SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE OR IN THE ALTERNATIVE TO DISMISS PLAINTIFFS' FIFTH CONSOLIDATED AMENDED COMPLAINT AND PLAINTIFFS' FIFTH CONSOLIDATED AMENDED COMPLAINT (CORRECTED)

Defendant International Payout Systems, Inc. ("IPS" or "Defendant") submits this memorandum in support of its motion, pursuant to Fed. R. Civ. P. 12(f) and 12(b)(6), to strike or in the alternative to dismiss for failure to state a claim Plaintiffs' Fifth Consolidated Amended Complaint ("FiCAC I") (Dkt. 779) and Plaintiffs' Fifth Consolidated Amended Complaint (Corrected) ("FiCAC II") (Dkt. 790).

### I.      Plaintiffs' FiCAC I and FiCAC II Were Filed in Violation of Rule 15(a)(2) and Should Be Struck

Pursuant to Fed. R. Civ. P. 15(a)(2), before amending a pleading Plaintiffs are required to obtain either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs did not seek or acquire IPS' consent to file FiCAC I or FiCAC II.[1] Instead, on November 29, 2019, the day any amended pleadings were due per this Court's Scheduling Order of September 23, 2019 (Dkt. 756), Plaintiffs filed a Motion to Reconsider and to Permit

---

[1] As far as IPS is aware, Plaintiffs did not obtain consent from any other defendant either.

Amendment (Dkt. 783).[2] On the same date, without receiving a ruling on the motion or leave to file an amended complaint, and without even allowing Defendants an opportunity to respond to their motion, Plaintiffs filed their 424-page FiCAC I (Dkt. 779).

On December 4, 2019—five days after the deadline for amended pleadings had elapsed—Plaintiffs filed their 430-page "corrected" FiCAC II, again without a ruling on their motion and without leave to do so (Dkt. 790). To date, Plaintiffs have yet to receive permission from the Court to file an amended complaint.

Plaintiffs should be well aware that leave is required to file an amended complaint. The docket for this case is replete with Plaintiffs seeking and obtaining permission from the Court to file amended complaints (see, e.g., Dkt. 252, 379, 473, 495). Moreover, this Court struck Plaintiffs' First Consolidated Amended Complaint because Plaintiffs had failed first to obtain leave to file it (Dkt. 110 at 2).

Plaintiffs have thus filed FiCAC I and FiCAC II in violation of Rule 15. Additionally, FiCAC II, which Plaintiffs did not even move for leave to file, was untimely. Both should be struck from the docket.

## II. Plaintiffs' Third, Fourth, Fifth, and Tenth Claims for Relief Should Be Dismissed As to IPS for Failure to State a Claim

### A. Plaintiffs' Third and Fourth Claims in FiCAC I and FiCAC II Are Identical to Claims Previously Dismissed

Even if FiCAC I and/or FiCAC II meet Rule 15 requirements, Plaintiffs' Chapter 93/93A aiding and abetting claim (Third Claim) and unjust enrichment claim (Fourth Claim) should be dismissed as to IPS.

---

[2] Any contention by Plaintiffs that they already had leave from the Court to file an amended complaint based on the inclusion of an amended pleadings filing deadline in the Court's September 23, 2019 Order is belied by their filing of this motion requesting leave.

On January 29, 2019, this Court entered a Memorandum and Order ("Jan. 29 Order") (Dkt. 601) granting IPS' motion to dismiss identical claims in the Second Consolidated Amended Complaint (Dkt. 173). The Court's prior dismissal of these two claims was not based upon insufficient allegations by Plaintiffs. Rather, the Court determined that neither claim could be brought against IPS as a matter of law.[3]

With respect to the Third Claim, this Court explained in its Jan. 29 Order that a statute must expressly enumerate when private liability exists for aiding and abetting violations (Dkt. 601 at 4). Neither M.G.L. ch. 93 nor M.G.L. ch. 93A explicitly provides for private liability relating to aiding and abetting.[4] Id. As such, this Court held that no separate cause of action for aiding and abetting exists under Chapters 93/93A. Id.

The Court dismissed the Fourth Claim because to state a claim for unjust enrichment, Plaintiffs had to demonstrate that they conferred a benefit on IPS, something they could not show.[5] Id. at 5. Although Plaintiffs have tweaked their allegations concerning IPS in FiCAC I and FiCAC II, nothing in either alleges such a benefit.

Even if Plaintiffs are allowed to proceed in this case pursuant to FiCAC I or FiCAC II, none of their amendments in either pleading alter these two claims as to IPS. The reasoning that

---

[3] Plaintiffs cannot now challenge dismissal of these claims. While Plaintiffs have filed at least two other motions to reconsider dismissal of claims against other defendants (see, e.g., Dkt. 781, 783), they have filed no such motion with respect to IPS. Any objections to such dismissal at this late date have been waived.

[4] The Court also explained that "the cases where courts in this district have held that parties may incur liability under Chapters 93 and 93A specifically refer to the 'breach of fiduciary duty', and not Section 69, which covers illegal Multi-Level Distribution Company ('MLM') actions." (Dkt. 601 at 4).

[5] "Assuming arguendo that [fees paid to IPS and other defendants categorized by Plaintiffs as "payment processors"] were for payment processing services, it was TelexFree, not the Plaintiffs which conferred the alleged benefit on the Defendants. Therefore, only TelexFree would have standing to assert a claim relating to the alleged benefit." (Dkt. 601 at 5) (citation omitted).

supported dismissal of both claims remains intact and valid. As such, if the Court declines to strike either FiCAC I or FiCAC II, Plaintiffs' Third and Fourth Claims should be dismissed as to IPS.

### B.      Plaintiffs' Fifth and Tenth Claims

IPS further seeks to dismiss Plaintiffs' civil conspiracy claim (Fifth Claim) and tortious aiding and abetting claim (Tenth Claim), for the reasons set forth in its motion to dismiss Plaintiffs' Second Consolidated Amended Complaint (Dkt. 173).[6]

### <u>Conclusion</u>

WHEREFORE, IPS respectfully requests that this Court strike Plaintiffs' FiCAC I and FiCAC II from the docket, or in the alternative dismiss Plaintiffs' Third, Fourth, Fifth, and Tenth Claims as to IPS.

Dated: January 10, 2020

Respectfully submitted,
INTERNATIONAL PAYOUT SYSTEMS, INC.
By its attorneys,

*/s/ Diana Van Leeuwen*
Justin P. O'Brien (BBO # 658765)
Anthony E. Fuller (BBO # 633246)
Julia McLetchie (BBO # 671106)
Diana Van Leeuwen (BBO # 703058)
Hogan Lovells US LLP
125 High Street, Suite 2010
Boston, MA 02110
justin.obrien@hoganlovells.com
anthony.fuller@hoganlovells.com
julia.mcletchie@hoganlovells.com
diana.vanleeuwen@hoganlovells.com
(617) 371-1000
(617) 371-1037 (facsimile)

---

[6] Counsel recognizes that this Court, in its Jan. 29 Order, previously denied IPS' motion to dismiss with respect to Plaintiffs' Fifth and Tenth Claims (Dkt. 601).

4

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, a copy of this document was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing, and that paper copies will be sent to those indicated as nonregistered participants.

Dated: January 10, 2020
*/s/ Diana Van Leeuwen*
Diana Van Leeuwen (BBO # 703058)