UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL CASES | MDL No. 4:14-md-2566-TSH |

ORDER PRELIMINARILY APPROVING SETTLEMENTS WITH
DEFENDANTS JOSEPH CRAFT AND CRAFT FINANCIAL SOLUTIONS, INC.,
BASE COMMERCE, LLC, SYNOVUS BANK, AND CERTAIN RELATED PARTIES,
APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING HEARING
ON FAIRNESS OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)

Having come before the Court is the Motion of Plaintiffs Waldamara Martin, Igor Shikhman, Tyzza Hartman, Edivaldo A. Reis and Rita Dos Santos (together "Plaintiffs" or "Proposed Class Representatives") for an Order: (1) preliminarily approving the settlements with Defendants Base Commerce, LLC ("Base Commerce"), John Hughes, Brian Bonfiglio, John Kirchhefer and Alexander Sidel (together with the "Base Commerce Defendants") and Defendant Synovus Bank (together with the Base Commerce Defendants, the "Base/Synovus Defendants"), pursuant to the terms and conditions of the settlement agreement, dated February 26, 2019 (the "Base/Synovus Agreement"); and Defendants Joseph Craft and Craft Financial Solutions, Inc. (the "Craft Defendants") and related parties BWFC Processing Center, LLC, ACE LLP and Audra Craft (collectively with the Craft Defendants, the "Craft Parties") (together with the Base/Synovus Defendants, the "Settling Defendants/Related Parties"), pursuant to the terms and conditions of the settlement agreement, dated September 6, 2019 (the "Craft Agreement") (collectively with the Base/Synovus Agreement, the "Settlement Agreements"); (2) approving the form of Notice and the dissemination of such notice; (3) provisionally certifying a Settlement

1

Class under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of effectuating the Settlement Agreements and the final approval thereof; (4) scheduling a hearing to consider final approval of the Settlement Agreements pursuant to Fed. R. Civ. P. 23(e), and to consider the application for Attorneys' Fees and Expenses by Class Counsel and the application for an incentive awards to the Proposed Class Representatives and other named plaintiffs; and upon the Court's consideration of such Motion, the Settlement Agreements and exhibits attached thereto, and the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

1.  To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreements.

2.  The Court has jurisdiction over the subject matter of the cases comprising MDL 2566 and over all parties to those cases, including all members of the Settlement Classes and the Settling Defendants/Related Parties.

3.  The Settlement Agreements are hereby PRELIMINARILY APPROVED as appearing on their face to be fair, reasonable, and adequate; to be in the best interests of the Settlement Class; to fall within the range of possible final approval; to have been the product of serious, informed, and extensive arm's-length negotiations among the parties; to reflect a hard-fought compromise of claims that have been actively litigated before this Court ever since this MDL was established in October 2014; and to merit submission to the members of the Settlement Class for their consideration.

4.  The Court hereby appoints Robert J. Bonsignore, BONSIGNORE TRIAL LAWYERS, PLLC, 3771 Meadowcrest Drive, Las Vegas, Nevada 89121 as Lead Counsel for the Settlement Class. The Court also hereby appoints the following attorneys members of the Settlement Class Executive Committee: Ronald Dardeno of the Law Offices of Frank L.

Dardeno, LLP, 424 Broadway, Somerville, MA 02145; William L. Coulthard of Kemp, Jones & Coulthard, LLP, 3800 Howard Hughes Parkway, Seventeenth Floor, Las Vegas, NV 89169; D. Michael Noonan of Shaheen and Gordon, 140 Washington Street, P.O. Box 977, Dover, NH 03821; R. Alexander Saveri of Saveri & Saveri, Inc., 706 Sansome Street, San Francisco, CA 94111; and William Baldiga of Brown Rudnick LLP, One Financial Center, Boston, MA 02110 (collectively, "Class Counsel"). The Court further finds that they have zealously represented the putative class.

5. The Court finds that the form as provided in Attachment 3 to the Memorandum in Support of the Motion for Preliminary Approval and method of Notice to the Settlement Class is APPROVED.

6. TelexFree has conducted its business via the internet and communicated with Class Members through email, this digital means of providing notice by email is the best practicable under the circumstances. Notice by email to members of the Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfies the due process rights of the Class Members. The proposed notice plan is designed to effectively reach potential Class Members utilizing direct notice by email, will deliver plain language notice that will capture potential Class Members' attention, and provide them with the information in an informative and easy to understand manner that is necessary to effectively understand their rights and options. The additional support including a toll-free number and a website also supports the proposed method and manner of notice. The Notice will provide that Class Members may request exclusion by sending a written, mailed request to the Settlement Administrator.

7. The Court hereby APPROVES the selection of A.B. Data, Ltd. to perform the duties of the Claims Administrator for the Settlement Agreements.

8.  The Claims Administrator shall provide notice to the Settlement Class in substantially the form provided in Attachment 3 to the Memorandum in Support of the Motion for Preliminary Approval, pursuant to Paragraphs 52-57 of the Settlement Agreements. Notice shall also be provided to Stephen Darr, as Trustee of the bankruptcy estates of TelexFree, LLC and TelexFree Financial, Inc.

9.  On or before five days after Preliminary Approval, the Settling Defendants/Related Parties shall provide notice of the proposed settlement to appropriate Federal and State Officials, pursuant to 28 U.S.C. § 1715, and to Stephen Darr, as Trustee of the bankruptcy estates of TelexFree, LLC and TelexFree Financial, Inc.

10. The Claims Administrator shall serve the Notice and shall file an affidavit or declaration attesting to the dissemination of the Notice and listing all valid requests for exclusion from the Settlement Class.

11. The Court finds further that the form and manner of delivery of the Notice directed hereby and in the Settlement Agreements meet the requirements of Fed. R. Civ. P. 23(e)(1)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all members of the Settlement Class.

12. A Final Approval Hearing is hereby SCHEDULED to be held before the Court on _____, 2020, at ___ _.m in Courtroom ____ for the following purposes:

   a) to determine finally whether the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3);

   b) to determine whether the proposed Settlement Agreements are fair, reasonable, and adequate, and should be approved by the Court;

   c) to determine whether the Final Judgment should be entered, and to determine

whether the Settling Defendants/Related Parties should be released from liability as provided in Paragraphs 39 and 42 of the Settlement Agreements;[1]

d) to determine whether the Class benefits described in Paragraphs 10 and 13 through 38 of the Settlement Agreements are fair and reasonable, and should be approved by the Court;

e) to consider whether the application by Class Counsel for an award of Attorneys' Fees and Expenses and for incentive payments to Class Representatives and other named Plaintiffs, as defined in Paragraph 60 of the Settlement Agreements, are fair and reasonable and should be approved by the Court; and

f) to rule upon such other matters as the Settlement Agreements contemplate, and as the Court may deem appropriate.

13. The Parties' papers with respect to any matter to be considered during the Final Approval Hearing, including any application for an award of Attorneys' Fees and Expenses, together with papers in support thereof, shall be filed with the Court and served on all other Parties on or before _____, 2020. Copies of such materials shall be available for inspection at the Office of the Clerk.

14. At the Final Approval Hearing, the Court shall consider comments or objections to the certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3), the Settlement Agreements, the Class benefits provided by the Settlement Agreements, and the requests for awards of Attorneys' Fees and Expenses and the incentive awards, but only if such comments or objections and any supporting papers are filed in writing or electronically with the Clerk of the

---

[1] Jason Doolittle is not a party to the Base Commerce Settlement Agreement but he is being released/dismissed as a former officer of Base Commerce pursuant to the terms of that Agreement.

5

Court, United States District Court for the District of Massachusetts, Robert M. Farrell, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, on or before a date that is thirty-five (35) days after the initial dissemination of class Notice, and, by the same date, copies of all papers are served on each of the following:

| Lead Class Counsel: | Craft Counsel: |
|---|---|
| Robert J. Bonsignore<br>Bonsignore Trial Lawyers, PLLC<br>3771 Meadowcrest Drive<br>Las Vegas, NV 89121<br>Telephone: 781-856-7650<br>Email: rbonsignore@classactions.us | Thomas E. Dwyer, Jr.<br>Jonathan C. Crafts<br>Dwyer LLC<br>10 Derne Street<br>Boston, MA 02114<br>Telephone: 617-227-6000<br>Email: tdwyer@dwyer-llc.com |
| Synovus Bank Counsel:<br><br>John O. Mirick<br>Mirck O'Connell<br>100 Front Street<br>Worcester, MA 01608<br>Telephone: 508-860-1550<br>Email: jmirick@mirickoconnell.com<br><br>Allan G. Snipes<br>Page, Scrantom, Sprouse, Tucker & Ford, P.C.<br>P.O. Box 1199<br>Columbus, GA 31902-1199<br>Telephone: 706-243-5636<br>Email: ags@psstf.com | Defendants Base Commerce, Bonfiglio, Sidel and Kirchhefer Counsel:<br><br>Thomas S. Vangel<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA 02110-2320<br>Telephone: 617-457-4072<br>Email: tvangel@murthalaw.com<br><br>Defendant John Hughes Counsel:<br><br>Kevin G. Kenneally<br>Ben N. Dunlap<br>Freeman Mathis & Gary, LLP<br>60 State Street<br>Suite 600<br>Boston, MA 02109-1800<br>Telephone: 617.963.5968<br>Email: kkenneally@fmglaw.com |

15. Persons wishing to speak at the Final Approval Hearing must send a letter so informing the Clerk of the Court, Lead Class Counsel, and Settling Defendants/Related Parties' Counsel, following the procedure set forth in the Notice.

16. Attendance at the Final Approval Hearing is not necessary in order to object to the

6

Settlement Agreements; however, persons wishing to object orally at the Final Approval Hearing to the approval of the Settlement Agreements or any provision thereof, or the requests for Attorneys' Fees and Expenses or incentive awards, shall state in their written objection(s) their intention to appear at the Final Approval Hearing. As specified in the Notice, written objections must be made under penalty of perjury and must include the following information:

  a) A heading referring to the lawsuit;
  b) The Objector's name, address, telephone number, and the contact information for any attorney retained by the Objector in connection with the objection or otherwise in connection with the lawsuit;
  c) A detailed statement of the specific factual and legal basis for each objection;
  d) A statement as to whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address and telephone number;
  e) A list of any witnesses the Objector may call at the Final Approval Hearing, together with a brief summary of each witness's expected testimony;
  f) A list of and copies of any exhibits which the Objector may seek to use at the Final Approval Hearing;
  g) A list of any legal authority the Objector may present at the Final Approval Hearing;
  h) The Objector's signature executed under penalty of perjury.

17. Any member of the Settlement Class may request exclusion by submitting an Exclusion Letter, signed by the person requesting exclusion, as specified in the Notice. Such request must be postmarked on or before a date that is 35 days after the initial dissemination of

class notice. The Court finds that the Notice adequately apprises Class Members of their right to request exclusion and the procedure for doing so. A Class Member who submits a valid exclusion request will not be bound by the release of any claims pursuant to Paragraph 39 of the Settlement Agreements, will not be eligible to receive any benefits pursuant to Paragraph 10 of the Settlement Agreements, and will not be allowed to make any objection to the Settlement Agreements.

18.     Settlement Class members who stay in the settlement will have further due process rights to administratively contest the amount they are awarded after they are notified what that amount is by sending a letter via certified or registered mail to the Settlement Administrator postmarked no later than twenty-one (21) days after the date that the award is issued that includes:

   a) Their name, home address at time of their transactions with TelexFree, their current home address if different, their phone number, their email address, their email address at the time they conducted business with TelexFree, evidence of their transactions with TelexFree, their estimate of the date range of their transactions with TelexFree, and their estimated dollar transactions with TelexFree;

   b) the name and contact information of all legal counsel(s) that they consulted with as relates to TelexFree;

   c) They may request to supplement their request for review up until a final decision has been made by the Claims Administrator; and

   d) They may further appeal a final decision of the Claims Administrator by appealing to Class Counsel within 7 days of the day they receive the Final

Decision of the Claims Administrator by sending in a Request for Further review together with any additional evidence they may have by certified or registered mail.

19. The Settlement Class is hereby PROVISIONALLY CERTIFIED for purposes of Settlement and as used herein consists of: persons who purchased TelexFree AdCentral or AdCentral Family packages and suffered a Net Loss during the period from January 1, 2012, to April 16, 2014 and submit to the jurisdiction of the MDL 2566 Court. A "Net Loss" means that the class member invested more funds than they withdrew.

20. Plaintiffs are hereby appointed as Class Representatives for the Settlement Class.

21. The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) as follows:

1. Members of the Settlement Class are sufficiently numerous that joinder of all members would be impracticable.

2. The claims of the Proposed Class Representatives for the Settlement Class are typical of the claims of the members of the Settlement Class.

3. The Class Representatives and Class Counsel are all fair and adequate to represent the interests of the Settlement Class.

4. There exist questions of law and fact that are common to the claims of the Settlement Class members.

5. The common questions of law or fact predominate over individualized issues for the Settlement Class members.

6. A class action is superior to other methods available for resolving this controversy.

22. Pending the Final Approval Hearing, the Parties and all members of the Settlement Class are hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any claim asserted in any Consolidated Amended Complaint or to be released pursuant to Section 39 of the Settlement Agreements.

9

23. If the Settlement Agreement is terminated or the Court does not enter Final Judgment approving its terms, this Preliminary Approval Order shall be null, void and of no further force or effect, and each party to the Settlement Agreements shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreements and the stay on discovery and the proceedings as will be lifted.

24. Neither the Settlement Agreements nor the Notice, nor any act performed or document executed pursuant in furtherance of the Settlement Agreements or the Notice: (a) is or may be deemed to be an admission of, or evidence of, the validity of any of Plaintiffs' Claims in MDL 2566, or of any wrongdoing or liability on the part of the Settling Defendants/Related Parties.

25. The Court's certification of a Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such preliminary approval prejudice any rights, claims, or defenses of any non-settling Defendant.

26. The Court hereby retains jurisdiction for purposes of implementing the Settlements Agreements and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreements as may from time to time be appropriate for the resolution of any and all questions or disputes arising thereunder. The Court may, for good cause shown, extend any of the deadlines set forth in this Preliminary

Approval Order or in the Settlement Agreements without notice, or further notice, to the Settlement Class, including the date of the Final Approval Healing.

SO ORDERED this _____ day of _____, 2020.

>  _____
>  Timothy S. Hillman
>  United States District Judge

## CERTIFICATE OF SERVICE

I, Robert J. Bonsignore, hereby certify that on this 26th day of March, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

/s/ Robert J. Bonsignore
Robert J. Bonsignore