# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  TELEXFREE SECURITIES LITIGATION | ) |
| | ) |
| This document relates to: | ) |
| | ) |
| All Cases | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

CIVIL ACTION
NO. 4:14-md-02566-TSH

# THE DISMISSED DEFENDANTS' MEMORANDUM IN OPPOSITION TO
# PLAINTIFFS' MOTION FOR LEAVE TO AMEND

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT .........................................................................................................................6

I.      THE COURT'S DISMISSAL WITH PREJUDICE PRECLUDES AMENDMENTS
        RE-ASSERTING CLAIMS AGAINST THE DISMISSED DEFENDANTS ...................6

II.     THE COURT SHOULD REJECT PLAINTIFFS INVITATION TO RECONSIDER
        ITS PREVIOUS ORDER DENYING RECONSIDERATION........................................11

        A.      Plaintiffs' Request for Re-Reconsideration is Procedurally Improper .................11

        B.      Plaintiffs Fail to Identify Any Exceptional Circumstances Warranting
                Re-Reconsideration of the Court's Prior Rulings ...................................................14

CONCLUSION....................................................................................................................15

## TABLE OF AUTHORITIES

Page

**CASES**

*Acevedo-Villalobos v. Hernandez*,
  22 F.3d 384 (1st Cir. 1994)...............................................................................6

*Badger Pharmacal, Inc. v. Colgate- Palmolive Co.*,
  1 F.3d 621 (7th Cir. 1993) ...............................................................................9

*Bafford v. Twp. Apartments Assocs.*,
  No. 06-657, 2008 WL 11441883 (M.D. Fla. Jan. 7, 2008)................................13

*Bean v. Bank of N.Y. Mellon*,
  No. 12-10930, 2012 WL 13055960 (D. Mass. Sept. 18, 2012)........................10

*Botero v. Commonwealth Limousine Serv. Inc.*,
  No. 12-10428, 2014 WL 6634848 (D. Mass. Nov. 21, 2014) ...........................7

*Brooks v. JP Morgan Chase Bank*,
  No. 14-13068, 2014 WL 12705003 (D. Mass. Dec. 5, 2014)...........................7

*Davis v. TXO Production Corp.*,
  929 F.2d 1515 (10th Cir. 1991) ........................................................................9

*Dunn v. Air Line Pilots Ass'n*,
  193 F.3d 1185 (11th Cir. 1999) ........................................................................9

*Farmacy Records v. Nassar*,
  No. 05-72126, 2008 WL 11355569 (E.D. Mich. Dec. 4, 2008) .......................13

*Gerhardson v. Gopher News Co.*,
  No. 08-537, 2011 WL 13199133 (D. Minn. Feb. 28, 2011)..............................11

*Gross v. Sun Life Assur. Co. of Canada*,
  No. 09-11678, 2010 WL 3564720 (D. Mass. Sept. 9, 2010)............................9

*Hawkins v. Czarnecki*,
  21 F. App'x 319 (6th Cir. 2001) .......................................................................13

*Hilburn v. Bayonne Parking Auth.*,
  No. 07-5211, 2013 WL 1721648 (D.N.J. Apr. 19, 2013)................................12

*In re Fiorillo*,
  No. 10-44179, 2013 WL 4507921 (Bankr. D. Mass. Aug. 23, 2013) ...............9

*In re Sentinel Prod. Corp.*,
  No. 94-598, 1996 WL 377072 (N.D.N.Y. July 1, 1996) ..................................12

*In re Villa Marina Yacht Harbor, Inc.*,
   984 F.2d 546 (1st Cir. 1993) .........................................................12

*Ives v. Agastoni*,
   No. 15-30153, 2015 WL 9647559 (D. Mass. Dec. 14, 2015),
   *report and recommendation adopted,* 2016 WL 79881 (D. Mass. Jan. 5, 2016 ...............7

*Kolling v. Am. Power Conversion Corp.*,
   347 F.3d 11 (1st Cir. 2003) ............................................................9

*Lacey v. Maricopa County*,
   693 F.3d 896 (9th Cir. 2012) .........................................................10

*Mirpuri v. ACT Mfg., Inc.*,
   212 F.3d 624 (1st Cir. 2000) ...........................................................6

*Molinelli-Freytes v. Univ. of Puerto Rico*,
   No. 09-1655, 2011 WL 13209627 (D.P.R. Feb. 23, 2011) ..................................9

*Nelson v. Formed Fiber Techs., Inc.*,
   No. 10-00473, 2012 WL 1247236 (D. Me. Apr. 13, 2012) .................................9

*New Legacy Bldg. & Design, Inc. v. Amos*,
   No. 08-345, 2008 WL 11338820 (D. Ariz. Aug. 13, 2008) ...............................12

*Ortiz v. Mara*,
   435 F. Supp. 3d 330 (D. Mass. 2020) ................................................14

*Oyegbola v. Advantage Assets Inc. II*,
   No. 09-10418, 2009 WL 4738074 (D. Mass. Dec. 7, 2009) ..............................7

*P. Stolz Family P'ship L.P. v. Daum*,
   355 F.3d 92 (2d Cir. 2004) ............................................................9

*Powers v. NWA, Inc.*,
   No. 05-2468, 2006 WL 984738 (W.D. Tenn. Apr. 13, 2006) ............................13

*Standard Quimica De Venezuela, C.A. v. Cent. Hispano Int'l, Inc.*,
   189 F.R.D. 202 (D.P.R. 1999) ........................................................13

*U.S. ex rel. Atkinson v. PA. Shipbld'g Co.*,
   473 F.3d 506 (3d Cir. 2007) ...........................................................9

*Williams v. Wynne*,
   533 F.3d 360 (5th Cir. 2008) ..........................................................9

*Young v. City of Mount Ranier*,
   238 F.3d 567 (4th Cir. 2001) ..........................................................9

**RULES**

Fed. R. Civ. P. 54(b) ...................................................................................................................4

## **INTRODUCTION**

In early 2019, this Court dismissed with prejudice Plaintiffs' claims against the Dismissed Defendants. Dkts. 595, 602, 611. One year later, the Court reaffirmed its prior dismissal rulings by denying Plaintiffs' request for reconsideration and to amend. Dkts. 890, 898. Nonetheless, and even though the Court has now *twice* decided that Plaintiffs' claims against the Dismissed Defendants cannot proceed, Plaintiffs once again seek to reassert claims against the Dismissed Defendants in their proposed "Fifth" (actually Ninth) Amended Complaint.[1] Dkt. 983. Just as before, Plaintiffs' improper attempt to inject legally deficient claims against the Dismissed Defendants into this litigation must be rejected.

*First*, the prior dismissals with prejudice alone foreclose Plaintiffs' latest motion and prohibit Plaintiffs' further attempts to reintroduce claims against them. This is doubly so because this Court has already unequivocally *rejected* Plaintiffs' contention that new evidence or exceptional circumstances justify reversal of the Court's thorough and thoughtful dismissal orders.

*Second*, in the face of this Court's repeated Orders, Plaintiffs' backdoor attempt to revive claims against the Dismissed Defendants through amendment must be seen for what it is: the latest in Plaintiffs' repeated efforts to end-run this Court's rules and rulings. Although Plaintiffs insist that their latest amendment request is "in no way an attempt at circumvention of any of this Court's orders" (Dkt. 984 at 11), and will "not require this Court to revisit any of those [prior] rulings" (*id*. at 48), they nonetheless assert with their next breath that the Court should "revisit its rulings," and that they "stand ready to fully brief" another motion for reconsideration to add back the Dismissed

---

[1] Defendants TD Bank, N.A. ("TD Bank"), Wells Fargo Bank, N.A. ("WF Bank"), PricewaterhouseCoopers LLP ("PwC"), and Bank of America, N.A. ("BANA") are referred to collectively as the "Dismissed Defendants."

Defendants. *Id*. at 13.  In other words, Plaintiffs plainly seek yet another bite of the apple—to *rebrief* the very motion that the Court heard and denied in its entirety earlier this year.  Dkt. 898.  Plaintiffs' thinly veiled request for *re*-reconsideration is plainly improper and should be rejected out of hand.  Plaintiffs' refusal to acknowledge the binding effect of this Court's prior orders wastes judicial and party resources on another round of needless motion practice.

*Third*, even if seeking reconsideration of the Court's denial of their prior motion for reconsideration were proper (it is not), Plaintiffs cannot meet their heavy burden to demonstrate that the remarkable relief they request would be appropriate.  Indeed, Plaintiffs do not even attempt to argue that they can meet the stringent standard for reconsideration or demonstrate that "exceptional circumstances" require this Court summarily to overturn its own opinions and its subsequent order denying reconsideration.  Instead, recognizing that they cannot meet this standard or resuscitate their claims against the Dismissed Defendants through a motion to amend, Plaintiffs suggest that the Court could do so on its own accord, *sua sponte*.  Dkt. 984 at 13.  But Plaintiffs identify no authority suggesting that such a dramatic reversal of this Court's own thoughtful opinions would or could be justified under the circumstances here—and none exists.  For this reason, too, Plaintiffs' motion must be denied.

Plaintiffs' invitation to the Court to revisit its rulings flies in the face of their own statements to this Court.  In their pending Rule 54(b) motion, Plaintiffs unequivocally declared an end to their efforts to revive their claims against the Dismissed Defendants, stating that the Court's rulings "*finally disposed of Plaintiffs' efforts to replead the dismissed claims based upon new evidence*," and "*there remains nothing to be litigated in this tribunal as to the Dismissed Defendants.*"  Dkt. 942 at 2, 8.  Plaintiffs' Motion does exactly what they assured the Court they would not do—ask the Court to "revisit its rulings."  Dkt. 984 at 13.  Plaintiffs' patently

contradictory positions once again undermine the Court's efforts at case management.  Nor should Plaintiffs be allowed to circumvent the Court's orders dismissing all claims against the Dismissed Defendants by adding as party defendants previously identified individual employees of the Dismissed Defendants and then claiming, as they do, that Dismissed Defendants are vicariously liable for their employees' actions.

The Motion should be denied as to the Dismissed Defendants.

## BACKGROUND

Plaintiffs' Motion comes nearly five years after motions to dismiss were fully briefed, and nearly a year and a half after the Court granted those motions in their entirety, dismissing all claims against the Dismissed Defendants with prejudice on January 29, 2019 and February 5, 2019 (the "Dismissal Orders").[2]  On November 29, 2019, after ten months of delay, Plaintiffs sought reconsideration of the dismissal of the Dismissed Defendants and requested leave to amend the Complaint in this case, for the eighth time.  Dkt. 783.  In their opposition, the Dismissed Defendants demonstrated Plaintiffs' repeated violation of court orders and rules, and stressed Plaintiffs' failure to meet the exacting standard applicable to motions for reconsideration and for leave to amend.  *See* Dkt. 838.  In response, Plaintiffs filed a 1,241-page Omnibus Reply with exhibits, attaching purported "expert reports" marshalling their "new evidence" against the Dismissed Defendants.  *See* Dkt. 887.  The factual allegations included in Plaintiffs' November 29 motion and Omnibus Reply were materially identical to those in their latest proposed amended complaint.

In its ensuing order, the Court denied the motion for reconsideration and for leave to amend.  Dkts. 890, 898 (the "March 2, 2020 Order").  The Court's order was unequivocal and

---

[2] *See* Dkts. 595 (PwC), 602 (BANA and TD Bank), 611 (WF Bank).

foreclosed both Plaintiffs' request for reconsideration, as well as proposed amendments asserting claims against the Dismissed Defendants: "*I deny the Plaintiffs' Motion to Reconsider and to Permit Amendment of the dismissals of the Defendants Bank of America, TD Bank, PriceWaterhouseCoopers, and Wells Fargo Bank*." Dkt. 898 (emphasis added).

Having failed to obtain reconsideration of this Court's Dismissal Orders, Plaintiffs next tried a new tactic to drag the Dismissed Defendants back into the case: immediate appeal of this Court's Dismissal Orders. To that end, on March 27, 2020, Plaintiffs filed a Motion for Entry of Final Judgment against the Dismissed Defendants under Fed. R. Civ. P. 54(b) (the "Rule 54(b) Motion") to permit immediate appeal of the dismissals of TD Bank, BANA, WF Bank, and PwC. Dkts. 941, 942. In their Rule 54(b) Motion, Plaintiffs expressly acknowledged that the Court's March 2, 2020 order, which denied their request for reconsideration, was conclusive, foreclosing any further amendment of their pleadings as to the Dismissed Defendants:

> The MTD Dismissal Orders also did not grant leave to replead, and the Reconsideration/Amendment Order further ***finally disposed of Plaintiffs' efforts to replead the dismissed claims based upon new evidence*** . . . . Similarly, the Reconsideration/Amendment Order's denial of Plaintiffs' request for leave to amend their complaint to revive their claims against the Dismissed Defendants based upon the new evidence ***finally disposed of all underlying claims based upon such facts***.

Dkt. 942 at 8 (emphasis added). To eliminate any possible doubt, Plaintiffs confirmed that the Court's decisions also precluded revival of their claims based on any purported "new evidence" against the Dismissed Defendants:

> Through Plaintiffs' Motion for Reconsideration and to Permit Amendment (the "Motion"), Plaintiffs sought to reinstate the Dismissed Defendants as parties to this action and to revive their tortious aiding and abetting claims against them based upon objective, critical new evidence that they believe overwhelmingly remedies the pleading deficiencies identified in the Dismissal Orders. ***In denying the Motion, the Court rejected both alternative bases Plaintiffs presented as available to effectuate inclusion of those new facts and revival of those claims***: (i) reconsideration of the Dismissal Orders' failure to grant leave to replead or (ii) a grant of leave to amend under Federal Rule 15(a) in the interests of justice.

Dkt. 942 at 2 (emphasis added).  Plaintiffs expressly disavowed any future effort to revisit the Court's prior rulings concerning the Dismissed Defendants, flatly declaring, "***With the denial of that Motion, there remains nothing to be litigated in this tribunal as to the Dismissed Defendants.***" *Id*. (emphasis added).

At the April 28, 2020 hearing on the Rule 54(b) motion (Dkt. 971), Plaintiffs once again disclaimed any intention to revisit this Court's rulings regarding the Dismissed Defendants. Plaintiffs' counsel told the Court: "Rule 54(b), final judgment, is appropriate here because among other reasons ***all claims against each of the dismissed defendants have been finally disposed***." 4/28/20 Hr'g Tr. at 10 (emphasis added), attached hereto as Exhibit A.  The Rule 54(b) Motion remains pending.

On April 3, 2020, Plaintiffs filed a Motion for Clarification of the March 2, 2020 Amended Order (Dkts. 943, 944) (the "Motion for Clarification"), in which they sought permission to file yet another motion for leave to amend their complaint.  Plaintiffs sought narrow relief only: they asked if they could seek leave to file an amended pleading adding 19 new Defendants, if their "filing and service of motion to amend . . . fully complies with Local Rule 15.1." Dkt. 944 at 4-5. Plaintiffs did ***not*** ask the Court to reconsider its prior orders dismissing all claims against the Dismissed Defendants; nor did Plaintiffs request leave to file an amended pleading that would revive those dismissed claims.  Instead, Plaintiffs stressed that the Court's prior orders concerning the Dismissed Defendants were final and the subject of their pending Rule 54(b) Motion.  Dkt. 944 at n.10.

On April 8, 2020, the Court granted the Motion for Clarification, stating that "Plaintiff may file a motion for leave to file a further (5th) Amended Complaint.  Said motion shall be filed on or before April 30, 2020 and shall comply with the Local Rules of this court." Dkt. 947.  Nothing in

the Court's ruling authorized Plaintiffs to submit a second request for reconsideration or file proposed amendments re-asserting claims against the Dismissed Defendants.  Indeed, any such amended pleading would be contrary to the Court's prior orders dismissing with prejudice all claims against the Dismissed Defendants and would require entry of an order reconsidering and vacating those rulings.

At Plaintiffs' request, the Court extended Plaintiffs' deadline to seek leave to file an amended complaint until May 14, 2020.  Dkts. 957, 961.  Despite this accommodation, Plaintiffs missed this deadline.  Instead, on May 14, 2020, Plaintiffs filed a Motion to Exceed the Page Limit and Memorandum of Reasons.  Dkts. 978, 979.  Then, without awaiting Court permission, Plaintiffs went ahead and filed a Motion for Leave to Amend and 52-page memorandum in support, on May 19, 2020—five days after the Court-ordered deadline.  Dkts. 983, 984.  To date, the Court has not granted Plaintiffs leave to file a brief exceeding the applicable page limits.

## **ARGUMENT**

### I.      **THE COURT'S DISMISSAL WITH PREJUDICE PRECLUDES AMENDMENTS RE-ASSERTING CLAIMS AGAINST THE DISMISSED DEFENDANTS.**

Plaintiffs' proposed amendments re-asserting claims against the Dismissed Defendants are barred at the threshold because the Court previously dismissed those claims with prejudice.

Almost eighteen months ago, this Court issued a series of detailed and carefully-reasoned decisions granting the Dismissed Defendants' motions to dismiss in their entirety and without leave to amend.[3]  Under settled First Circuit law, those dismissals were with prejudice.  *See, e.g., Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir. 2000) (citing *Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir. 1994), for the proposition that "a final, appealable judgment

---

[3] *See* Dkts. 595 (PwC), 602 (BANA and TD Bank), 611 (WF Bank).

6

results whenever a district court dismisses a complaint 'without expressly granting the plaintiff leave to amend'"); *Oyegbola v. Advantage Assets Inc. II*, No. 09-10418, 2009 WL 4738074, at *4 (D. Mass. Dec. 7, 2009) ("When a district court dismisses a complaint without leave to amend, as here, the court cannot permit a party to amend its complaint under Rule 15(a) unless the court first reopens the case under Rule 59 or 60.").

Those dismissals with prejudice foreclose Plaintiffs from now re-asserting claims against the Dismissed Defendants.  *See, e.g., Ives v. Agastoni*, No. 15-30153, 2015 WL 9647559, at *2 (D. Mass. Dec. 14, 2015) (claims asserted against certain defendants in first complaint that were dismissed with prejudice "cannot be reasserted by means of [a] [s]econd [c]omplaint"), *report and recommendation adopted*, 2016 WL 79881 (D. Mass. Jan. 5, 2016); *Brooks v. JP Morgan Chase Bank*, No. 14-13068, 2014 WL 12705003, at *2 (D. Mass. Dec. 5, 2014) (because earlier action was dismissed with prejudice, plaintiff was precluded from "using this action to make up for deficiencies in the prior complaint"); *Botero v. Commonwealth Limousine Serv. Inc*., No. 12-10428, 2014 WL 6634848, at *2 (D. Mass. Nov. 21, 2014) ("Dismissal with prejudice will ensure that defendant's efforts were not wasted and that plaintiff cannot re-file his class allegations in a new proceeding").

These decisions also remain valid and binding.  Indeed, the Court denied Plaintiffs' subsequent request to reconsider its rulings.  *See supra* at 3-4.  Plaintiffs themselves acknowledge their preclusive effect, stating in their Rule 54(b) Motion that the Court's denial of reconsideration "***finally disposed of Plaintiffs' efforts to replead the dismissed claims based upon new evidence***" and "***finally disposed of all underlying claims based upon such facts***" against the Dismissed Defendants.  Dkt. 942 at 8 (emphasis added); *see id*. at 2 (stating that the Court "rejected both alternative bases Plaintiffs presented as available to effectuate inclusion of those new facts and

revival of those claims"); *see supra* at 3-5.  Hence, the prior Dismissal Orders foreclose Plaintiffs' proposed amendments seeking to re-assert claims against the Dismissed Defendants.

Apart from this fatal obstacle, Plaintiffs' requested amendments should be denied for other reasons.  In their Opposition to Plaintiffs' prior request to amend, the Dismissed Defendants argued at length that Plaintiffs' proposed amendments were improper on two grounds.  First, Plaintiffs' extraordinary delay in seeking amendment—66 months after the filing of the original complaint, 49 months after submission of the motion to dismiss, and nearly one year since the Court granted the dismissal motions—substantially exceeded periods the First Circuit has held constitute "undue delay" and, in and of itself, alone warranted denial of their request to amend.  Second, prejudice to the Dismissed Defendants—a separate, key consideration—also supported denying leave to amend.  In their Opposition, the Dismissed Defendants demonstrated that allowing amendment would not only derail the schedule set by the Court but also severely impair the Dismissed Defendants' preparation of their defense.  The Court accepted the Dismissed Defendants' arguments when it denied Plaintiffs leave to amend.  *See* Dkt. 838 at 27-32; *supra* at 3-4.

The foregoing arguments—which we incorporate by reference rather than duplicate here— apply with even greater force to the current Motion.  Indeed, more than half -a- year has lapsed since Plaintiffs last sought amendment.  In that interval, document discovery has proceeded apace, and significant motion practice on those discovery demands has occurred.  *See* Dkt. 984-4 at 18 (asserting that Plaintiffs reviewed more than 1.5 million pages of discovery from TelexFree entities alone).  This additional passage of time, and the resulting prejudice to the Dismissed Defendants, independently precludes the proposed amendments.

To circumvent the Court's clear prohibition on further amendments as to the Dismissed Defendants, Plaintiffs contend that their proposed amended pleadings include claims against the

Dismissed Defendants solely to preserve their "appellate rights." Dkt. 984 at 11. This argument is unavailing and nonsensical. Under Plaintiffs' logic, this Court would apparently be required to permit the amendment and then dismiss the Dismissed Defendants again—even though the Dismissed Defendants have already been dismissed. Not surprisingly, this convoluted procedure is neither required nor proper.

Virtually every federal appellate court has held that a plaintiff need not re-assert dismissed claims in an amended pleading to preserve its rights on appeal.[4] Courts in this District follow the same approach.[5] Plaintiffs point to *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16, n.10

---

[4] *See, e.g., P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend."); *U.S. ex rel. Atkinson v. PA. Shipbld'g Co.*, 473 F.3d 506, 516-17 (3d Cir. 2007) (repleading not required to preserve claims where repleading would be futile, and "[r]epleading is futile when the dismissal was 'on the merits'"); *Young v. City of Mount Ranier*, 238 F.3d 567, 572-73 (4th Cir. 2001) (concluding that "it is needlessly formalistic to require a plaintiff to replead claims already dismissed without leave to amend in order to preserve the right to appeal the dismissal"); *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008) (rejecting contention that appellant waived Title VII claim by failing to include it in his amended complaint after that claim was dismissed by the district court); *Badger Pharmacal, Inc. v. Colgate- Palmolive Co.*, 1 F.3d 621, 625 (7th Cir. 1993) (finding that plaintiff, by amending the complaint, did not waive any challenge to the district court's dismissal of the misrepresentation claims); *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991) ("[W]e do not require a party to reallege a cause of action on which the district court has conclusively ruled."); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n.5 (11th Cir. 1999) ("[W]e do not require a party to replead a claim following a dismissal under Rule 12(b)(6) to preserve objections to the dismissal on appeal.").

[5] *See, e.g., Gross v. Sun Life Assur. Co. of Canada*, No. 09-11678, 2010 WL 3564720, at *2 (D. Mass. Sept. 9, 2010) (dismissing "for the last time . . . without possibility of resurrection" portions of amended complaint that included dismissed state law claims that plaintiff included "to preserve the issue for appeal"); *In re Fiorillo*, No. 10-44179, 2013 WL 4507921, at *3 (Bankr. D. Mass. Aug. 23, 2013) (holding that defendant "will not lose his right to appeal the dismissal of his claims and properties as set forth in my earlier orders if he files a clear and concise further amended complaint setting forth only those claims and properties which were not previously dismissed, against only those defendants who remain parties"); *Nelson v. Formed Fiber Techs., Inc.*, No. 10-00473, 2012 WL 1247236, at *5 (D. Me. Apr. 13, 2012) (Plaintiff's concern about preserving dismissed claim for appeal in amended complaint was "misplaced"); *see also Molinelli-Freytes v. Univ. of Puerto Rico*, No. 09-1655, 2011 WL 13209627, at *1 n.3 (D.P.R. Feb. 23, 2011)

(1st Cir. 2003), as the basis for their purported concern, but the source of "uncertainty" discussed in that case has since been resolved:  The Ninth Circuit decision discussed by the *Kolling* court has since been overruled and that court has made clear that no waiver concerns arise if dismissed parties are omitted from an amended complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 925-28 (9th Cir. 2012).  In short, the law is clear that Plaintiffs need not reassert dismissed claims to preserve their appellate rights.  The Court should reject Plaintiffs' attempt to circumvent its prior orders dismissing the Dismissed Defendants with prejudice here.

As a final, attempted end-run around the Court's Dismissal Orders, Plaintiffs seek to assert claims against individual employees of each Dismissed Defendant.  Plaintiffs then aver that certain Dismissed Defendants are vicariously liable for these employees' alleged misconduct.  *See, e.g.*, Dkt. 983-1 (Prop. Fifth Am. Compl.) ¶¶ 398, 1176-77.  But Plaintiffs cannot accomplish indirectly what the law prohibits them from doing directly—revive their claims against the Dismissed Defendants.  Separately, Plaintiffs' belated addition of these employees runs afoul of Local Rule 15.1(a), which requires that "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party."  Plaintiffs fail to explain when, and how, they discovered the identity of each proposed new defendant.  Because Plaintiffs cannot satisfy their burden to show they promptly sought to add these proposed new defendants, their proposed amendments violate Local Rule 15.1(a)'s requirements.  *See Bean v. Bank of N.Y. Mellon*, No. 12-10930, 2012 WL 13055960, at *3 (D.

---

(describing as "patently improper" plaintiffs' intent to "preserve any rights to appeal" by including dismissed claims in third amended complaint).

Mass. Sept. 18, 2012) (barring addition of new defendant where Plaintiff violated Local Rule 15.1(a) by waiting four months to file amended pleading).[6]

For all above reasons, Plaintiffs' proposed amendments re-asserting claims against the Dismissed Defendants should be denied.

## II.     THE COURT SHOULD REJECT PLAINTIFFS' INVITATION TO RECONSIDER ITS PREVIOUS ORDER DENYING RECONSIDERATION.

Because the Court's Dismissal Orders foreclose amendment as a matter of law, Plaintiffs' proposed amendments would be permitted only if the Court were to reconsider and vacate its prior rulings.   Cognizant of this fatal impediment to their proposed amendments, Plaintiffs devote dozens of pages of their brief—and even more pages of their proposed Fifth Amended Complaint—to rehashing "factual allegations" regarding the Dismissed Defendants; contending that the evidence amassed "proves the Dismissed Defendants' extensive, knowing and integral participation in the Scheme"; and asking the Court to avail itself of the "opportunity for [the Court's] consideration."  Dkt. 984 at 12.  In short, despite assuring the Court that they do not "seek another bite at the apple" (*Id.* at 11), Plaintiffs proceed to ask for exactly that.  Plaintiffs' invitation to the Court to "revisit its prior rulings" should be rejected.

### A.     Plaintiffs' Request for Re-Reconsideration is Procedurally Improper.

Plaintiffs' veiled request for reconsideration is improper and barred by the federal rules for several reasons.

*First*, indirect or implicit requests for reconsideration are not permitted.  *See, e.g.*, *Gerhardson v. Gopher News Co*., No. 08-537, 2011 WL 13199133, at *4 (D. Minn. Feb. 28, 2011)

---

[6] The individual employees named as putative defendants in Plaintiffs' proposed amended pleading have submitted separate opposition briefs explaining in detail why they should not be added to this action.

("Plaintiff's belated request for leave to amend is effectively a thinly veiled—and improper—motion to reconsider Judge Tunheim's summary judgment rulings."); *New Legacy Bldg. & Design, Inc. v. Amos*, No. 08-345, 2008 WL 11338820, at *5 (D. Ariz. Aug. 13, 2008) (denying leave to file "proposed amended complaint [that] is nothing more than a thinly veiled motion for reconsideration" of the prior judgment entered).  Courts thus routinely reject tacit requests to revisit prior rulings—particularly where, as here, the Court has previously denied identical arguments. *See, e.g., Hilburn v. Bayonne Parking Auth.*, No. 07-5211, 2013 WL 1721648, at *3 n.2 (D.N.J. Apr. 19, 2013) (refusing to consider motion where "the vast majority of Plaintiffs' brief is dedicated to re-arguing the very issues brought in front of this Court" in prior briefing); *In re Sentinel Prod. Corp.*, No. 94-598, 1996 WL 377072, at *2 n.1 (N.D.N.Y. July 1, 1996) (refusing to adjudicate "thinly veiled reconsideration request").

Here, Plaintiffs present precisely the type of veiled request for reconsideration that courts routinely reject. Plaintiffs have not actually moved for any type of relief with respect to the Dismissed Defendants.  Plaintiffs' vague suggestion that the Court should take it upon itself to vacate its prior with-prejudice Dismissal Orders (Dkts. 595, 602, 611)—*after* the Court has already denied reconsideration and leave to amend (Dkt. 898), and *after* Plaintiffs moved for entry of final judgment (Dkt. 941)—is entirely improper and should be summarily rejected.  Plaintiffs rely on *In re Villa Marina Yacht Harbor, Inc.*, to support their argument that a court can afford relief from interlocutory rulings in the interest of justice, but that case stands only for the unremarkable proposition that the court has inherent power to order "various types of 'administrative' actions" including modifying protective orders, staying litigation, and posting of security for costs. 984 F.2d 546, 548 (1st Cir. 1993) (ordering party to deposit monthly mortgage payments into an interest-bearing account during the duration of foreclosure litigation).  Nothing in that precedent

12

supports Plaintiffs' right to the extraordinary relief they suggest the Court should spontaneously issue here. And Plaintiffs themselves acknowledge their request for reconsideration is foreclosed by the Court's March 2 order, which denied their last request for reconsideration. *See* Dkt. 942 at 8 ("The MTD Dismissal Orders also did not grant leave to replead; and the Reconsideration/Amendment Order further finally disposed of Plaintiffs' efforts to replead the dismissed claims based upon new evidence.").

***Second***, courts regularly hold that the federal rules bar *seriatim* motions for ***re***-reconsideration. *See, e.g.*, *Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001) ("[Plaintiff] cites to nothing in the rules that provides for multiple subsequent motions for reconsideration once the district court has issued an order denying a motion for reconsideration."); *Powers v. NWA, Inc.*, No. 05-2468, 2006 WL 984738, at *2 (W.D. Tenn. Apr. 13, 2006) (denying second request for reconsideration because "the Federal Rules of Civil Procedure do not contemplate the filing of repetitive motions"); *Bafford v. Twp. Apartments Assocs.*, No. 06-657, 2008 WL 11441883, at *3 (M.D. Fla. Jan. 7, 2008) ("Plaintiff was not entitled to file multiple reconsideration motions or multiple motions seeking review of various aspects of the summary judgment order under different titles."); *Farmacy Records v. Nassar*, No. 05-72126, 2008 WL 11355569, at *3 (E.D. Mich. Dec. 4, 2008) ("Repeated requests for reconsideration are disapproved and should be viewed with caution, since there is no authority in the rules of civil procedure for seeking reconsideration of the denial of a motion for reconsideration") (citations omitted).[7] So too here.

***Third***, Plaintiffs' motion is untimely. The Court-imposed deadline to amend lapsed on November 29, 2019. The Court never extended this deadline. In this circumstance, Rule 15's

---

[7] It has been nearly one-and-a-half years since the Dismissed Defendants were dismissed from the case, and courts routinely deny requests for reconsideration that are "unreasonably late." *Standard Quimica De Venezuela, C.A. v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999).

"liberal amendment" concept does not apply; rather, for plaintiffs to prevail on their motion they must make a "good cause" showing.  *See Ortiz v. Mara*, 435 F. Supp. 3d 330, 332 (D. Mass. 2020) (Hillman, J.).  Plaintiffs do not even attempt to satisfy this higher standard.  In any event, Plaintiffs also missed the extended deadline of May 14, 2020.  *See* Dkt. 957, 961.  Instead of timely filing their motion on May 14, Plaintiffs instead merely requested permission to file an overlong brief.  Dkt. 979.  Five days later, without waiting for the Court to rule on their request, Plaintiffs filed a 52-page brief in support of their Motion for Leave to Amend.  This belated motion, filed without leave, is plainly untimely and should be rejected for that reason as well.

## B. Plaintiffs Fail to Identify Any Exceptional Circumstances Warranting *Re*-Reconsideration of the Court's Prior Rulings.

Plaintiffs also fail to satisfy the high bar applicable to motions for reconsideration.  *See* Dkt. 838 at 16-18.  Motions for reconsideration are reserved for extraordinary circumstances and require identification of material new facts and evidence not previously considered.  Here, Plaintiffs merely rely on the same averments offered—and rejected by the Court—in their prior motion for reconsideration.  This, plainly, is not enough.

The Dismissed Defendants fully set forth the reasons why amendment is not appropriate the last time this issue was briefed (Dkt. 838), and ***nothing has changed since that time***.  Plaintiffs' current motion does nothing more than repackage the exact same allegations.  Dkt. 838 at n.17.  This means that the Dismissed Defendants' arguments—including their contention that Plaintiffs' request for reconsideration is untimely—apply with even *greater* force to the current Motion, filed by Plaintiffs approximately half -a- year after their last request for reconsideration.  *See* Dkt. 838 at 26-27.

Because Plaintiffs fail to satisfy the exacting standard applicable to motions for reconsideration—let alone explain why *re*-reconsideration is appropriate—their tacit invitation for the Court to revisit its prior rulings should be denied.

## CONCLUSION

Plaintiffs' latest motion improperly seeks to revive claims against the Dismissed Defendants that have already been dismissed with prejudice, and for which reconsideration was already denied. For the foregoing reasons, this Court should deny Plaintiffs' latest motion for leave to amend and strike all allegations as to the Dismissed Defendants from the proposed amended complaint.

Dated: July 2, 2020

Respectfully submitted,

*/s/ Kenneth I. Schacter*
Kenneth I. Schacter
kenneth.schacter@morganlewis.com
Ari M. Selman
ari.selman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

S. Elaine McChesney
elaine.mcchesney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
(617) 951-8166

*Counsel for Defendant Bank of America, N.A.*

*/s/ Jarrod D. Shaw*
Jarrod D. Shaw
jshaw@mcguirewoods.com
Karla L. Johnson

15

kjohnson@mcguirewoods.com
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA  15222
(412) 667-7909

**Counsel for TD Bank NA**


*/s/ Paul O'Connor*
Paul P. O'Connor
Milton, Laurence & Dixon
381 Chandler Street
Worcester, MA 01602
Telephone: (508) 791-6386
Fax: (508) 799-4879
poconnor@mldlaw.com

Gabor Balassa
gabor.balassa@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2186

**Counsel for PricewaterhouseCoopers LLP**


/s/ Robert W. Fuller
Robert W. Fuller
Adam Doerr
Fitz E. Barringer

**Robinson, Bradshaw & Hinson, P.A.**

16

101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
(704) 377-2536

rfuller@robinsonbradshaw.com
adoerr@robinsonbradshaw.com
fbarringer@robinsonbradshaw.com

Paul Samson

RIEMER & BRAUNSTEIN, LLP
Three Center Plasa, 6th Floor
Boston, MA 02108
(617) 523-9000
pasamson@riemerlaw.com

***Counsel for Wells Fargo Bank, NA***

## <u>CERTIFICATE OF SERVICE</u>

I, Jarrod Shaw, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 2, 2020.

*/s/ Jarrod D. Shaw*
Jarrod D. Shaw