UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL CASES | MDL No. 4:14-md-2566-TSH |

MEMORANDUM OF DECISION GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS JOSEPH CRAFT AND CRAFT FINANCIAL SOLUTIONS, INC. AND CERTAIN RELATED PARTIES

On July 8, 2020, Plaintiffs filed their Motion for Final Approval of Settlements with Defendants Joseph Craft, Craft Financial Solutions, Inc., and Related Parties BWFC Processing Center, LLC, ACE LLP, and Audra Craft; Base Commerce, LLC, Synovus Bank, John Hughes, Brian Bonfiglio, John Kirchhefer and Alex Sidel. The Court having reviewed the motions for preliminary and final settlement approval, the settlement agreements, the pleadings, and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of this litigation, and the actions within this litigation and over the parties to the Settlement Agreement, attached hereto as Exhibit 1, including all members of the Settlement Class and Defendants Joseph Craft and Craft Financial Solutions, Inc. (the "Craft Defendants") and Related Parties BWFC Processing Center, LLC, ACE LLP, and Audra Craft (with the Craft Defendants, the "Craft Parties").

1

2.      For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement, to the extent not contradictory or mutually exclusive.

3.      The Court finds that Robert J. Bonsignore of Bonsignore Trial Lawyers, PLLC, previously appointed as Lead Counsel for the Settlement Class, and Ronald Dardeno of the Law Offices of Frank L. Dardeno, William L. Coulthard of Kemp, Jones & Coulthard, LLP, D. Michael Noonan of Shaheen and Gordon, R. Alexander Saveri of Saveri & Saveri, Inc., and William Baldiga of Brown Rudnick LLP, previously appointed as members of the Settlement Class Executive Committee, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, have and will fairly and competently represent the interests of the Settlement Class and Igor Shikhman as Class Representative has and will fairly and adequately protect the interests of the Settlement Class.

4.      The Court finds that the prerequisites to certifying a Settlement Class under Rule 23 are satisfied for settlement purposes in that: (a) there are thousands of geographically dispersed Settlement Class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over individual issues; (c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class, and have retained experienced counsel who have, and will continue to, adequately represent the Settlement Class; and (e) a Settlement Class resolution is superior to individual settlements.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class with respect to the Craft Defendants only:

Persons who purchased TelexFree AdCentral or AdCentral Family packages and suffered a Net Loss during the period from January 1, 2012, to April 16, 2014 and submit to the jurisdiction of the MDL 2566 Court. A "Net Loss" means that the class member invested more funds than they withdrew.

6.      In reviewing the settlement, the Court has considered: (1) that the Class Representatives and Class Counsel have adequately represented the Settlement Class; (2) that the settlement was negotiated at arm's-length; (3) that the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal, Plaintiffs' proposal to defer distribution until later in the litigation, Plaintiffs' limited request for reimbursement of certain litigation expenses and no attorneys' fees at this time, and that there appear to be no agreements required to be disclosed under Rule 23(e)(3); and (4) that the settlement treats all Settlement Class members equitably.

7.      In light of the above considerations and after a hearing, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves and confirms the settlement terms as set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

8.      This Court hereby dismisses on the merits and with prejudice the actions in favor of the Craft Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement.

9.      The Releasees are hereby and forever released from all Released Claims as defined in the Settlement Agreement.

10.      The notice given to the Settlement Class, via direct email and publication to the settlement website, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice,

and said notice fully satisfied the requirements of subdivisions (c)(2) and (e)(1) of Rule 23 of the

Federal Rules of Civil Procedure and the requirements of due process.

11.     Those persons/entities identified in the list attached hereto as <u>Exhibit 2</u> are validly

excluded from the Settlement Class. Such persons/entities are not entitled to any recovery of the

settlement proceeds obtained in connection with the settlement.

12.     Any member of the Settlement Class who failed to timely and validly request to

be excluded from the Settlement Class shall be subject to and bound by the provisions of the

Settlement Agreement, the Released Claims contained therein, and the Final Judgment with

respect to all Released Claims, regardless of whether such members of the Settlement Class seek

or obtain any distribution from the Settlement Fund.

13.     Four objections to the settlement were filed. The objections are hereby overruled.

14.     Without affecting the finality of the Judgment in any way, this Court hereby

retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and any

distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition

of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees,

costs, expenses, and interest; (d) the actions until the Final Judgment has become effective and

each and every act agreed to be performed by the parties all have been performed pursuant to the

Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of

settlement proceeds; and (f) the parties to the Settlement Agreement for the purposes of

enforcing and administering the Settlement Agreement and the mutual releases contemplated by

or executed in connection with the Settlement Agreement.

15.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

that Judgment should be entered and further finds that there is no just reason for delay in the

entry of Judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for the Craft Defendants.

16.     The Court's certification of a Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such final approval prejudice any rights, claims, or defenses of any non-settling Defendant.

17.     Massachusetts law, including the provisions of M.G.L. c. 231B, §4 which bars contribution actions against joint tortfeasors who settle in good faith, without regard to the principle of conflicts of law, shall govern the enforcement and interpretation of the Final Judgment and any other claims arising under or in any way related to the TelexFree Pyramid Scheme.


IT IS SO ORDERED.


Dated:   7/28/20                                          /s/ Timothy S. Hillman
                                                         Hon. Timothy S. Hillman
                                                         United States District Judge