UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL CASES | MDL No. 4:14-md-2566-TSH |

<u>FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS BASE COMMERCE, LLC, SYNOVUS BANK, JOHN HUGHES, BRIAN BONFIGLIO, JOHN KIRCHHEFER, AND ALEX SIDEL</u>

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Plaintiffs and Defendants Base Commerce, LLC, Synovus Bank, John Hughes, Brian Bonfiglio, John Kirchhefer, and Alex Sidel (the "Base/Synovus Defendants"), as set forth in the parties' settlement agreement dated February 26, 2019 (the "Settlement Agreement"), in the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed, has determined (1) that the Settlement Agreement should be approved, and (2) that there is no just reason for delay of the entry of this Judgment approving the Settlement Agreement. Accordingly, the Court directs entry of Final Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement Agreement.

Good cause appearing therefor, it is ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this litigation and the actions within this litigation and over the parties to the Settlement Agreement, attached hereto as <u>Exhibit 1</u>, including all members of the Settlement Class and the Base/Synovus Defendants.

2. For purposes of this Final Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement, to the extent not contradictory or mutually exclusive.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, after a hearing, the Court hereby finally approves and confirms the settlement terms as set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class with respect to the Base/Synovus Defendants only:

> Persons who purchased TelexFree AdCentral or AdCentral Family packages and suffered a Net Loss during the period from January 1, 2012, to April 16, 2014 and submit to the jurisdiction of the MDL 2566 Court. A "Net Loss" means that the class member invested more funds than they withdrew.

5. Those persons identified in the list attached hereto as <u>Exhibit 2</u> are validly excluded from the Settlement Class. Such persons are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained in connection with the Settlement Agreement.

6. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Final Judgment with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement Fund.

7.      The Court hereby dismisses on the merits and with prejudice these actions in favor of the Base/Synovus Defendants and Jason Doolittle[1], with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement.

8.      All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

9.      The Releasees are hereby and forever released from all Released Claims as defined in the Settlement Agreement.

10.     Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and any distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) the parties to the settlement for the purposes of enforcing and administering the Settlement Agreement and the mutual releases contemplated by or executed in connection with the Settlement Agreement.

11.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in

---

[1] Jason Doolittle is not a party to the Settlement Agreement, but he is being released/dismissed as a former officer of Base Commerce pursuant to the terms of the Settlement Agreement.

the entry of Final Judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for the Base/Synovus Defendants and Jason Doolittle.

12. Massachusetts law, including the provisions of M.G.L. c. 231B, §4 which bars contribution actions against joint tortfeasors who settle in good faith, without regard to the principle of conflicts of law, shall govern the enforcement and interpretation of the Final Judgment and any other claims arising under or in any way related to the TelexFree Pyramid Scheme.

IT IS SO ORDERED.

Dated: 7/28/20

/s/ Timothy S. Hillman
Hon. Timothy S. Hillman
United States District Judge