UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION <br><br> This Document Relates to: <br> ALL CASES | MDL No. 4:14-md-2566-TSH |

ORDER PRELIMINARILY APPROVING SETTLEMENTS WITH
DEFENDANTS FIDELITY CO–OPERATIVE BANK AND JOHN MERRILL,
APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING HEARING
ON FAIRNESS OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)

Having come before the Court is the Motion of Plaintiffs for an Order: (1) preliminarily approving the settlement with Fidelity Co-operative Bank ("Fidelity Bank") and John Merrill and related individuals and entities (together, the "Settling Defendants")[1]; (2) approving the form of notice (the "Notice") and the dissemination of such Notice; (3) provisionally certifying a settlement class under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of effectuating the settlement agreement and the final approval thereof (the "Settlement Class"); (4) scheduling a hearing to consider final approval of the settlement agreement (the "Settlement Agreement") pursuant to Fed. R. Civ. P. 23(e), and to consider the application for Attorneys' Fees and Expenses by Class Counsel and the application for an incentive awards to the Proposed Class Representative and other named plaintiffs; and upon the Court's consideration of such Motion, the Settlement

---

[1] Settling Defendants include their past, present and future employees, officers, directors, corporators, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, fiduciaries, partners, partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, principals, managing directors, members, managers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors, consultants, brokers, dealers, lenders, attorneys, representatives, accountants, insurers, co-insurers, reinsurers, associates and their related parties.

1

Agreement, and the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

1. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the cases comprising MDL 2566 and over all parties to those cases, including all members of the Settlement Class and the Settling Defendants.

3. The Settlement Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate; to be in the best interests of the Settlement Class; to fall within the range of possible final approval; to have been the product of serious, informed, and extensive arm's-length negotiations among the parties; to reflect a hard-fought compromise of claims that have been actively litigated before this Court ever since this MDL was established in October 2014; and to merit submission to the members of the Settlement Class for their consideration.

4. The Court hereby appoints Robert J. Bonsignore, BONSIGNORE TRIAL LAWYERS, PLLC, 23 Forest St., Medford, MA 02155 as Lead Counsel for the Settlement Class. The Court also hereby appoints the following attorneys as members of the Settlement Class Executive Committee: R. Alexander Saveri of Saveri & Saveri, Inc., 706 Sansome Street, San Francisco, CA 94111; Ronald Dardeno of the Law Offices of Frank L. Dardeno, LLP, 424 Broadway, Somerville, MA 02145; and D. Michael Noonan of Shaheen and Gordon, 353 Central Ave., 2nd Floor, P.O. Box 977, Dover, NH 03821 (collectively "Class Counsel"). The Court further finds that they have zealously represented the putative class.

5. The Court finds that the form as provided in Docket No. 1095 is APPROVED.

6.      TelexFree has conducted its business via the internet and communicated with Class Members through email, and this digital means of providing notice by email is the best practicable under the circumstances. Notice by email to members of the Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and satisfies the due process rights of the Class Members. The proposed notice plan is designed to effectively reach potential Class Members utilizing direct notice by email, will deliver plain language notice that will capture potential Class Members' attention, and provide them with the information in an informative and easy to understand manner that is necessary to effectively understand their rights and options. The additional support including a toll-free number and a website also supports the proposed method and manner of notice. The Notice will provide that Class Members may request exclusion by sending a written, mailed request to the Claims Administrator.

7.      The Court hereby APPROVES the selection of A.B. Data, Ltd. to perform the duties of the Claims Administrator for the Settlement Agreement.

8.      The Claims Administrator shall provide notice to the Settlement Class in substantially the form provided in Docket No. 1095, pursuant to Paragraphs 34-39 of the Settlement Agreement.  Notice shall also be provided to Stephen Darr, as Trustee of the bankruptcy estates of TelexFree, LLC and TelexFree Financial, Inc.

9.      On or before five days after Preliminary Approval, the Settling Defendants shall provide notice of the proposed settlement to appropriate Federal and State Officials, pursuant to 28 U.S.C. § 1715, and to Stephen Darr, as Trustee of the bankruptcy estates of TelexFree, LLC and TelexFree Financial, Inc.

10.     The Claims Administrator shall serve the Notice and shall file an affidavit or declaration attesting to the dissemination of the Notice and listing all valid requests for exclusion

from the Settlement Class.

11.     The Court finds further that the form and manner of delivery of the Notice directed hereby and in the Settlement Agreement meet the requirements of Fed. R. Civ. P. 23(e)(1)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all members of the Settlement Class.

12.     A virtual Final Approval Hearing is hereby SCHEDULED to be held before the Court on February 26, 2021, at 2:30 pm for the following purposes:

    a) to determine finally whether the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3);

    b) to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court;

    c) to determine whether the Final Judgment should be entered, and to determine whether the Settling Defendants should be released from liability as provided in Paragraphs 21 to 23 of the Settlement Agreement;

    d) to determine whether the Class benefits described in Paragraphs 10, 14, 15 and 16 of the Settlement Agreement are fair and reasonable, and should be approved by the Court;

    e) to consider whether the application by Class Counsel for an award of Attorneys' Fees and Expenses and for incentive payments to Class Representatives and other named Plaintiffs, as defined in Paragraph 42 of the Settlement Agreement, are fair and reasonable and should be approved by the Court; and

    f) to rule upon such other matters as the Settlement Agreement contemplates, and as the Court may deem appropriate.

13. The parties' papers with respect to any matter to be considered during the Final Approval Hearing, including any application for an award of Attorneys' Fees and Expenses, together with papers in support thereof, shall be filed with the Court and served on all other parties on or before January 4, 2021. Copies of such materials shall be available for inspection at the Office of the Clerk.

14. At the Final Approval Hearing, the Court shall consider comments or objections to the certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3), the Settlement Agreement, the Class benefits provided by the Settlement Agreement, and the requests for awards of Attorneys' Fees and Expenses and the incentive awards, but only if such comments or objections and any supporting papers are filed in writing or electronically with the Clerk of the Court, United States District Court for the District of Massachusetts, Robert M. Farrell, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, on or before a date that is thirty-five (35) days after the initial dissemination of class Notice, and, by the same date, copies of all papers are served on each of the following:

| Lead Class Counsel: | Fidelity Bank Counsel: |
|---|---|
| Robert J. Bonsignore<br>Bonsignore Trial Lawyers, PLLC<br>23 Forest St.<br>Medford, MA  02155<br>Telephone:  781-856-7650<br>Email: rbonsignore@classactions.us | Ian D. Roffman<br>Nutter McClennen & Fish LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210-2604<br>Telephone:617-439-2421<br>Email: iroffman@nutter.com |
| | John Merrill Counsel:<br><br>Michael Pineault<br>Anderson & Kreiger LLP<br>50 Milk Street, 21st Floor<br>Boston, Massachusetts 02109 |

5

|  | Telephone: 617-621-6500<br>Email: mpineault@andersonkreiger.com |
|---|---|

15. Persons wishing to speak at the Final Approval Hearing must send a letter so informing the Clerk of the Court, Lead Class Counsel, and Settling Defendants' Counsel, following the procedure set forth in the Notice.

16. Attendance at the Final Approval Hearing is not necessary in order to object to the Settlement Agreement; however, persons wishing to object orally at the Final Approval Hearing to the approval of the Settlement Agreement or any provision thereof, or the requests for Attorneys' Fees and Expenses or incentive awards, shall state in their written objection(s) their intention to appear at the Final Approval Hearing. As specified in the Notice, written objections must be made under penalty of perjury and must include the following information:

   a) A heading referring to the lawsuit;

   b) The Objector's name, address, telephone number, and the contact information for any attorney retained by the Objector in connection with the objection or otherwise in connection with the lawsuit;

   c) Documentary proof of the Objector's membership in this class action;

   d) A detailed statement of the specific factual and legal basis for each objection;

   e) A statement as to whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address and telephone number;

   f) A list of any witnesses the Objector may call at the Final Approval Hearing, together with a brief summary of each witness's expected testimony;

   g) A list of and copies of any exhibits which the Objector may seek to use at the

       Final Approval Hearing;

    h) A list of any legal authority the Objector may present at the Final Approval Hearing; and

    i) The Objector's signature executed under penalty of perjury.

17. Any member of the Settlement Class may request exclusion by submitting an Exclusion Letter, signed by the person requesting exclusion, as specified in the Notice. Such request must be postmarked on or before a date that is 35 days after the initial dissemination of class notice. The Court finds that the Notice adequately apprises Class Members of their right to request exclusion and the procedure for doing so. A Class Member who submits a valid exclusion request will not be bound by the release of any claims pursuant to Paragraphs 21 to 23 of the Settlement Agreement, will not be eligible to receive any benefits pursuant to Paragraph 10 of the Settlement Agreement, and will not be allowed to make any objection to the Settlement Agreement.

18. Settlement Class members who stay in the settlement will have further due process rights to administratively contest the amount they are awarded after they are notified what that amount is by sending a letter via certified or registered mail to the Claims Administrator postmarked no later than twenty-one (21) days after the date that the award is issued that includes:

    a) Their name, home address at time of their transactions with TelexFree, their current home address if different, their phone number, their current email address, their email address at the time they conducted business with TelexFree, evidence of their transactions with TelexFree, their estimate of the date range of their transactions with TelexFree, and their estimated dollar transactions with

       TelexFree;

    b) The name and contact information of all legal counsel(s) that they consulted with as relates to TelexFree;

    c) They may request to supplement their request for review up until a final decision has been made by the Claims Administrator; and

    d) They may further appeal a final decision of the Claims Administrator by appealing to Class Counsel within 7 days of the day they receive the Final Decision of the Claims Administrator by sending in a Request for Further Review together with any additional evidence they may have by certified or registered mail.

19. The Settlement Class is hereby PROVISIONALLY CERTIFIED for purposes of Settlement and as used herein consists of: persons who purchased TelexFree AdCentral or AdCentral Family packages and suffered a Net Loss during the period from January 1, 2012, to April 16, 2014 and submit to the jurisdiction of the MDL 2566 Court. A "Net Loss" means that the class member invested more funds than they withdrew.

20. Plaintiff Igor Shikhman is hereby appointed as Class Representative for the Settlement Class.

21. The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) as follows:

    1. Members of the Settlement Class are sufficiently numerous that joinder of all members would be impracticable.

    2. The claims of the Proposed Class Representative for the Settlement Class are typical of the claims of the members of the Settlement Class.

    3. The Class Representative and Class Counsel are all fair and adequate to represent the interests of the Settlement Class.

    4.      There exist questions of law and fact that are common to the claims of the Settlement Class members.

    5.      The common questions of law or fact predominate over individualized issues for the Settlement Class members.

    6.      A class action is superior to other methods available for resolving this controversy.

22. Pending the Final Approval Hearing, the parties and all members of the Settlement Class are hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any claim asserted in any Consolidated Amended Complaint or to be released pursuant to Paragraphs 21-23 of the Settlement Agreement.

23. If the Settlement Agreement is terminated or the Court does not enter Final Judgment approving its terms, this Preliminary Approval Order shall be null, void and of no further force or effect, and each party to the Settlement Agreement shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

24. Neither the Settlement Agreement nor the Notice, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Notice is or may be deemed to be an admission of, or evidence of, the validity of any of Plaintiffs' claims in MDL 2566, or of any wrongdoing or liability on the part of the Settling Defendants.

25. The Court's certification of a Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant.  Nor shall such preliminary approval

prejudice any rights, claims or defenses of any non-settling Defendant.

26. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate for the resolution of any and all questions or disputes arising thereunder.  The Court may, for good cause shown, extend any of the deadlines set forth in this Preliminary Approval Order or in the Settlement Agreement without notice, or further notice, to the Settlement Class, including the date of the Final Approval Hearing.

SO ORDERED this 6th day of November, 2020.

>                    ***/s/Timothy S. Hillman***
>                    Timothy S. Hillman
>                    United States District Judge