## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) |
| | ) |
| TELEXFREE SECURITIES LITIGATION | ) MDL No. 4:14-md-02566-TSH |
| | ) |
| This Document Relates To: | ) |
| All Actions | ) |
| | ) |

### PLAINTIFFS' LIMITED OPPOSITION TO

MOTION OF DAVID STEINER & ASSOCIATES, DAVID STEINER, SLOANE AND WALSH, LLP, MYLES W. MCDONOUGH, AND RYAN B. MACDONALD TO WITHDRAW AS COUNSEL FOR DEFENDANT ALLIED WALLET, LTD.    Plaintiffs respectfully submit this memorandum in limited opposition to the Motion of David Steiner & Associates, David Steiner, Sloane and Walsh, LLP, Myles W. McDonough, and Ryan B. MacDonald (collectively, "Moving Counsel") to Withdraw as Counsel for Defendant Allied Wallet, Ltd. ("AWL"). In support hereof, Plaintiffs state: (1) Moving Counsel have failed to make the required showing of "*good cause*" in support of their Motion; (2) Withdrawal would unduly prejudice the Plaintiffs, and (3) Withdrawal at this time would substantially interfere with the efficient administration of justice in this matter. As discussed below, Plaintiffs request that Moving Counsel's motion be denied pending, *inter alia*, clarification of AWL's current legal and operational status, and receipt of all outstanding discovery.

### DISCUSSION

1. **Legal Standard**

As Moving Counsel are seeking to withdraw without any successor counsel appearing for AWL, they are required to demonstrate "*good cause*" before the withdrawal may be allowed. LR

83.5.2. Whether to permit withdrawal lies within the Court's discretion. Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985). In considering the Motion to withdraw, the Court may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal in the efficient administration of justice. Thomas & Betts Corp. v. New Albertson's Inc., 2013 WL 7118025, at *2 (D. Mass. Dec. 4, 2013) (citations omitted). In particular, the Court should also consider "*the public's interest in the prompt, fair and ethical administration of justice*." United States v. Reyes, 352 F.3d 511, 515 (1st Cir. 2003); United States v. Richardson, 894 F.2d 492, 496 (1st Cir.1990); see also In re Cuddy, 322 B.R. 12, 14 (Bankr. D. Mass. 2005) ("*[a]n attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client*").

Furthermore, corporate entities such as AWL may not appear pro se; thus, the Court will be unable recognize the appearance of AWL unless it is accompanied by the appearance of at least one successor attorney. LR 83.5.2(d); Rowland v. California Men's Colony, 506 U.S. 194, 201–202 (1993); Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 374 (D. Mass. 2000). Failure to retain successor counsel may result in default judgment issuing against AWL. Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997).

**2. Moving Counsel Have Not Established Good Cause for Discretionary Withdrawal.**

As a preliminary matter, it is important to note that AWL remains an active defendant in this litigation. Moving Counsel do not aver that AWL has been dissolved, or is in the process of dissolving. Rather, Moving Counsel claim that AWL is "*defunct and non-operational.*" Declaration of David P. Steiner, Doc. 1168, ¶ 2. This, however, is not a legally cognizable characterization of AWL's current corporate status.

Even more importantly, while Moving Counsel aver that as of March 2020 AWL was in liquidation proceedings in the UK (Declaration of David P. Steiner, Doc. 1168, ¶ 3), AWL's own website, https://www.alliedwallet.com/, reveals that the company is currently active and operational. **Exhibit A: AWL Website Screenshots, July 26, 2021**. The site is updated as of 2021 (**Ex. A at p. 3**), and continues to offer payment processing services. AWL also continues to maintain an active profile page on business networking platform LinkedIn, with eighteen (18) employees continuing to list themselves as actively employed by the company. **Exhibit B: AWL LinkedIn Profile Screenshot, July 26, 2021**.

Furthermore, Moving Counsel's Motion omits any mention of AWL's California-based subsidiary. According to the California Secretary of State's database, AWL maintains "Active" corporate status in the state. **Exhibit C: California Secretary of State Summary**. Even if AWL *were* dissolved, it would remain subject to suit "*to the extent of its undistributed assets, including, without limitation, any insurance assets*" under both Massachusetts and California law. *See* Cal. Corp. Code § 2011(a)(1)(A); Mass. Gen. Laws c. 156D, § 14.05. However, the attached documents suggest that, regardless of any liquidation carried out in 2020, AWL is currently actively operating.

Given the foregoing, Moving Counsel has not established that AWL is "*defunct*." Indeed, it appears that AWL has resumed operations, at least to some extent, since the 2020 liquidation referenced by Moving Counsel's papers. At the very least, Moving Counsel's Motion should be denied until they have clarified AWL's current legal and operational status.

> 3. **Permitting Moving Counsel to Withdraw Without Providing Additional Information About AWL Would Substantially Interfere with the Efficient Administration of Plaintiffs' Claims.**

As discussed above, Plaintiffs do maintain active claims against AWL, which Plaintiffs intend to litigate to judgment or other final disposition. Moving Counsel's request to withdraw, if allowed immediately, is likely to seriously interfere with the future administration of Plaintiffs' claims. It would unnecessarily complicate any service and communication with AWL, thereby impeding any cooperation between the parties and the court and delaying any possible resolution. In particular, Plaintiffs and the Court will be left without information essential to the ongoing orderly litigation of this matter, including:

- Whether AWL was dissolved in the UK, and, if so, when;
- Whether AWL has been acquired by a successor entity, and, if so, when and by whom;
- Whether such acquiring entity assumed AWL's liabilities;
- Whether any fund was established, in liquidation or otherwise, for payment of AWL's outstanding liabilities;
- Whether any insurance assets remain available;
- Whether AWL's California-based subsidiary, or any other subsidiary(ies), are still operating;
- Where and how documents should be served on AWL pending an appearance of successor counsel.

In short, Moving Counsel have failed to provide the Court and Plaintiffs with adequate information regarding the current circumstances and condition of their client. Plaintiffs request that Moving Counsel be required to provide the foregoing information, or such other information as the Court deems significant, before any withdrawal is permitted.

In addition, as of the date of this Opposition, Defendant AWL has failed, refused, or neglected to fully respond to Plaintiffs' discovery requests. On December 5, 2019, Plaintiffs' counsel served the Plaintiffs' First Request for Production of Documents upon AWL, following on December 6, 2019 by Plaintiffs' Second Request for Production of Documents and First Set of Interrogatories, and on January 17, 2020 by Plaintiffs' First Set of Requests for Admissions to AWL. To date, Defendant AWL has failed, refused, or neglected to respond to Plaintiffs' Interrogatories and Requests for Admission, and has provided only a partial response to Plaintiffs' Requests for Production of Documents.

On or about July 15, 2021, AWL's Attorney David P. Steiner, Esq. contacted Plaintiffs' Interim Lead Counsel J. Bonsignore to confer regarding Moving Counsel's proposed Motion to Withdraw. During that conferral, Attorney Bonsignore pointed out to Attorney Steiner that AWL's discovery responses remained incomplete, since AWL's counsel had not yet produced all responsive documents in its possession. Attorney Steiner informed Attorney Bonsignore that he would review AWL's discovery responses regarding completeness, and, before filing his motion to withdraw, would inform Attorney Bonsignore whether additional documents remained unproduced. He did not do so. As a result, AWL's discovery remains incomplete.

## CONCLUSION

**In light of the foregoing**, Plaintiffs request that Moving Counsel's Motion to Withdraw as Counsel for Defendant Allied Wallet, Ltd. be denied, until such time as Moving Counsel has completed discovery and provided all information to the Court's satisfaction. Plaintiffs further request such other relief as this Honorable Court shall deem meet and just.

Dated: July 28, 2021

Respectfully Submitted,

*/s/ Robert J. Bonsignore*
Robert J Bonsignore (BBO 547880)
Bonsignore PLLC
23 Forest Street
Medford, Massachusetts 02155
Telephone: (781) 350-0000
Facsimile: (702) 852-5726
rbonsignore@classactions.com

Brian E. Murphy (BBO 666238)
Murphy & Rudolf, LLP
One Mercantile Street, Suite 740
Worcester, MA 01608
Telephone: (508) 425-6330
Facsimile: (508) 536-0834
murphy@murphyrudolf.com

## CERTIFICATE OF SERVICE

I, Brian E. Murphy, hereby certify that on this 28th day of July, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Brian E. Murphy*
Brian E. Murphy