UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL CASES | MDL No. 4:14-md-2566-TSH |

**DECLARATION OF ROBERT J. BONSIGNORE IN SUPPORT OF
PLAINTIFFS' LIMITED OPPOSITION TO
MOTION OF DAVID STEINER & ASSOCIATES, DAVID STEINER, SLOANE AND
WALSH, LLP, MYLES W. MCDONOUGH, AND RYAN B. MACDONALD TO
WITHDRAW AS COUNSEL FOR DEFENDANT ALLIED WALLET, LTD.**

I, Robert J. Bonsignore, declare:

1. I am a partner in the law firm of Bonsignore Trial Lawyers, PLLC, and a member in good standing of the state bars of New Hampshire and Massachusetts. I am also admitted to multiple federal courts across the United States.

2. On December 24, 2014, I was appointed as Interim Lead Counsel for Plaintiffs and the putative class of approximately 750,000 victims ("Plaintiffs") of the multi-billion dollar TelexFree pyramid/Ponzi scheme (the "Scheme") who are seeking to obtain redress for the massive, unrecovered losses they have suffered through the civil actions consolidated before this Court for pretrial multidistrict litigation proceedings (the "MDL"). *See* Dkt. 79.

3. I make this Declaration in response to the Motion of David Steiner & Associates, David Steiner, Sloane and Walsh, LLP, Myles W. McDonough, and Ryan B. MacDonald (collectively, "Moving Counsel") to Withdraw as Counsel for Defendant Allied Wallet, Ltd. ("AWL"). Dkt. 1066.

4. I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Massachusetts that the foregoing is true and correct.

5.     On July 14, 2021 I received a telephone call from Attorney David Steiner advising me that AWL had been absorbed by a larger company, but represented that he did not know by whom.

6.     He further represented that he did not know who would act as successor counsel for AWL, but agreed to provide their identity.

7.     Attorney Steiner stated that he would be filing motion to stay discovery on behalf of two individuals related to AWL, but was not clear as to who and refused to specify when directly asked.

8.     Attorney Steiner did advise me that certain AWL related individuals had been indicted on campaign fraud and that the indictments concern the relationship between TelexFree and AWL, but refused to expound or explain how this supported any anticipated Motion to Stay Discovery.

9.     Attorney Steiner mentioned that he was not being paid by AWL, but was rather being paid by AWL employee Moe Diab and another individual that he refused to identify.

10.    On December 5, 2019, I served the Plaintiffs' First Request for Production of Documents upon AWL.

11.    On December 6, 2019, I served the Plaintiffs' Second Request for Production of Documents and First Set of Interrogatories upon AWL.

12.    On January 17, 2020, I served the Plaintiffs' First Set of Requests for Admissions upon AWL.

13.    To date, Defendant AWL has failed, refused, or neglected to respond to Plaintiffs' Interrogatories and Requests for Admission, and has provided only a partial response to Plaintiffs' Requests for Production of Documents.

14. During my July 14, 2021 telephone call with Attorney Steiner, I pointed out that neither he nor his client have produced all documents requested in Plaintiffs' Requests for Production Documents.

15. Attorney Steiner agreed to review his files and contact me prior to him filing any motions.

16. I explained that as he was so unprepared to discuss this, the call failed to meet the threshold requirements for a meet and confer discussion.

17. Attorney Steiner then abruptly ended the call. He has refused to have any further communication or otherwise contact me to discuss AWL's outstanding discovery.

Executed on July 27, 2021, in Medford, Massachusetts.

/s/ *Robert J. Bonsignore*
Robert J. Bonsignore, Esq.