UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION | ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 4:14-md-02566-TSH |

**ORDER AND MEMORANDUM ON MAURICIO CARDENAS'S MOTION TO DISMISS**
**(Docket No. 1027)**

**December 6, 2021**

**HILLMAN, D.J.**

In the TelexFree multidistrict litigation, Mauricio Cardenas moves to dismiss the claims against him in the fourth consolidated complaint. (Docket No. 1027). Cardenas was named as a defendant in this litigation for the first time in that complaint. He asserts, however, that the plaintiffs (1) did not provide him with notice, as is required by Local Rule 15.1, before naming him as a defendant in the complaint, and (2) failed to effectuate service of the complaint under Fed. R. Civ. P. 4. (Docket No. 1026 at 2, 5).

The Court declines to dismiss the fourth consolidated complaint for violation of Local Rule 15.1. The Court, aware of the plaintiffs' noncompliance with the rule, (Docket No. 501 at 22), allowed the plaintiffs to file the amendment. *See Crowley v. L.L. Bean, Inc.*, 361 F.3d 22, 25 (1st Cir. 2004) ("[A] district court may forgive a party's violation of a local rule."); *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994) ("District courts enjoy broad latitude in administering local rules.").

Likewise, the Court declines to dismiss the fourth consolidated complaint for failure to effectuate service. While Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant within

ninety days of filing a complaint, the deadline may be extended for good cause when, *inter alia*, timely service is outside the plaintiff's control. *See Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993). Here, when the Court allowed the plaintiffs to file the fourth consolidated complaint, it ordered the plaintiffs not to serve any pleadings until after the Court lifted a stay that had placed on all action in the case. (Docket No. 495). Within one month of the Court lifting the stay, the plaintiffs, in February 2019, contacted the Court about issuing summonses. (Docket No. 853 at ¶¶ 7-8). The plaintiffs again requested that the Court issue summonses in March 2019 and January 2020. (Docket No. 715 at 8; Docket No. 853). The Court has not yet done so. Any prejudice to Cardenas from having missed an earlier opportunity to move to dismiss, or now having to review discovery and participate in the litigation, does not warrant preventing the plaintiffs from prosecuting their claims against him due to the Court's delay. *See Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (a district court may exercise discretion with respect to Fed. R. Civ. P. 4(m)).

Upon renewed request, the Court will issue summonses and allow the plaintiffs an opportunity to effectuate service. If the plaintiffs fail to effectuate service, Cardenas may renew this motion. For now, however, Cardenas's motion to dismiss is ***denied***.

**SO ORDERED**

                                                    */s/ Timothy S. Hillman*
                                                  **TIMOTHY S. HILLMAN**
                                                  **DISTRICT JUDGE**