# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION | ) ) ) ) ) ) ) | CIVIL ACTION NO. 4:16-02566-TSH |

## ORDER AND MEMORANDUM ON DEFENDANT BANK OF AMERICA'S MOTION FOR RECONSIDERATION AND DEFENDANT KEVIN STATEN'S MOTION TO DISMISS (Docket No. 1440 & 1482)

1/3/2023

**HILLMAN, D.J.**

This multi-district litigation involves dozens of defendants who allegedly aided and abetted a fraudulent pyramid scheme run by TelexFree. Defendant Bank of America, N.A. ("Bank of America") moves for reconsideration of this Court's denial of its previous motion to dismiss the complaint against it for failure to state a claim. (Docket No. 1440). Defendant Kevin Staten ("Staten") moves to dismiss the complaint against him for failure to state a claim. (Docket No. 1482). Because the two claims share a factual background, this Court considers them jointly. For the reasons below, Bank of America's motion is ***denied*** and Staten's motion is ***granted***.

## Background

The background is taken from this Court's order on the motion to dismiss. (Docket No. 1418). Although Staten is subject to a different complaint than the one referenced in that order, the factual allegations are functionally identical.[1]

---

[1] Staten is only subject to a separate complaint because plaintiffs voluntarily dismissed their claims against Staten in Massachusetts, sued in Florida, and his case was subsequently joined to this multi-district litigation.

In February 2012, TelexFree opened a merchant account with Bank of America Merchant Services and Bank of America. Individuals associated with TelexFree also had private accounts with Bank of America. There were numerous red flags that TelexFree had a fraudulent business model. Presumably in response to those red flags, in August 2012, Bank of America closed the merchant accounts, but allowed TelexFree to transfer money from the merchant account to deposit accounts and continued to allow TelexFree and associated individuals to use the deposit accounts despite suspicious activity. In May 2013, Bank of America closed many of the accounts associated with TelexFree. Although plaintiffs argue that TelexFree continued to maintain accounts at Bank of America, this Court finds that allegation conclusory.

In late 2013, Edwin Gonzalez, the president of International Payout Systems ("IPS"), a co-defendant in this multi-district litigation, organized a meeting between Kevin Staten, a senior vice president at Bank of America, and Joseph Craft, TelexFree's CFO. Gonzalez told Staten that because IPS was handling TelexFree's payment processing, there would be fewer chargebacks and a lower financial risk. Staten told Craft he was concerned that TelexFree was illegal, but agreed to open a new account on February 6, 2014, which was closed and refunded on February 21, 2014. At this point, or sometime thereafter, IPS was, or became a Bank of America customer.

On March 17, Bank of America wired $30 million from an IPS account at Bank of America to a TelexFree account at Wells Fargo. The transaction statement for the wire referenced "Telex Balance." There is no allegation that Staten was involved in the wire transfer.

This Court found that Bank of America had actual knowledge based on (1) its actions in closing accounts due to red flags (2) the meeting with Craft and Gonzalez and the subsequent closure of the account opened by Staten. This Court found substantial assistance only in the wire

transfer, concluding that the account opened by Staten was closed before it could further the fraud.

## Standard of Review

Under Rule 59(e), a motion for reconsideration will only be granted if "the original judgment entered evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007). Although this involves an interlocutory order, and therefore 59(e) is not strictly applicable, these motions are analyzed under the same standard as motions brought under 59(e). *See Tomon v. Entergy Nuclear Operations, Inc.*, No. 05-cv-12539-MLW, 2011 U.S. Dist. LEXIS 95425, at *6 (D. Mass. Aug. 25, 2011).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)).  The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

**Analysis**

1. *Bank of America's Motion for Reconsideration*

Under the relevant standard, Bank of America must either point to a manifest error of law or to new law or evidence that would justify a reconsideration of this Court's order.

a. *Manifest Error of Law*

To adequately allege aiding and abetting liability, the plaintiff must allege a primary tort (which is not, in these proceedings, contested) and (1) actual knowledge of that tort, (2) substantial assistance, and (3) shared intent. Bank of America's arguments as to (1) and (3) concern supposed manifest errors of law in this Court's prior order.

Bank of America argues that this Court held that the phrase "Telex Balance" on the wire transfer is the only evidence of knowledge. That is not true; the complaint alleges that an agent of Bank of America admitted in a meeting it believed TelexFree was an illegal business. That is enough, especially when coupled with the closure of its accounts with TelexFree in response to red flags, to show actual knowledge at the 12(b)(6) stage of litigation.

Similarly, Bank of America argues it cannot be held liable because the wrongdoing—TelexFree "absconding with the funds"—occurred *after* the alleged substantial assistance. But this Court noted that, given the scope of its knowledge, it is plausible that Bank of America knew the wire transfer from IPS to TelexFree would aid and abet the fraud.

The defendants argue that proximate cause was not pleaded because $30 million was recovered during criminal proceedings. There is no support for the notion that the $30 million transferred is part of the $30 million that was seized, especially on a motion to dismiss.

Bank of America argues that actual knowledge does not turn routine banking services—like wire transfers—into substantial assistance. While that is generally true, this Court held that

4

"when a bank has actual knowledge that its routine services are assisting a customer *in committing a specific tort*, the provision of those services may constitute substantial assistance." (emphasis added). (Docket No. 1418, at 12). A plaintiff is not required to allege actual knowledge *of* substantial assistance. But when there is actual knowledge that acts will substantially assist the fraud, the bar for substantial assistance is lowered. "[E]ven ordinary business transactions a bank performs for a customer can satisfy the substantial assistance element . . . if the bank actually knew *those transactions* were assisting the customer in committing *a specific tort*." *Mansor v. JPMorgan Chase Bank, N.A.*, 183 F. Supp. 3d 250, 269 (D. Mass. 2016) (citing *Benson v. JPMorgan Chase Bank, N.A.*, No. C-09-5272 EMC, 2010 WL 1526394, at *4 (N.D. Cal. Apr. 15, 2010)) (emphasis added). A wire transfer can constitute substantial assistance when the bank knows *that* wire transfer will substantially assist a fraud. "[O]n March 17, 2014, it is plausible that Bank of America knew that TelexFree was operating a fraudulent pyramid scheme, that IPS was processing payments for the fraudulent scheme, and that the transfer from IPS to a TelexFree account at Wells Fargo Bank would further the scheme." (Docket 1148, at 13-14).

Finally, Bank of America argues that it was a manifest error of law to find that it shared an intent with the primary tortfeasor. Generally, this prong is met when the other prongs are met. *Massachusetts Port Auth. v. Turo*, 166 N.E.3d 972, 983 n.4 (Mass. 2021) (noting that the superior court did not include an analysis of intent and that previous cases dropped the prong, but noting it was met with knowledge and substantial assistance). And here the allegations are that Bank of America knew services *in this instance* would assist the fraud, so the intent prong is met.

    b. *New Law or Evidence*

Bank of America also argues that there is new evidence, of a sort. Bank of America argues that the complaint erroneously describes the account that the $30 million was wired from as a "TelexFree" account, [2] but during hearings on the motion to dismiss the plaintiffs conceded the account was in fact associated with IPS. Thus, Bank of America argues that it had no opportunity to argue that it could not be held liable for an aiding and abetting claim related to an IPS account. This Court is sympathetic to Bank of America's position, and will consider this new argument as if it came from "new law" or "new evidence."

Bank of America argues that there is no liability for aiding a third party who goes on to aid and abet the primary tortfeasor. Again, generally, this Court agrees. However, in these narrow circumstances, the Court finds liability appropriate. Here, it is not just that Bank of America had actual knowledge of the fraudulent nature of TelexFree's business model. After the meeting with IPS, Bank of America had actual knowledge that because TelexFree was working with IPS there would be fewer *indicia* of fraud—in other words, it had actual knowledge that IPS was aiding and abetting TelexFree. Therefore, it is plausible that Bank of America knew that the transfer from IPS to a TelexFree account would further the fraudulent scheme.

Relatedly, Bank of America argues a case decided by this Court after the order demonstrates that the order was in error. That case concerned the application of a federal law that provides protection from liability from wire transfers. But in that case this Court held that the law in question did *not* preempt the claims and instead found that no actual knowledge could be inferred from the facts alleged. *Bud's Goods & Provisions Corp. v. Doe*, No. 22-cv-40002-TSH,

---

[2] The complaint's language is not consistent. (*See* 5CAC, at ¶ 364 "on March 17 . . . $30 million was wired from a Bank of America account through IPS into TelexFree's Wells Fargo Bank checking account."; *contra id.* at ¶ 382 "On March 17, 2014, $30,000,000 was transferred from TelexFree's Bank of America account *through IPS* to TelexFree, LLC's Wells Fargo account.") (emphasis added).

2022 WL 4451194, at *5-*6 (D. Mass. Sept. 23, 2022). Because that case is inapposite, it neither provides "new law" nor does it reveal an inconsistency in this Court's reasoning.

2. *Staten's Motion to Dismiss*

Plaintiffs bring aiding and abetting claims against Staten. Staten's alleged meeting with Craft and Gonzalez establishes actual knowledge of the primary fraud. And the complaint adequately alleges that Staten *attempted* to provide substantial assistance to that fraud in opening an account after the meeting. But the account in question was closed soon after it was opened and the only deposit in the account was refunded. As this Court previously held, those actions cannot constitute substantial assistance because there is no causal connection between those acts and the harms suffered by the plaintiffs. The only substantial assistance adequately alleged is the wire transfer, and there is no allegation Staten had anything to do with the wire transfer. Staten is a unique defendant. Unlike every other defendant still a party to this multi-district litigation, there is no causal connection between Staten's alleged acts and any harm that came to the plaintiffs. *El Camino Resources, LTD v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 911 (W.D. Mich. 2010) (assistance must further the fraud, not merely aid the tortfeasor, to be considered substantial). Therefore, the motion to dismiss is *granted*.

## Conclusion

For the reasons above, Bank of America's motion for reconsideration is ***denied*** and Staten's motion to dismiss is ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**