**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **IN RE: TELEXFREE SECURITIES LITIGATION** | ) ) ) ) ) ) | **CIVIL ACTION NO. 4:16-02566-TSH** |

**ORDER AND MEMORANDUM ON DEFENDANT THE ESTATE OF JEFFREY BABENER'S MOTION FOR RECONSIDERATION (Docket No. 1436)**

**1/24/2023**

**HILLMAN, D.J.**

The Estate of Jeffrey Babener ("defendant") moves for reconsideration of this Court's denial of his previous motion to dismiss the complaints against him for failure to state a claim and lack of personal jurisdiction. (Docket No. 1436). For the reasons below, the motion is **_denied_**.

**Background**

The background for this case can be found in the order on 8/31/2022 (Docket No. 1418). The analysis of the defendant's conduct is not directly disputed. (*Id.* at 35-42).

**Standard of Review**

Under Rule 59(e), a motion for reconsideration will only be granted if "the original judgment entered evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007). Here, because the defendant seeks a reconsideration of a denial of a motion to dismiss, it is not brought pursuant to that rule (which does not apply to interlocutory orders), but pursuant to the court's inherent equitable powers. The defendant argues that the standard for reconsideration of interlocutory orders is whether they are "in the interests of justice." But this

Court finds case law holding that these motions are interpreted under the same standard as under 59(e) persuasive. *Tomon v. Energy Nuclear Operations, Inc.*, No. 05-cv-12539-MLW, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011).

## Analysis

1. *Choice of Law*

The defendant primarily relies on a recent case from the Massachusetts Court of Appeals that dealt with choice of law in a dispute concerning a lawyer. *Comerica Bank & Tr., N.A. v. Brown & Rosen, LLC*, 101 Mass. App. Ct. 574, 579, 195 N.E.3d 432, 437 (2022). He argues that this case represents "new law" that would affect the outcome of his case and is grounds for reconsideration under the standard above. Courts of Appeals decisions are not binding on this Court. And more importantly, the case cited deals with a *legal malpractice claim*. In such a case, the focus is "on which State has the most significant relationship to the assignability of legal malpractice claim. *Id.* at 579, 437-38. Because Massachusetts has an interest in regulating its lawyers, the Court of Appeals held that Massachusetts law applies. *Id.* at 579-83, 438-41. That many of the facts in that case occurred in Minnesota had little bearing on the Court of Appeal's decision because of the nature of the claim. Here, the claim is aiding and abetting fraud. The focus of that claim is not on defendant's status as an attorney, but his conduct allegedly aiding and abetting fraud. Massachusetts has a strong interest in ensuring its citizens are not defrauded, regardless of the occupation of the fraudster. Therefore, the defendant has not identified any relevant new law.

2. *Personal Jurisdiction*

Defendant also argues that because certain attorney defendants (Garvey Schubert) were dismissed for lack of personal jurisdiction in the order denying his motion to dismiss, his case

should be dismissed as well. The alleged primary assistance provided by the Garvey Schubert defendants was to deal with Spanish authorities, set up accounts in the Cayman Islands, and otherwise move the primary defendants' money out of the reach of United States investigators. The order reasoned most of the actions were not sufficiently aimed at Massachusetts, and those that were could not be the "but for" cause of the plaintiffs' injury. In contrast, the defendant gave the primary defendants' significant advice on operations in Massachusetts and defending themselves in a Massachusetts investigation such that he plausibly helped operate the unlawful scheme. Defendant has not identified a manifest error of law.

## Conclusion

For the reasons above, the motion for reconsideration is ***denied***.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**