UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TELEXFREE SECURITIES LITIGATION                              MDL No. 2566

**TRANSFER ORDER**

**Before the Panel:** Defendants in the action listed on Schedule A (*Foster Garvey*)[1] move under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2566. Plaintiffs oppose the motion to vacate and support transfer.

After considering the argument of counsel, we find that *Foster Garvey* involves common questions of fact with the actions transferred to MDL No. 2566, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing MDL No. 2566, we held that centralization was warranted for actions alleging that the TelexFree companies[2] operated a Ponzi pyramid scheme involving the recruitment of persons to invest in and market TelexFree's telephone service plan and that other defendants aided and abetted the scheme. *See In re TelexFree Secs. Litig.*, 54 F. Supp. 3d 1353, 1353-54 (J.P.M.L. 2014). Among the defendants were TelexFree owners, officers, and senior promoters; certain legal advisers; and numerous banks and payment processing companies.

Like the actions in the MDL, the *Foster Garvey* action arises out of the same alleged pyramid scheme and alleges that defendants – here, four attorneys and their law firm – knowingly provided TelexFree services that aided and abetted the scheme. We also note that the *Foster Garvey* defendants were named in an earlier version of the master complaint in the MDL. The transferee court dismissed those claims for lack of personal jurisdiction, and plaintiffs then reasserted them in the instant *Foster Garvey* action in the forum where the defendants allegedly reside. *Foster Garvey* undoubtedly shares factual questions with the actions in the MDL, and the transferee court is familiar with the claims and well-positioned to manage the pretrial proceedings.

In opposition to transfer, the *Foster Garvey* defendants principally argue that (1) their pending motion to dismiss can be resolved most efficiently outside the MDL; (2) the *Foster Garvey* action raises distinct factual and legal issues that predominate over the common issues; and (3) the MDL is too advanced to include a new action. These arguments are unpersuasive. The Panel routinely transfers actions with pending motions to dismiss, as those motions can be decided by

---

[1] Defendants are Foster Garvey P.C. (f/k/a Garvey Schubert Barer), Robert Weaver, Samuel Kauffman, Sara Sandford, and Gary Tober (together, "the *Foster Garvey* defendants").

[2] The TelexFree companies are TelexFree, Inc.; TelexFree, LLC; and TelexFree Financial, Inc.

the transferee court.³  The presence of some unique questions of fact and local law in *Foster Garvey* is no obstacle to transfer given the common factual core concerning the alleged TelexFree pyramid scheme.⁴  Furthermore, "it is 'within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state.'"⁵  We find that the MDL is not too advanced for the continued transfer of tag-along actions. Discovery is ongoing, and the transferee court is in the best position to streamline the pretrial proceedings in this related action with the proceedings in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Timothy S. Hillman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

³ *See, e.g., In re Blackbaud, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2972, Transfer Order, Doc. No. 113, at 2 (J.P.M.L. Mar. 30, 2021) (transferring tag-along action over defendant's objection that pending motion to dismiss should be decided by the transferor court).

⁴ *See In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012) ("Transfer under Section 1407 does not require a complete identity of factual issues . . . , and the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core.").

⁵ *See In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L.1976)).

IN RE: TELEXFREE SECURITIES LITIGATION     MDL No. 2566

## SCHEDULE A

<u>Western District of Washington</u>

CELLUCCI, ET AL. v. FOSTER GARVEY, ET AL., C.A. No. 2:22−01315