UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION | ) ) ) ) ) ) ) | CIVIL ACTION NO. 4:14-02566-TSH |

### ORDER AND MEMORANDUM ON ATTORNEY PAUL KELLY'S MOTION TO QUASH SUBPOENA (Docket No. 1699)

9/5/2023

**HILLMAN, S.D.J.**

This multi-district litigation involves dozens of defendants who allegedly aided and abetted a fraudulent pyramid scheme run by TelexFree. Attorney Paul Kelly moves to quash a subpoena served on him. (Docket No. 1699). For the reasons below, the motion is ***granted*** in part and ***denied*** in part.

### Background

Carlos Wanzeler ("Wanzeler") was allegedly one of the masterminds of the TelexFree Ponzi scheme. At some point during or prior to the criminal action instituted against him in connection with the Ponzi scheme, Wanzeler fled to Brazil where, as far as the Court or the parties can ascertain, he still resides. Attorney Kelly represents Wanzeler in the criminal proceedings and, for a time, represented him in these civil proceedings. (Docket No. 883) (granting Attorney Kelly's motion to withdraw). These civil proceedings have gone through two phases of document discovery, one in 2020 and one in 2023. The latter round of document discovery has been particularly contentious. (Docket Nos. 1541, 1564, 1580, 1582, 1584, 1586, 1591, 1593, 1608, 1610, 1668, 1692). As the plaintiffs point out in their response to Attorney

Kelly's motion to quash, they have faced significant hurdles to obtaining relevant information, including one defendant's alleged computer crash and another defendant's death.

At the end of July, the plaintiffs served Attorney Kelly with a subpoena requesting five broad categories of documents and communications. Attorney Kelly moved to quash, and in the memorandum supporting that motion averred that he had had no documents responsive to Requests Nos. 1 or 5. In their response, plaintiffs accepted Attorney Kelly's representation, and significantly narrowed the scope of Request No. 3. In his reply, Attorney Kelly averred that he had no non-privileged responses to Request Nos. 2 or 4.

## Standard of Review

Motions to quash subpoenas are governed by Federal Rule of Civil Procedure Rule 45. As relevant here, a Court may modify or quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to an undue burden." Fed. R. Civ. Proc. Rule 45(d)(3)(A). The same relevancy standards that govern Rule 26 discovery govern subpoenas. *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008). Subpoenas directed against opposing counsel are generally disfavored. In deciding whether to quash such subpoenas, courts in this Circuit consider, "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003). These factors are not exhaustive. *Id.* (describing them as "[a]mong the appropriate factors").

## Analysis

1. *Duty to Meet and Confer*

Attorney Kelly has not complied with Local Rule 7.1(a)(2) as he made no attempt to narrow the issues before the Court before filing his motion to quash. Although he alleges that the subpoena was served with no advance notice and with no request to waive service, and although the plaintiffs have given no indication as to why such courtesies were not extended—or why they served such a broad subpoena in the first place—it does not excuse him from compliance with this Court's rules. Had he done so, the back-and-forth that has occurred on this Court's docket would have been avoided. Nonetheless, because the positions of the parties are now known, this Court proceeds with the order.

### 2. Request Nos. 1, 2, 4 and 5

Attorney Kelly represents that he has no documents responsive to Requests Nos. 1 or 5 and plaintiffs accept this as true. In his reply, Attorney Kelly represents that he has no documents responsive to Requests Nos. 2 or 4, with the possible exception of communications between himself and the government. Because communications between Attorney Kelly and the government are not within the scope of either request,[1] Attorney Kelly has nothing responsive to Requests Nos. 2 or 4. Therefore, this Court will not analyze the appropriateness of those requests.

### 3. Request No. 3

Initially, plaintiffs requested "[a]ny file on TelexFree, TelexFree Founders, TelexFree Executives, TelexFree Executives, TelexFree Related Entities, or any TelexFree participant." Apparently conceding that this request would sweep in vast amounts of privileged material, the plaintiffs modified their request in their response to the motion to quash, limiting it to:

---

[1] Request No. 2 "All Documents You produced or received voluntarily or pursuant to a Subpoena from the Department of Justice, the Securities Exchange Commission, the Commonwealth of Massachusetts Secretary of the Commonwealth, or any other Government agency or department related to TelexFree, TelexFree Founders, TelexFree Executives, TelexFree Related Entities, or TelexFree's Business Operations (including its Money Laundering). Request No. 4: "All files, Documents, and Communications the Department of Justice produced or provided to you in *United States v. Carlos Nathaniel Wanzeler, et al.*, Case No. 14-cr-40028 in the United States District Court for the District of Massachusetts.

3

> 1) all bank statements and financial records relating to any account held by TelexFree, TelexFree Founders (including, but not limited to, Carlos Wanzeler), TelexFree Executives, TelexFree Executives, TelexFree Related Entities, or any TelexFree participant; and 2) all communications between Carlos and any defendant or party named in the Fifth Consolidated Amended Complaint; and 3) all communications between Carlos and any financial institution from January 1, 2012, to June 1, 2014.

(Docket No. 1711, at 14). The plaintiffs further clarify that they do not expect any communications covered by attorney-client privilege nor any work product that contains the mental impressions of Attorney Kelly or any other attorney who may have served as counsel for Wanzeler. Therefore, the sole issue remaining before this Court is whether the modified request is reasonable considering the factors in *Bogosian*: (1) whether the subpoena was issued to harass (2) if there are alternative means to obtaining the information and (3) if the information is crucial, relevant and non-privileged. Before turning to those factors, the Court notes the unusual nature of this motion.

### a. Document Production for an Absent Client

The *Bogosian* factors are not exhaustive, and this Court finds it relevant that this subpoena is only a request for documents and that the client is not available to produce the documents himself. This Court can only locate one case in this district concerning subpoenas of attorneys that sought documents rather than depositions.[2] This makes sense, as subpoenas for documents are usually served on the client—which is not possible here. This distinguishes this motion from several disputes involving depositions where the client is available to be deposed. *See, e.g.*, *Petrosyan v. Maserati N. Am., Inc.*, No. 19-cv-12425-DJC, 2020 WL 8458123, at *2-*3 (D. Mass. Nov. 18, 2020); *Bank of America, N.A. v. Barnes Hill, LLC*, No. 16-cv-11583-DJC, 2018 WL 10247150, at *1-*2 (D. Mass. July 26, 2018). Furthermore, much of the reasoning in

---

[2] In that case, the party sought obviously privileged communications between opposing counsel and their client. *Avid Tech., Inc. v. Media Gobbler, Inc.*, No. 14-cv-13746-PBS, 2016 WL 696092, at *5 (D. Mass. Feb. 19, 2016)

the case law Attorney Kelly cites turns on how costly and damaging *depositions* of opposing counsel are. But here, the document production is not any different that the type of Rule 26 production Attorney Kelly would have participated in had his client not fled to Brazil.

### b. Harassment and Relevance (1) and (3)

As to (1), there is no real argument that the plaintiffs are harassing Attorney Kelly. Unlike in *Bogosian*, opposing trial counsel did not serve the subpoena "the day before trial" as an underhanded trial tactic. 323 F.3d at 67. The plaintiffs here filed at the close of document discovery (had they filed earlier, they would have likely failed the second, other viable means prong articulated in *Bogosian*) and seek plainly relevant documents. Indeed, as to (3), the documents sought are at the heart of the case and meet the "crucial" threshold because Wanzeler was one of the "masterminds" of the TelexFree scheme. Nor does the narrowed request include any obviously privileged material. Attorney Kelly's argument to the contrary refers to the initial request in the subpoena, which the plaintiffs have abandoned. Even so, this Court would not hesitate to quash a subpoena involving opposing counsel in these circumstances if the documents could be obtained elsewhere. Therefore, the decision turns on (2), the extent to which plaintiffs have no viable alternatives.

### c. Other Viable Means

In his reply, Attorney Kelly argues that bank statements, financial records, and communications between Carlos and financial institutions could be obtained via the financial institution in question, and communications could be discovered via the other parties in the Fifth Consolidated Amended Complaint ("5CAC"). But as the plaintiffs argue in their response (and Attorney Kelly offers no rebuttal to this point) the plaintiffs have received incomplete or non-responses from several defendants. Again, the latest phase of discovery has been particularly

fractious. Thus, the plaintiffs have demonstrated their need for this subpoena as it applies to parties to this litigation. For non-parties, the plaintiffs have a stronger case: absent this discovery, they will not know who they are. Finally, this Court reiterates that the burden on Attorney Kelly is minimal. He is being ordered to produce the types of documents he would have produced on behalf of his client during Rule 26 discovery had his former client not fled to Brazil—nothing more.

## Conclusion

The Court **_grants_** in part and **_denies_** in part Attorney Kelly's motion to quash. As to Request Nos. 1, 2, 4, and 5, this Court finds that Attorney Kelly has no responsive documents, and an analysis is unnecessary. As to Request No. 3, this Court **_grants_** the motion to quash insofar as the subpoena requests documents beyond the plaintiffs' narrowed request and **_denies_** the motion to quash insofar as the subpoena requests documents consistent with the plaintiffs' narrowed request.

**SO ORDERED**

> _/s/ Timothy S. Hillman_
> **TIMOTHY S. HILLMAN**
> **SENIOR DISTRICT JUDGE**