UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION | ) ) ) ) ) ) ) | CIVIL ACTION NO. 4:14-02566-TSH |

### ORDER AND MEMORANDUM ON WELLS FARGO BANK'S MOTION TO COMPEL (Docket No. 1734)

**November 13, 2023**

**HILLMAN, S.D.J.**

This multi-district litigation involves dozens of defendants who allegedly aided and abetted a fraudulent pyramid scheme run by TelexFree. Wells Fargo Bank, N.A. ("Wells Fargo") moves to compel documents and a privilege log from Plaintiffs. (Docket No. 1734). For the reasons below, the motion is ***granted in part*** and ***denied in part***. As discussed below, the Plaintiffs shall provide from other parties and third-parties the requested non-privileged documents relating to TelexFree participants in their control, non-privileged documents from the Bankruptcy Trustee, non-privileged documents from the Craft Settlement, and the requested documents relating to Notice. Plaintiffs shall comply with the requests above and simultaneously produce a privilege log by December 8, 2023. Fourteen days after the production any disputes or complaints about the sufficiency of document production will be waived.

### Background

In its motion to dismiss, Wells Fargo contested whether plaintiffs adequately alleged a primary fraud in its motion to dismiss, rather than the allegations that it aided and abetted said fraud. (Docket No. 1418, at 5-7). The complaint alleges that certain Wells Fargo employees (as

well as employees of a related entity, Wells Fargo Advisors) were intimately involved in the Telex Free fraud and that Wells Fargo is vicariously liable for their actions. It further alleges that Wells Fargo had actual knowledge that TelexFree was fraudulent via its internal review mechanisms and the public reporting on TelexFree, but continued to provide services to TelexFree and its agents. (Fifth Amended Consolidated Complaint, at ¶¶ 314-504). The plaintiffs and Wells Fargo have been engaged in discovery for nearly a year and have been engaged in multiple discovery disputes. (Docket Nos. 1591; 1678; 1692; 1734).

## Standard of Review

To justify a motion to compel, the information sought must be: "(1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case." *Smith v. Turbocombustor Tech., Inc.*, 338 F.R.D. 174, 176 (D. Mass. 2021) (citation omitted).

## Analysis

1. *Timeliness*

This motion for document production comes almost 90 days after the close of document discovery. The Court appreciates that the parties attempted to resolve this without recourse to a motion and notes that Plaintiffs failed to comply with Wells Fargo's requests by the July 31, 2023 deadline. However, the Court cannot ignore the lateness of this motion. It will not deny it on those grounds, but it colors the relief available to Wells Fargo.

2. *Documents from Other Parties and Third-Parties*

Wells Fargo requests this Court order Plaintiffs to "Provide [Wells Fargo] with complete and unaltered copies of all productions Plaintiffs received from other defendants and third parties, as received by Plaintiffs (with accompanying native files, load files, metadata, extracted text) and all document requests, subpoenas and responses, and cover letters or correspondence."

"[D]istrict courts must be afforded wide latitude in the management of discovery." *Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 834 (1st Cir. 2015). Wells Fargo raises valid complaints about the Plaintiffs' document production practices and inconsistencies between the amount of files Plaintiffs' counsel claims to have received and the amount of files Wells Fargo received. It is not clear Plaintiffs have access to the original documents. The Court does not understand from the filings that the Plaintiffs have destroyed or spoiled evidence, but rather that they have processed the original documents in a way that makes them difficult for Wells Fargo to organize. That said, Plaintiffs did agree to produce original copies in June. In the interest of efficiency, given the late-breaking nature of the request and its technical nature, the Court makes the following order: Plaintiffs are ordered to either comply with Wells Fargo's request and produce original copies of the requested documents, along with the requested accompanying materials, or to explain why such a method of production is no longer possible, and produce the documents requested by another method.

### 3. Documents Relating to TelexFree Participants

Wells Fargo requests this Court order Plaintiffs to "[c]onduct a thorough, good-faith search to produce responsive documents in the possession of Plaintiffs or their counsel relating to all TelexFree participants."

Wells Fargo argues that under Rule 34, "If the documents are responsive and are already in counsel's files, they must be produced—full stop." However, the sources they cite fail to support their broad reading of Rule 34. First, Rule 34 itself reads, "[a] *party* may serve on any other *party* a request within the scope of Rule 26(b): (1) to produce . . . the following items in the *responding party's possession, custody, or control*." (emphasis added). Rule 34 applies to parties. It does not apply to counsel for parties. *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir.

3

2006) ("Rule 34 applies only to parties. It is the [Defendant], not [the Counsel], that is the responsive party in this suit."); *see also* Wright & Miller, Federal Practice and Procedure, § 2208 (3d ed.). Also, Wells Fargo's interpretation of Rule 34 fails to grapple with the presumption against serving *non-party* Rule 45 subpoenas on opposing counsel. *See generally* (Docket No. 1726). That said, any document that the Plaintiffs in this action could request and receive from their counsel is considered to be in their control for the purposes of Rule 34. *See, e.g.*, *American Soc. For Prevention of Cruelty To Animals v. Ringling Bros. and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006); *see also* Wright & Miller, Federal Practice and Procedure, § 2210 (3d ed.). To the extent such documents are privileged work product or protected by attorney-client privilege, Plaintiffs must produce a privilege log. *Cf. Ringling Brothers*, 233 F.R.D. at 212-13 (finding documents were in the client's control, but protected by work product privilege).

Plaintiffs attempts to resist production are not persuasive. First, Plaintiffs construe Wells Fargo request as applying to specific documents. While Local Rule 37.1(b)(5) requires the moving party to set out the specific grounds of their complaint and to meet and confer with the non-moving party prior to filing a motion, Wells Fargo is clearly pointing to specific deficiencies as grounds for a broader motion to compel. *See, e.g.*, (Docket No. 1725, at 5-7) (granting Plaintiffs' motion to compel against Wells Fargo and ordering additional searches based on deficiencies with Wells Fargo's search process as evidenced by the lack of production of specific documents). Second, Plaintiffs argue that TelexFree participants are protected by the Absent Class Member doctrine. The Court has already dismissed this argument. (Docket No 1528, at 4).[1]

---

[1] This Court has previously ruled that the named plaintiffs in the so-called "TelexFree cases" are no longer parties insofar as the consolidated complaints have superseded the original complaints. *See generally* (Docket No. 1528). However, this Court has not ruled on the status of the named plaintiffs in the previous consolidated complaints who have "dropped out." (*Id.* at 3-4). Because the Plaintiffs

4

Furthermore, the chances of abuse are low because Wells Fargo is not actually requesting documents from the "absent class members," but the Plaintiffs in this litigation. *Cf. In re Porsche Automobil Holding SE*, 985 F.3d 115, 121 (1st Cir. 2021) (the primary danger the absent class member doctrine seeks to guard against is that defendants will use discovery to terrorize absent class members into opting out or seek out absent class members to preemptively settle with them). Third, Plaintiffs argue that any information on TelexFree participants is irrelevant to the Aiding and Abetting claims against Wells Fargo. This Court has ruled that TelexFree's fraudulent nature is, generally, undisputed. However, that TelexFree committed a fraud does not prevent a defendant from arguing that there was no fraud against *these plaintiffs*, or, more relevantly for class certification, that the nature of the underlying fraud means that even if it happened, the harms it caused are not suitable for class adjudication.

The Plaintiffs are ordered to conduct a thorough, good-faith search to produce responsive documents in the control of the Plaintiffs—with the gloss above in mind—relating to any TelexFree participants.

### 4.  *Documents from the Bankruptcy Trustee*

Wells Fargo requests this Court order Plaintiffs to "[p]roduce all documents Plaintiffs received from the Bankruptcy Trustee." Plaintiffs argue that they have provided Wells Fargo with the "SIG System" and have otherwise "produced all documents received from the Trustee in the same format as they were received." Wells Fargo points to schedules, analyses, and communications between Plaintiffs' Counsel and the Bankruptcy Trustee that have not been produced and are not available via the SIG system. This Court agrees with Wells Fargo.

---

maintain they will continue to provide discovery regarding those individuals, this Court need not decide that question.

Plaintiffs are ordered to produce all responsive documents received from the Bankruptcy Trustee, including communications with the Trustee, in their control—with the analysis of "control" above in mind—including but not limited to the documents referenced in Wells Fargo's motion. If any of these materials are privileged, Plaintiffs must create a privilege log.

### 5. Documents Concerning Craft Settlement

Wells Fargo requests this Court order Plaintiffs to "[p]roduce all responsive documents relating to Joseph Craft, his settlement with Plaintiffs, and the preparation of the Craft affidavit, including native versions of all draft affidavits." Plaintiffs assert they have "made good faith efforts to produce all non-privileged documents related to the settlement, including communications with Craft's attorney." However, they also assert that they will "search for and produce the March 17, 2017 email referenced in Defendant's Motion." In addition to that specific letter, Plaintiffs shall make a good faith effort to search for any communications with Craft's attorney and produce all non-privileged responsive communications. Plaintiffs also assert that "any internal drafts of Craft's affidavit prepared by Plaintiffs are protected by the attorney-work product privilege." Without ruling on any claim of privilege, including waiver, Plaintiffs must produce a privilege log.

### 6. Setting a Date

In addition to the requests above, Wells Fargo requests documents relating to the notice process in a previous settlement as well as a privilege log. Plaintiffs do not contest these requests, instead arguing that they are in the process of complying with them. In response, Wells Fargo requests this Court set a date for the completion of these tasks, as well as the requests above.

Plaintiffs shall comply with the requests above and simultaneously produce a privilege log by December 8, 2023. Fourteen days after the production any disputes or complaints about the sufficiency of document production will be waived.

## Conclusion

As discussed above, the Plaintiffs shall provide from other parties and third-parties the requested non-privileged documents relating to TelexFree participants in their control, non-privileged documents from the Bankruptcy Trustee, non-privileged documents from the Craft Settlement, and the requested documents relating to Notice. Plaintiffs shall comply with the requests above and simultaneously produce a privilege log by December 8, 2023. Fourteen days after the production any disputes or complaints about the sufficiency of document production will be waived.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**