```
                  United States District Court
                    District of Massachusetts
 _____
                                )
In re: TelexFree Securities     )
Litigation                      )
                                )    Civil Action No.
                                )    14—md-02566-NMG
                                )
 _____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court are motions filed by plaintiffs for "clarification" (Docket No. 1844), for an extension of time (Docket No. 1908) and for a status conference regarding a dismissed defendant (Docket No. 1934), all of which will be denied, and plaintiffs' motion for a case management conference (Docket No. 1999), which will be allowed.

**I.   Motion for Clarification (Docket No. 1844)**

Plaintiffs first move to "clarify" an order of this Court denying their motion for reconsideration of the allowance of defendant Bank of America, N.A.'s motion for summary judgment (Docket No. 1825). Plaintiffs contend that it is unclear whether that Court order "addressed plaintiff's unopposed request for certification under Rule 54(b)" but that contention is frivolous.

-1-

United States District Judge Timothy Hillman, to whom this case was previously assigned, summarily denied plaintiffs' motion for reconsideration in a docket order. He did not append a written opinion on plaintiffs' request for an order permitting immediate appeal pursuant to Fed. R. Civ. P. 54(b) because it was clear on its face that such a request was without merit.

Now, plaintiffs ask this session of the Court to second-guess the decision of Judge Hillman but fail to note that courts are warned 1) to be "loathe [to reconsider orders] in the absence of extraordinary circumstances," Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (citation omitted), and 2) that Rule 54(b) certifications are to be employed sparingly, see Patel v. 7-Eleven, Inc., 638 F. Supp. 3d 79, 82 (D. Mass. 2022). The Court declines plaintiffs' invitation and cautions counsel for plaintiffs not to file superficial pleadings in the future.

**II.  Motion for Sixty-Day Extension (Docket No. 1908)**

Plaintiffs next request an extension of the fact deposition deadline by 60 days and all expert discovery deadlines by 90 days. They contend that despite their best efforts to pursue an aggressive deposition schedule, more time is needed.

Plaintiffs have already moved for and been granted several extensions of time for discovery and the transfer of this multi-

-2-

district litigation from one transferee judge to another has inadvertently afforded them additional time.  There is no need for further extensions to accommodate the apparent lack of diligence on the part of plaintiffs' counsel and accordingly the deadline for fact depositions will be set for May 31, 2024. Plaintiffs will designate their expert witnesses and produce Rule 26 reports on or before May 31, 2024 and defendants the same on or before August 31, 2024.  Other deadline will be established at the forthcoming case management conference.

### III. Motion for Status Conference Regarding Defendant Garvey Schubert (Docket No. 1934)

Plaintiffs also move for a status conference "and notice of pending motions" with respect to former defendant Garvey Schubert, P.C. (now apparently known as "Foster Garvey P.C."). Plaintiffs do not explain precisely what they propose to discuss at such a status conference.

Their motion will be denied.  Judge Hillman dismissed Foster Garvey P.C. and other related defendants in August, 2022, 20 months ago. See Docket No. 1418.  Foster Garvey P.C. is no longer a party to this case and there is absolutely no reason to rehash that historical decision.

**IV.  Motion for a Case Management Conference (Docket No. 1999)**

Finally, plaintiffs move for a case management conference. The Court agrees that such a conference is warranted given that this newly assigned transferee judge has not yet held one in this case.  The conference will not, however, be converted into an opportunity to relitigate matters already decided but will be for a discussion of future deadlines not yet established, including a motion for class certification and any additional dispositive motions.  Magistrate Judge Katherine Robertson will be invited to attend and to provide an update on any motions pending in her session.

## ORDER

For the foregoing reasons,

- Plaintiffs' motion for clarification (Docket No. 1844) is **DENIED**;

- Plaintiffs' motion for various deadline extensions (Docket No. 1908) is **DENIED** as moot.  The deadline for fact depositions is set for May 31, 2024. Plaintiffs are to designate their expert witnesses and produce Rule 26 reports on or before May 31, 2024 and defendants the same on or before August 31, 2024;

- Plaintiffs' motion for a status conference regarding defendant Garvey Schubert (Docket No. 1934) is **DENIED**; and

- Plaintiffs' motion for a case management conference is **ALLOWED** (Docket No. 1999).

A case management conference will be held in Courtroom #4 of the Moakley Courthouse in Boston on Thursday, May 16, 2024 at 3:00 PM.  Counsel will provide a proposed agenda for the conference on or before the close of business on Friday, May 10, 2024.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: April 22, 2024