UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION<br>-------------------------------------------------------<br><br>This Document Relates to:<br><br>ALL CASES | )<br>)<br>)<br>)<br>)   MDL No. 4:14-md-2566-NMG<br>)<br>) |

MEMORANDUM AND ORDER CONCERNING DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO ADVISORS, LLC'S EMERGENCY MOTION FOR ORDER COMPELLING LIMITED DEPOSITIONS OF TELEXFREE LITIGANTS
(Dkt. No. 1937)

I. Introduction and Relevant Background

This case arises from a large scale and complex fraud that functioned simultaneously as a pyramid and a Ponzi scheme. In 2014 and 2015, several parties in different states brought suits against various TelexFree entities, principals, and related parties. The actions were consolidated in this multi-district litigation proceeding, which was initially assigned to the Honorable Timothy Hillman. The case was stayed for several years during the pendency of a federal prosecution. On January 29, 2019, Judge Hillman lifted the stay of discovery (Dkt. No. 606), and, following a status conference with the parties, on September 23, 2019, he entered a pretrial scheduling order, setting deadlines for the exchange of initial disclosures; the filing of motions for leave to amend pleadings; and service of written discovery requests. Fact discovery was to be completed by February 28, 2020, followed by expert discovery. Motions for class certification and dispositive motions were to be filed by June 1, 2020 (Dkt. No. 757). The order did not provide for phased discovery related to class certification and dispositive motions. Judge Hillman extended the deadlines in the initial scheduling order on multiple occasions in response to a joint request or at the plaintiff's behest (e.g., Dkt. Nos. 1449; 1509; 1540; 1657). Judge Hillman's April 3, 2023,

1


revised scheduling order set deadlines related to plaintiff's class certification motion but no deadline as to dispositive motions (Dkt. No. 1540).

Among the multiple discovery motions filed by the parties that remain pending is the motion now before the court, filed by Wells Fargo Bank, N.A., and Wells Fargo Advisors, LLC (collectively "Wells Fargo"), seeking an order from the court compelling the depositions of Esam Abdelgadir, Olavo Magalhaes, Christopher McCormick, Luci Miranda, Edivaldo Reis, Joseph Shikhman, and Violet Smart ("Proposed Deponents"), all of whom, according to Wells Fargo, were, but are no longer, plaintiffs in cases initiated against TelexFree (Dkt. No. 1941 at 1 n.1).[1] Wells Fargo served Fed. R. Civ. P. 45 deposition subpoenas on ten individuals, including the Proposed Deponents, in or around early November 2023 (Dkt. No. 1941 at 7, ¶¶ 20-21). The court declines to rehearse the ensuing acrimonious back-and-forth among counsel except to observe that the court sees no reason to credit plaintiff's counsel's accusations of unethical conduct by Wells Fargo's attorneys. Eventually, attorney Peter Barile entered an appearance on behalf of the Proposed Deponents and filed a joint opposition and cross-motion to quash and for a protective order on behalf of the Proposed Deponents (Dkt. No. 1976).

Having carefully reviewed the parties' filings and relevant caselaw, the court DENIES Wells Fargo's motion for the reasons set forth herein.

II.     Analysis

A.     Procedural Objections

Wells Fargo argues that any motion to quash is waived because neither the Proposed Litigants, nor counsel on their behalf, timely objected to subpoenas that were properly served in

---

[1] Wells Fargo has dropped Valdecir Dos Santos from its list of proposed deponents for reasons personal to Mr. Dos Santos (Dkt. No. 2039 at 12-13).

or around November 2023 (Dkt. No. 1941-1 at 7, ¶ 21). "Failure to timely serve objections to a subpoena may waive the right to object. When objections are untimely because of justifiable delay, however, … the objecting parties may be heard in opposition to the subpoena." *Berndt v. Snyder*, Civil No. 13-cv-368-SM, 2014 WL 6977848, at *4 (D.N.H. Dec. 9, 2014) (citation omitted); *see also Levy v. Gutierrez*, Civil No. 14-cv-443-JL, 2019 WL 1405850, at *4 (D.N.H. Mar. 28, 2019) (same). A delay in asserting objections to the Wells Fargo subpoenas was justified. The Fifth Amended Consolidated Complaint ("FAC") describes the members of the proposed class of persons injured by the TelexFree fraud as unsophisticated victims drawn largely from Brazilian and Latin American immigrant communities (e.g., Dkt. No. 1186, FAC at 7, 39 ¶¶ 7, 160). In view of the contents of the exchanges among counsel, the Proposed Deponents may well have been confused about their obligation to respond to the deposition subpoenas, and whether, in view of their prior involvement in TelexFree litigation, they were or would be represented by counsel in connection with a deposition. "'[F]ailure to act timely will not bar considerations of objections in unusual circumstances and for good cause shown.'" *Levy*, 2019 WL 1405850, at * 4 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)). In the circumstances present here, the court declines to find that the Proposed Deponents waived their right to object to being deposed in this case by delay or inaction.

      For their part, the Proposed Deponents argue, albeit in passing, that the court should not reach the merits of Wells Fargo's motion because Wells Fargo "failed to properly serve and notice the depositions under the circumstances" insofar as Wells Fargo did not serve revised deposition subpoenas notifying the Proposed Deponents of new dates, times, and locations of their depositions after the depositions it noticed did not go forward (Dkt. No. 1976 at 19 n.7). It is true that "a subpoena is necessary to compel someone who is not a party to appear for the

3

taking of a deposition or for a hearing or trial." *United States v. Santiago-Lugo*, 904 F. Supp. 43, 47 (D.P.R. 1995); *see also Jiménez v. Amgen Mfg. Ltd.*, 692 F. Supp. 2d 219, 222-23 (D.P.R. 2010) (the court held that it could not compel someone to appear for a deposition where the opposing party had served the potential deponent's attorney with a deposition notice but had not served the potential deponent with a subpoena). When, however, a third party has been properly served with a deposition subpoena, as the Proposed Deponents were in this case, and fails to appear without serving a timely objection, as occurred here, a court can compel that individual to appear for a deposition. *See Gabriel v. Superstation Media, Inc.*, Civil Action No. 13-12787, 2014 WL 12796266, at *2 (D. Mass. Sept. 5, 2014). Having disposed of these preliminary contentions, the court turns to the merits of the parties' discovery dispute.

      B.      Depositions of Absent Class Members

           1.      Relevant Considerations

"A court deciding whether to permit discovery of absent putative class members prior to a class certification order must balance competing considerations." *Fishon v. Peleton Interactive, Inc.*, 336 F.R.D. 67, 68 (S.D.N.Y. 2020). "As a practical matter, courts must be careful to avoid the *in terrorem* effect of extensive absent class member discovery," which creates the risk that absent class members will not participate in the litigation out of concern about being required to submit to burdensome discovery practices. *Id.* at 70. Furthermore, because an attorney issuing a Rule 45 subpoena must avoid imposing an undue burden or expense on a non-party, a court should consider whether the information sought may be obtained from a named plaintiff, who is a party, prior to class certification. *See id* at 69.

> [T]he class action vehicle permits the court to try common issues of law and fact that affect all class members together without the individualized discovery from each putative class member that would be necessary if each class member brought her own lawsuit. Extensive discovery of putative class members could undercut

> those efficiency gains by implementing the very individualized approach that class actions are intended to avoid.

*Id.* (citing *Mendez v. Avis Budget Grp., Inc.*, Civil Action No. 11-6537 (JLL), 2019 WL 1487258, at *3 (D.N.J. Apr. 3, 2019); *In re Carbon Dioxide Ind. Antitrust Litig.*, 155 F.R.D. 209, 2011-12 (M.D. Fla. 1993)).  The First Circuit recently stated that "courts should be attentive to the possibility of abuse when discovery is targeted directly or indirectly at passive class members." *In re Porsche Automobil Holding SE v. John Hancock Life Ins. Co. (USA)*, 985 F.3d 115, 121 (1st Cir. 2021) (citing 3 W.B. Rubenstein, Newberg on Class Actions §9:11 (5th ed. 2020); *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 257 (3d Cir. 2016)).

"On the other hand, every defendant has a due process right to defend itself.  And class certification is a pivotal stage in civil litigation." *Fishon*, 336 F.R.D. at 70 (citations omitted).  Thus, "pre-certification, courts readily recognize that '[b]oth parties need to be able to communicate with putative class members – if only to engage in discovery regarding issues relevant to class certification – from the earliest stages of class litigation.'" *Jubinville v. Hill's Pet Nutrition, Inc.*, C.A. No. 19-74WES, 2019 WL 1584679, at *10 (D.R.I. Apr. 12, 2019) (alteration in original) (quoting *Austen v. Catterton Partners V, LP*, 831 F. Supp. 2d 559, 567 (D. Conn. 2011); citing *Hernandez v. Best Buy Stores, L.P.*, No. 13cv2587-JM (KSC), 2015 WL 7176352, at *6 (S.D. Cal. Nov. 13, 2015); *Mendez v. Enecon Ne. Applied Polymer Sys., Inc.*, No. CV 14-6736(ADS)(AKT), 2015 WL 4249219, at *2 (E.D.N.Y. July 13, 2015)).  In the *Jubinville* case, the court was considering whether the company's communications with customers who claimed their pets had been injured by recalled dog food constituted improper communications with customers who were putative class members in litigation filed after the alleged contamination was discovered.  *Id.* at *1.  The court briefly considered whether the defendant's customer communications constituted improper discovery.  Concluding that it did not, the court

5

noted that class certification was not even on the horizon and the company's communications with its customers following the recall did not constitute improper discovery from a certified class.  *Id.*  at *10.  The *Hernandez* and *Mendez* cases cited by the Magistrate Judge in *Jubinville* concerned communications between putative class members and plaintiffs' class or collective counsel, which are necessary in class action and FLSA collective litigation and do not pose the concerns that are raised by communications between putative class members and defense counsel.  Thus, the *Hernandez* and *Mendez* cases are not probative here.  The *Austen* case imposed some limitations, pre-certification, on communications with putative class members by counsel on both sides of the case.  These cases provide only limited and qualified support for the proposition that there are no limitations on discovery from absent class members when class certification is on the horizon.

    "'No Supreme Court or [First] Circuit case law addresses the propriety of conducting discovery on absent class members.'"  *In re J&J Inv. Litig.*, Case No.: 2:22-cv-00529-GMN-NJK, 2023 WL 8838059, at *2 (D. Nev. Dec. 19, 2023) (quoting *Aldapa v. Fowler Packing Co.*, Case No. 1:15-cv-00420-DAD-SAB, 2019 WL 1047492, at *4 (E.D. Cal. Mar. 5, 2019), *on reconsideration in part*, 2019 WL 2635947 (E.D. Cal. June 27, 2019)); *see also Fishon*, 336 F.R.D. at 71 (observing that there is no uniform test in the federal courts for deciding whether to allow discovery of absent class members).  As the *Fishon* court observed, courts "have articulated different tests to balance these competing interests" *Fishon*, 336 F.R.D. at 70, but those tests have focused, at least to some extent, on whether the evidence sought by the propounding party was needed for purposes of trial.  *Id.* at 71.  Here, in contrast, and as was the case with the defendant in *Fishon*, Wells Fargo "seeks evidence from putative class members *not*

for purpose of defeating claims at trial but for the purpose of showing that putative class members should not be made class members at all." *Id.*

In *Fishon*, a decision which this court finds persuasive, the court held that

> the most appropriate test [was] one that hews most closely to the language and caselaw under Rule 45: a subpoena to putative absent class members will be permitted when the party seeking discovery makes a strong showing that: (1) the discovery is not sought for any improper purposes, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue burden given the need for the discovery at issue and the availability of the same or similar discovery from a party.

*Id.* "These factors are not to be applied in a rote, mechanical fashion …." *Id.*

### 2. Application of the *Fishon* Factors

Before considering the application of these factors, the court addresses Wells Fargo's contention that Judge Hillman ruled that this Rule 45 discovery could go forward and that his ruling should not be reconsidered (Dkt. No. 1941 at 10-12). In denying Wells Fargo Advisors, LLC's motion to compel 57 individuals to answer interrogatories, Judge Hillman observed in February 2023 that "third party discovery may be available against [absent class members]. Prior to certification the absent class member doctrine does not shield against such discovery" (Dkt. No. 1528 at 4) (citing *In re Intuniv Antitrust Litig.*, Civil Action No. 1:16-cv-12653-ADB, 2021 WL 517386, at *10 (D. Mass. Feb. 11, 2021)). He reiterated this position in his brief November 13, 2023, ruling denying in part and granting in part Wells Fargo Bank, NA.'s motion to compel production of documents and a privilege log from Plaintiff (Dkt. No. 1788 at 4). In the first of these decisions, Judge Hillman ruled that interrogatories are discovery tools available for use with parties. Some of the individuals on whom Wells Fargo had served interrogatories were not parties to any case before Judge Hillman and he had no jurisdiction over them. Others were only putative class members, not parties to this litigation and could not be served with

7

interrogatories, which may only be served on parties (Dkt. No. 1528 at 2-3). In the second decision, Judge Hillman ordered Plaintiff's counsel to produce a variety of documents to Wells Fargo. While Judge Hillman alluded to the absent class member doctrine, he granted Wells Fargo's motion on the grounds that Wells Fargo was seeking discovery from actual plaintiffs, not from absent class members (Dkt. No. 1788 at 3-4). Judge Hillman was never squarely faced with a need to decide whether Wells Fargo should be permitted to take discovery from absent class members and his statements about discovery from absent class members may fairly be characterized as dicta. Moreover, Wells Fargo seeks to *depose* individuals who have withdrawn from the TelexFree litigation and to require them to make substantial document productions in connection with those depositions. "'[T]he burden on the defendant[s] to justify discovery of absent class members by means of deposition is particularly heavy.'" *In re Currency Conversion Fee Antitrust Litig.*, No. MDL NO. 1409, M 21-95, 2004 WL 2453927, at *2 (S.D.N.Y. Nov. 3, 2004) (first alteration in original) (quoting *Redmond v. Moody's Inv'r Serv.*, 92 CIV 9161(WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995)). Judge Hillman did not rule that Wells Fargo was entitled to take deposition testimony from absent class members.

     Applying the test set out in *Fishon*, there are factors that favor permitting this discovery to proceed. As to the first factor, the court is not persuaded by the Proposed Deponents' claim that Wells Fargo is seeking the discovery for purposes of harassment or that the discovery is likely to result in harassment. As to the first and third factors, the Proposed Deponents are represented by counsel, which would help guard against confusion and any risk of over-reaching by defense counsel (which, in any event, the court is not persuaded would occur), thus diminishing the burden of participating in discovery. Further, the Proposed Deponents are not complete strangers to TelexFree litigation, although the court has no information about the extent

of their involvement or their legal sophistication.  On the other hand, notwithstanding legal representation, depositions are the most burdensome and intrusive form of discovery, and that burden would be substantially increased by the documents the Proposed Deponents would be required to provide as shown by the deposition subpoenas duces tecum attached to the Declaration of Patrick H. Hill (e.g., Dkt. No. 1941-5 at 12-13).  While the first factor does not weigh in favor of precluding these depositions, the third factor – burdensomeness - weighs somewhat in favor of granting the Proposed Deponents' cross-motion for a protective order.

It is principally the second factor – the question of relevance – that persuades the court that Wells Fargo's motion should be denied.  As have a number of courts considering the propriety of precertification discovery directed at absent class members, the *Fishon* court required a strong showing by the defendant.  *Fishon*, 336 F.R.D. at 71; *see also, e.g., In re J&J Inv. Litig.*, 2023 WL 8838059, at *2 (collecting cases); *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *2 (stating that "defendants seek depositions for individual issues, and therefore have not overcome their heavy burden to justify such a request").  "[T]he primary thrust of Wells Fargo's argument is that the discovery may help it defeat class certification by exposing differences in the claims of the class members.  But 'nearly every absent class member potentially possesses information relevant to certification' and yet, such discovery is generally still prohibited."  *In re J & J Inv. Litig.*, 2023 WL 8838059, at *2 (citations to Magistrate Judge's decision omitted) (quoting *A.B. v. Pac. Fertility Ctr.*, No. 18-CV-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019)).  Given what the court has been told about the very large number of potential class members, Wells Fargo has not explained how deposition testimony from a mere eight Proposed Deponents could substantially advance Wells Fargo's arguments against class certification.  Those arguments, in the court's view, are more likely to be based on the

9

documents Judge Hillman ordered produced to Wells Fargo for this reason, including the documents from the Bankruptcy Trustee, documents from other parties and third parties, and all documents in the Plaintiff's control relating to TelexFree participants (Dkt. No. 1788 at 2-6).

Furthermore, the Proposed Deponents cannot reasonably be expected to possess much, if any, knowledge about a significant number of the topics that Wells Fargo identifies as its justification for taking these depositions. More specifically, the court fails to see that depositions of the Proposed Deponents will shed light on the following topics:

- the varied nature of participant transactions regarding TelexFree and whether the underlying data could possibly show, without individualized inquiry, whether a participant was injured;

- that the TelexFree data is so filled with errors and outright falsehoods that it is not even possible to identify potential class members;

- that some potential class members' claims are governed by the laws of states with unique requirements for proving aiding and abetting fraud or that do not recognize such a claim at all; and

- that many potential class members are located outside of the United States and therefore ineligible for inclusion under the class definition in Plaintiff's complaint.

(Dkt. No. 17 at 22-23). The few Proposed Deponents might, but might not, be able to shed light on two other justifications offered by Wells Fargo, those being about the different representations made by recruiters about the nature of TelexFree, and about whether they were injured by recruiters who absconded with their funds rather than by TelexFree's fraudulent operations (Dkt. No. 17 at 22). Finally, Wells Fargo took the depositions of the remaining named Plaintiff and of Rita Dos Santos, a former TelexFree plaintiff, and has not shown that the eight Proposed Deponents possess information that the Plaintiff and Ms. Dos Santos did not have.

Mindful of the First Circuit's admonition about discovery directed to absent class members, considering the burdens of depositions coupled with extensive document production obligations, and considering the other sources of information available to Wells Fargo bearing on class certification and the less than persuasive justifications offered for these depositions, the court finds that Wells Fargo's emergency motion to take the depositions of eight putative or absent class members is not justified.

III.    Conclusion

For the foregoing reasons, Wells Fargo's Emergency Motion for Order Compelling Limited Depositions of TelexFree Litigants is DENIED, and the Joint Cross-Motion to Quash and for Protective Order of Non-Party Valdecir Dos Santos and Former Plaintiffs Christopher McCormick, Edivaldo Reis, Esam Abdelgadir, Joseph Shikhman, Luci Miranda, Olavo Magalhaes, and Violet Smart is GRANTED.

It is so ordered.                              Katherine A. Robertson
                                               KATHERINE A. ROBERTSON
                                               U.S. MAGISTRATE JUDGE

Dated:  May 15, 2024