UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: TELEXFREE SECURITIES )
LITIGATION )
------------------------------------------------------ )
 )
This Document Relates to: )   MDL No. 4:14-md-2566-NMG
 )
ALL CASES )

MEMORANDUM AND ORDER CONCERNING JOINT EMERGENCY MOTION OF
DEFENDANTS PROPAY, INC., WELLS FARGO BANK, N.A., VANTAGE PAYMENTS,
LLC, AND DUSTIN SPARMAN FOR ADDITIONAL TIME TO DEPOSE EXPERT
WITNESS KEN MUSANTE
(Dkt. No. 2008)

I.  Introduction

This case arises from a large scale and complex fraud that functioned simultaneously as a pyramid and a Ponzi scheme.  In 2014 and 2015, several parties in different states brought suits against various TelexFree entities, principals, and related parties.  The actions were consolidated in this multi-district litigation proceeding and stayed for several years during the pendency of a federal prosecution.  The stay on discovery was lifted in 2019.  The parties have substantially completed non-expert discovery and are now engaged in expert discovery.

Among the discovery motions filed by the parties that remain pending is the motion now before the court, filed by defendants ProPay, Inc. ("ProPay"), Wells Fargo Bank, N.A. ("Wells Fargo"), Vantage Payments, LLC ("Vantage"), and Dustin Sparman (collectively, "Moving Defendants") seeking an order from the court pursuant to Fed. Rs. Civ. P. 26(b)(2)(A) and 30(d)(1) extending the time for the Moving Defendants to take the deposition of expert witness Ken Musante to up to fourteen hours over two consecutive days (Dkt. No. 2008).  Plaintiff

1

opposes the motion (Dkt. No. 2012). For the reasons set forth herein, the Moving Defendants' motion is GRANTED.

II. <u>Relevant Background</u>

In compliance with the scheduling order then in effect, Plaintiff served expert reports on May 5, 2024 (Dkt. No. 2009 at 2). Plaintiff served three expert reports authored by Ken Musante ("Mr. Musante"), one relating to Vantage (Dkt. No. 2055); one relating to ProPay (Dkt. No. 2055-1); and one relating to Wells Fargo (Dkt. No. 2055-2). Mr. Musante describes himself as an expert "in Merchant Services, the various players (Visa, MC, issuer, payment gateway, ISO and merchants) and their roles within Merchant Services. [He] has knowledge of Visa and Mastercard Rules, payment economics, in industry practices and standards, merchant adjudication, merchant monitoring, and in the movement of funds in card processing" (e.g., Dkt. No. 2055 at 5). There is some overlap among the three reports Mr. Musante authored. The sections setting out his qualifications, including education and experience, do not change from report to report. There is substantial, but not complete, overlap in sections in which he defines industry terms and explains certain industry rules, regulations, and practices he deems relevant (Dkt. No. 2055 at 5-9; Dkt. No. 2055-1 at 6-9; Dkt. No. 2055-2 at 6-9). The remainder of each of the three reports is dedicated to Mr. Musante's analyses of the differing role he opines that Propay, Wells Fargo, and Vantage played in enabling and prolonging TelexFree's fraudulent activities and their alleged failures to comply with their legal obligations. The longest of Mr. Musante's reports is some thirty-five pages in length. The reports do not list the materials Mr. Musante reviewed but based on the contents of the reports, those materials include, among other things, documents produced in discovery by Propay, Wells Fargo, and Vantage, and transcripts of deposition testimony from a representative of each organization.

III.     Analysis

Fed R. Civ. P. 30(d)(1) ("Rule 30(d)") provides, in pertinent part, that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent …." The parties' respective positions are easy to state. In advance of convening Mr. Musante's deposition, the Moving Defendants seek an order from the court permitting them to take up to fourteen hours of deposition testimony from Mr. Musante on the ground that he is an expert witness opining on critical issues and voluminous data concerning three separate defendants, each of which is entitled to sufficient time to explore and understand the bases of his opinions about their respective roles (Dkt. No. 2009 at 2-3). Plaintiff argues that the Moving Defendants should be required to proceed with the deposition, see what can be accomplished in seven hours, and either negotiate or move for additional time to depose Mr. Musante if they take the position that they were not able to complete his deposition in the one-day, 7-hour period provided for in Rule 30(d). Plaintiff adds that he believes that if the Moving Defendants depose Mr. Musante in good faith, they will be able to complete his deposition in seven hours (Dkt. No. 2012 at 2-5). The Moving Defendants have the better of the arguments.

There is support for Plaintiff's position. In *Malec v. Trs. of Boston Coll.*, 208 F.R.D. 23 (D. Mass. 2002), the defendants moved for an additional 7-hour day of deposition time in advance of taking the plaintiff's deposition. Magistrate Judge Collings held that, while he would obviously allow the defendants more than seven hours if that time was needed for a fair examination of the plaintiff, "the better practice [wa]s for the deposition to go forward to determine how much is able to be covered in seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period." *Id.* at 24.

3

*See also, e.g., Pratt v. Archstone Willow Glen Apartments*, No. C 08-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (same).

There is also authority for the Moving Defendants' position, and for their decision to make the request in advance of the deposition. First, the 2000 advisory committee notes to Rule 30(d) list several factors that the parties or the court might consider in deciding whether to extend the duration of a deposition, including that "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time … [and that] with regard to expert witnesses there may more often be a need for additional time – even after the submission of the report required by Rule 26(a)(2) – for full exploration of the theories upon which the witness relies." FED. R. CIV. P. 30(d)(1) advisory committee's note to 2000 amendment. Second, there are a number of courts that have granted requests made in advance of a deposition for additional time to depose expert witnesses in circumstances similar to those present in the instant action. *See., e.g., MRP Props., LLC v. United* States, Case No. 17-11174, 2020 WL 1640161 at *2 (E.D. Mich. Apr. 2, 2020) (allowing noticing party up to 10 hours of deposition time for each expert witness in advance); *Sexton v. Exxon Mobil Corp.*, CIVIL ACTION NO. 17-482-JWD-RLB, 2020 WL 515852, at *3 (M.D. La. Jan. 31, 2020) (allowing an additional 7 hours of deposition time of plaintiffs' expert in advance of the deposition); *Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, Civil No. 1:05-CV-64 TS, 2010 WL 1901775, at *2 (D. Utah May 10, 2010) (allowing in advance three hours of deposition time for the noticing defendant and an additional two hours for each other defendant, defined to include affiliated entities). Third, at least one court has taken the position that the deposing party should raise the issue of needing additional time in advance of a deposition on complex topics involving numerous documents. *See Del Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2015 WL 12090268, at *4 (D. Ariz. Mar. 10, 2015)

4

(faulting plaintiffs for not raising the issue of needing additional time to depose a critical witness in advance of his deposition and denying as untimely plaintiffs' motion, made after the first day of witness testimony, for additional time to complete the deposition).

The factors on which the court relied in the *Sexton* case are all present here.  In *Sexton*, as in this case, the court noted that the case involved multiple parties and expert evidence addressing a voluminous and complex factual record.  *Sexton*, 2020 WL 515852, at *3.  As is true in the instant case, the deposition in the *Sexton* case would "require out-of-state travel by numerous attorneys and, potentially, party representatives."  *Id.*  The court noted as well that, as a retained expert, the deponent would be paid a reasonable fee for extra time spent testifying in compliance with Rule 26(b)(4)(E).  *Id.*  In contrast, *Malec* involved a single attorney deposing the plaintiff, a fact witness.  *Malec*, 208 F.R.D. at 24.  The decision does not suggest that defendants were dealing with a voluminous or complex record.  Nor, given that both attorneys were from Boston, would it be difficult to coordinate the schedules of numerous out-of-state attorneys if the deposition needed to be reconvened.  *See id.*

Broadly described, Mr. Musante's expert reports address the central issues of whether the Moving Defendants knew or should have known that TelexFree was a fraudulent enterprise and the extent to which their action or inaction allegedly contributed to TelexFree's ability to continue operating illegally in a highly regulated environment.  Mr. Musante's analyses differ as to each of the Moving Defendants who, according to Mr. Musante's reports, each played a different role in enabling TelexFree to continue operating.  In addition to the difficulties and increased costs of reconvening a deposition involving multiple attorneys from different jurisdictions, defense counsel will be hampered in their ability to plan their questioning of Mr. Musante if they do not know in advance how much time they will have to pose questions.  *Cf.*

*Del Sol*, 2015 WL 12090268, at *5 (in denying the plaintiffs' request for addition deposition time, the court observed that "[p]laintiffs would have known of the form and content of their questioning long before the deposition occurred as well as the type of information they needed to elicit from [the deponent] based on the voluminous discovery production to date"). Counsel for the Moving Defendants represent that they have agreed on an allocation of the fourteen hours of deposition time they seek and that one of the Moving Defendants will be designated to cover areas of common interest to avoid duplication (Dkt. No. 2009 at 4). Given the critical issues addressed in Mr. Musante's reports, the voluminous record on which they rely, "and the number of parties seeking testimony in support of their own positions, the additional day of deposition time will allow for full exploration of the theories upon which [Mr. Musante] relies." *Sexton*, 2020 WL 515852, at *3.

    IV.    <u>Conclusion</u>

For the foregoing reasons, the Moving Defendants' joint emergency motion for additional time to depose expert witness Ken Musante is GRANTED. The deposition will take place over two consecutive days within 28 days of issuance of this memorandum and order.

It is so ordered.                        <u>Katherine A. Robertson</u>
                                              KATHERINE A. ROBERTSON
                                              U.S. MAGISTRATE JUDGE

Dated: May 21, 2024