UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: TELEXFREE SECURITIES          )
LITIGATION                           )
------------------------------------------------------   )
                                     )
This Document Relates to:            )        MDL No. 4:14-md-2566-NMG
                                     )
ALL CASES                            )


<u>MEMORANDUM AND ORDER CONCERNING PLAINTIFFS' MOTION TO COMPEL
DIRECTED TO ALLIED WALLET, INC., AHMAD KHAWAJA, AND MOHAMMED DIAB</u>
(Dkt. No. 1837)

I.      <u>Introduction and Relevant Background</u>

This case arises from a large scale and complex fraud that functioned simultaneously as a

pyramid and a Ponzi scheme.  In 2014 and 2015, several parties in different states brought suits

against various TelexFree entities, principals, and related parties.  The actions were consolidated

in this multi-district litigation proceeding, which was initially assigned to the Honorable Timothy

Hillman.  The case was reassigned to the Honorable Nathaniel M. Gorton on January 9, 2024

(Dkt. No. 2016).  The case was stayed for several years during the pendency of a federal

prosecution.  On January 29, 2019, Judge Hillman lifted the stay of discovery (Dkt. No. 606),

and, following a status conference with the parties, on September 23, 2019, he entered a pretrial

scheduling order, setting deadlines for the exchange of initial disclosures; the filing of motions

for leave to amend pleadings; and service of written discovery requests.  The case is complex

and the deadlines in the initial scheduling order were extended on multiple occasions in response

to a joint request or at Plaintiffs' behest (e.g., Dkt. Nos. 1449; 1509; 1540; 1657).

Among the multiple discovery motions filed by the parties that remain pending is the

motion now before the court, filed by Plaintiffs, seeking to compel defendants Allied Wallet, Inc.

1

("AWI"), Ahmad Khawaja ("Khawaja") and Mohammed Diab ("Diab") (collectively, "the AWI Defendants") to supplement their production of documents by "producing all relevant documents responsive to Plaintiffs' December 21, 2022 First Set of Requests for Production of Documents, including but not limited to those in the possession of Fintech International, LLC" (Dkt. No. 1984-1 at 3).

Having carefully reviewed the parties' filings and relevant caselaw, the court denies Plaintiffs' motion without prejudice for the reasons set forth herein.

A.  Relevant Background

Plaintiffs' document production requests were directed to the AWI Defendants and requested the production of documents responsive to 104 separate requests (Dkt. No. 1838-3). According to Defendant, Plaintiffs eventually produced some 169,074 documents without Bates numbers or metadata (Dkt. No. 1838 at 1).  Through counsel, the AWI Defendants represent in their opposition to Plaintiffs' motion to compel that AWI did not provide payment processing services to TelexFree.  According to the AWI Defendants, Allied Wallet, Ltd. ("AWL"), a company whose principal place of business was the United Kingdom and that was also operated by Khajawa, provided payment processing services for TelexFree for a limited time (Dkt. No. 1856 at 1-2).  Plaintiffs do not dispute that AWL – rather than AWI – was responsible for processing TelexFree transactions (Dkt. No. 1837 at 1).  The AWI Defendants' initial document production response represented that AWL was in receivership in the United Kingdom and that the AWI Defendants did not have possession, custody, or control of AWL's documents (Dkt. No. 1838-4 at 2).

Through counsel, the AWI Defendants subsequently provided Plaintiffs with information identifying AWL's liquidator and suggested that Plaintiffs should seek AWL's documents from

the liquidator (Dkt. No. 1838-5 at 26-27).  Plaintiffs represent that the AWI Defendants sent them on a wild goose chase because the AWL liquidator reported that, when their employees entered AWL's premises, it was immediately apparent that physical books and records were extremely limited.  They later learned that most of AWL's books and records had been stored electronically on servers in the United States controlled by AWI and that AWI's business and assets had been acquired by Fintech International LLC ("Fintech") (Dkt. No. 1838-6 at 10). Shortly after Fintech took over operation of the AWI servers, the liquidator's access to relevant records was impeded (Dkt. No. 1838-6 at 10).  When the liquidator was able to regain some access to AWL records, it appeared that the data differed materially from that which had initially been extracted from AWI servers (Dkt. No. 1838-6 at 11).  Plaintiffs have argued persuasively that Fintech is controlled by Khawaja (Dkt. No. 1838 at 10).

Plaintiffs filed their motion to compel on January 8, 2024 (Dkt. No. 1837).  The AWI Defendants' opposition, filed on January 22, 2024, represented that the AWI Defendants had inadvertently produced privileged documents in their initial production and that, in view of Plaintiffs' complaints about the AWI Defendants' production and its inadvertent production of privileged documents, the AWI Defendants intended to make a replacement production that would remedy the deficiencies identified in Plaintiff's motion to compel (Dkt. No. 1856 at 3). The AWI Defendants asked that the court deny Plaintiffs' motion on the ground that, with their replacement production, the AWI Defendants would have produced all responsive, non-privileged documents in their possession, custody, or control and addressed Plaintiffs' concerns about the absence of Bates numbers and the format of production.  (Dkt. No. 1856 at 4).

According to Plaintiffs, the AWI Defendants served their replacement production on February 2, 2024.  Plaintiffs assert that the replacement production, while it is Bates numbered,

does not address their concerns because the AWI Defendants have produced only 2,737
documents many of which are unresponsive, only 31 of the documents were documents the AWI
Defendants had not previously produced, and it is not apparent whether any of these recently
produced documents were ever in Fintech's possession.

B.  Analysis

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise
limited by court order, the scope of discovery is as follows:  Parties may obtain discovery
regarding any nonprivileged matter that is relevant to any party's claim or defense and
proportional to the needs of the case ….  Information within this scope of discovery need not be
admissible in evidence to be discoverable."  "[B]ecause discovery itself is designed to help
define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to
encompass any matter that bears on, or that reasonably could lead to other matters that could
bear on, any issue that is or may be in the case."  *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D.
Mass. 2015) (quoting *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig*.,
MDL No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013)).  The party seeking
information in discovery has the burden of showing its relevance.  *See, e.g., Cont'l W. Ins. Co. v.
Opechee Constr. Corp.*, Civil No. 15-cv-006-JD, 2016 WL 1642626, at *1 (D.N.H. Apr. 25,
2016) (citing *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005)); *see also
Whittingham v. Amherst Coll.*, 164 F.R.D. 124, 127 (D. Mass. 1995); *Gagne v. Reddy*, 104
F.R.D. 454, 456 (D. Mass. 1984).  Conversely, "[w]hen a party resists the production of
evidence, it 'bears the burden of establishing lack of relevancy or undue burden.'"  *Autoridad de
Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) (quoting
*Sánchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. 24, 27 (D.P.R. 2009)); *see also Cont'l W.*

*Ins. Co.*, 2016 WL 1642626, at *1.  "'The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.'"  *McLaughlin v. Lenovo Global Tech. (U.S.) Inc.*, 682 F. Supp. 3d 149, 164 (D. Mass. 2023) (quoting *Perez-Velasco v. Suzuki Motor Co., Ltd.*, 266 F. Supp. 266, 268 (D.P.R. 2003)).

Plaintiffs' document production requests to the AWI Defendants were drafted sufficiently broadly that they encompassed AWL documents.  The definition of "Your," included "any organization or entity which the responding Defendant(s) manages or controls" (Dkt. No. 1838-3 at 19), thereby extending to AWL because it was controlled by Khawaja.  A number of Plaintiffs' specific document requests sought core AWL business documents related to TelexFree.  For example, Plaintiffs' document request 39 directed the AWI Defendants to produce "[a]ll documents regarding Your employees, agents, or representatives' activities with any Financial Institution, Bank, or Pay Processor relating to TelexFree, any TelexFree Related Entity, any TelexFree Executives, any TelexFree Known Co-Conspirators, or any TelexFree Top Promoters" (Dkt. No. 1838-3 at 28).  The AWI Defendants have not argued, at least to this court, that AWL's documents are irrelevant to the dispute at hand.  Indeed, they purported to direct Plaintiffs to the liquidator for purposes of obtaining such documents, and, in their opposition to Plaintiff's motion to compel, the AWI Defendants did not suggest that their substitute production would not include AWL documents.

Plaintiffs have sufficiently shown that they have good reasons to be concerned about the "integrity and comprehensiveness of the search" for discoverable documents (including electronically stored information) conducted by the AWI Defendants.  *Malaro v. Roger Wilkie, Jr., Builder, Inc.*, Civil Action No. 22-10548-NMG, 2024 WL 3849709, at *3 (D. Mass. Aug. 16,

2024).  Nonetheless, while Plaintiffs have said generally that they are not satisfied with the AWI Defendants' substitute production of documents, they have not explained with any specificity what documents are missing, or why any such missing information is relevant to Plaintiffs' claims.  *See* Fed. R. Civ. P. 26 (a) (a party is entitled to production of evidence, including documents, that is "relevant to any party's claim or defense"); *see also A.J. Amer Agency, Inc. v. Astonish Results, LLC*, C.A. No. 12-351S, 2013 WL 9663951, at *1 (D.R.I. Feb. 25, 2013) (in denying the plaintiff's motion to compel, the court noted that the plaintiff's motion failed to identify the specific documents and digital files it really needed to prosecute its case).  The question is not whether the AWI Defendants have produced documents that were in the possession of Fintech, but whether they have failed to produce relevant documents responsive to Plaintiffs' document production requests that are in the AWI Defendants' possession, custody, or control and that Plaintiffs genuinely need to prosecute their case.  There is no indication in Plaintiffs' cursory reply brief that they engaged with counsel for the AWI Defendants about the claimed deficiencies in the AWI Defendants' substitute production after that production was made.  *See* L.R. 37.1(a) (requiring counsel to confer before filing a motion to compel).

In these circumstances, the court finds that Plaintiffs have not fully complied with "either the federal or local rules regarding consultation with opposing counsel prior to filing [their] motion." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).  "[T]he purpose of a full consultation … is to enable the parties to attempt to narrow, if not resolve, their dispute.  It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc.*, 168 F.R.D. at 101; *see also A.J. Amer Agency, Inc.*, 2013 WL 9663951, at *2 ("The purpose of good faith conferral is to enable the parties to narrow, if not resolve, their

dispute, and thereby obviate the need to file wide-ranging motions to compel.").  At this time, the court cannot rule on the substance of Plaintiffs' motion to compel, even if there is merit to it.

IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel Directed to Defendants Allied Wallet, Inc., Ahmad Khawaja, and Mohammad Diab (Dkt. No. 1837) is DENIED without prejudice.  Should Plaintiffs wish the court to rule on a renewed motion to compel, Plaintiffs must identify the categories of documents they claim have not been produced, explain their importance to Plaintiffs' ability to recover from these defendants, and explain with specificity the efforts they have made to resolve their discovery dispute without court intervention in compliance with Fed. R. Civ. P. 37(a)(1) and L.R. 37.1(a) and (b).  Any such motion must be filed by no later than December 6, 2024.

It is so ordered.

Dated:  November 8, 2024                              Katherine A. Robertson
                                                      KATHERINE A. ROBERTSON
                                                      U.S. MAGISTRATE JUDGE