UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: TELEXFREE SECURITIES        )
LITIGATION                         )
-------------------------------------------------------    )
                                   )
This Document Relates to:          )        MDL No. 4:14-md-2566-NMG
                                   )
ALL CASES                          )


MEMORANDUM AND ORDER CONCERNING PLAINTIFFS' MOTION TO COMPEL
COMPLETE RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DEFENDANT WELLS FARGO BANK AND REQUEST FOR
SANCTIONS
(Dkt. No. 1939)

I.        Introduction and relevant background

This multi-district litigation involves dozens of defendants who allegedly aided and

abetted a fraudulent pyramid scheme run by TelexFree. The plaintiffs ("Plaintiffs") move to

compel additional discovery from Wells Fargo Bank N.A. ("WFB"). The case, which was

stayed for several years during the pendency of a related federal prosecution, was initially

assigned to the Honorable Timothy Hillman. The case was reassigned to the Honorable

Nathaniel M. Gorton on January 9, 2024 (Dkt. No. 2016). On January 29, 2019, Judge Hillman

lifted the stay of discovery (Dkt. No. 606), and, following a status conference with the parties, on

September 23, 2019, he entered a pretrial scheduling order, setting deadlines for the exchange of

initial disclosures, the filing of motions for leave to amend pleadings, and service of written

discovery requests. Deadlines in the initial scheduling order were extended on multiple

occasions (e.g., Dkt. Nos. 1449; 1509; 1540; 1657). On April 3, 2023, Judge Hillman entered a

revised scheduling order providing, *inter alia*, that document discovery was to be substantially

completed by June 30, 2023 (Dkt. No. 1540). On June 20, 2023, he entered an order extending

the deadlines in docket entry 1540 by twenty-one (21) days, establishing July 21, 2023 as the deadline by which document discovery was to be substantially completed (Dkt. No. 1657). Plaintiffs have filed three motions to compel against WFB (Dkt. Nos. 1591, 1692, 1939). Judge Hillman denied Plaintiffs' first motion (Dkt. No. 1658) and granted in part and denied in part the second motion (Dkt. No. 1725). Plaintiffs filed this third motion to compel on February 20, 2024 (Dkt. No. 1939). For the reasons set forth below, Plaintiffs' third motion to compel directed to WFB is DENIED.

II.      Discussion

A.  General Legal Principles

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … . Information within this scope of discovery need not be admissible in evidence to be discoverable." The proportionality provision was added to Fed. R. Civ. P. 26 (b)(1) in December 2015 to emphasize that there are intended to be limits on the breadth of discovery to which a party is entitled. *See, e.g., Fed. Energy Regulatory Comm'n v. Silkman*, No. 1:16-cv-00205-JAW, 2017 WL 6597510, at *6-7 (D. Me. Dec. 26, 2017). "[B]ecause discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015) (quoting *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013)). The party seeking information in discovery has the burden of showing its

relevance.  *See, e.g., Cont'l W. Ins. Co. v. Opechee Constr. Corp.*, Civil No. 15-cv-006-JD, 2016

WL 1642626, at *1 (D.N.H. Apr. 25, 2016) (citing *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d

134, 136 (D.N.H. 2005)); *see also Whittingham v. Amherst Coll.*, 164 F.R.D. 124, 127 (D. Mass.

1995); *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984).  Conversely, "[w]hen a party

resists the production of evidence, it 'bears the burden of establishing lack of relevancy or undue

burden.'"  *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422,

427 (D.P.R. 2016) (quoting *Sánchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. 24, 27 (D.P.R.

2009)); *see also Cont'l W. Ins. Co.*, 2016 WL 1642626, at *1.  Generally, a court will not

"compel [production] of what does not exist."  *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C.

2010).

    B.  Plaintiffs' Requests

    WFB performed two functions that involved TelexFree or its principals.  WFB was the

acquiring bank for ProPay, Inc. ("ProPay"), meaning that WFB provided ProPay with access to

credit card networks such as Visa and Mastercard for ProPay's customers.  The parties'

submissions show that in this relationship, TelexFree was one of ProPay's customers and ProPay

was one of WFB's customers (Dkt. No. 1940 at 4; Dkt. No. 1977 at 10-11).  WFB also directly

opened certain bank deposit accounts for TelexFree and its principals (Dkt. No. 1977 at 18).

    Plaintiffs have identified five categories in which they claim WFB's production has been

incomplete.[1]  The motion appears focused mainly on documents related to WFB's business

---

[1] In ruling on Plaintiffs' motion to compel production of additional documents from WFB, the
court relies on the five categories of documents identified in Plaintiff's motion to compel (Dkt.
No. 1939 at 2-3).  Confusingly, the categories of documents identified in the motion and the
order Plaintiffs propose that the court enter do not correspond to four categories of documents
separately identified and discussed in the memorandum in support of Plaintiffs' motion to
compel (Dkt. No. 1940 at 11-19).

relationship with ProPay, although it also seeks some documents related to WFB's TelexFree

bank accounts.  The categories are described in broad and general terms and the motion to

compel rests in part on assumptions about documents that Plaintiffs believe should exist because

Wells Fargo Advisors, which is also a defendant, has such documents.  The categories are

addressed below.

1. Category A – protocols related generally to WFB's account opening,
   monitoring, and closing.

Plaintiffs assert that WFB must have company rules or guidelines that employees are

required to follow "in handling client accounts, conducting due diligence, etc." and that WFB

should be required to produce all such documents (Dkt. No. 1940 at 8-9).  WFB asserts, without

contradiction from Plaintiffs, that it has produced correspondence, contracts, reports, policies,

protocols, and data related to its role as an acquiring bank for ProPay (Dkt. No. 1977 at 10-11).

To the extent Plaintiffs' motion seeks an order from the court directing WFB to make a further

production of documents concerning its relationship with ProPay, including documents related to

opening accounts, due diligence, and applicable policies and protocols, Plaintiffs have failed to

show that WFB's production is deficient.  First, to the extent this aspect of Plaintiffs' motion

seeks production of documents generally related to WFB's opening of accounts for customers in

its capacity as an acquiring bank beyond documents related to its business relationship with

ProPay, Plaintiffs have not shown that any such additional discovery is relevant or proportional

to the needs of the case.  Second, Plaintiffs' "speculative assertion that there might be additional

documents that [they] could not identify and whose relevance [they have not] articulate[d] is not

a basis for a court to enter a discovery order, and the court declines to do so."  *Viscito v. Nat'l*

*Planning Corp.*, Civil Case No. 3:18-30132-MGM, 2019 WL 5318228, at *2 (D. Mass. Oct. 21,

2019) (citing *P.R. Med. Emergency Grp., Inc. v. Inglesia Episcopal Puertorriqueña, Inc.*, 318

F.R.D. 224, 229 (D.P.R. 2106)).  *See also Amoah v. Kinney*, CIVIL ACTION NO. 4:14-40181-

TSH, 2016 WL 3906580, at *1 (D. Mass. July 14, 2016) (denying motion to compel where the

plaintiff "has not shown why the material provided are insufficient to satisfy defendants'

discovery obligations").

To the extent Plaintiffs' motion seeks production of policies and protocols related to bank

accounts WFB opened for TelexFree and its principals, the court agrees with WFB that

Plaintiffs' motion is untimely and seeks the production of documents that, so far as appears from

the parties' submissions, do not exist.  As to timeliness, "district courts may place limitations on

the timing of discovery and related motions by virtue of their 'broad discretion in pretrial

management matters.'"  *Netherlands Ins. Co. v. HP, Inc.*, 648 F. Supp. 3d 271, 273 (D. Mass.

2022) (quoting *Curet-Velazquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47, 54 (1st Cir.

2011); citing *Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999)); *see also Amoah*, 2016 WL

3906580, at *1 (a motion to compel filed after the close of discovery was untimely).  WFB

represents in its opposition that it produced documents relevant to its inquiry into the TelexFree-

related accounts it opened and, on or around January 18, 2023, objected on grounds of relevance

and overbreadth (which, in Rule 26's terms, is in effect a proportionality objection) to Plaintiffs'

requests for all documents relating to WFB's practices, policies, protocols, or procedures related

to acceptance or refusal and servicing of new client applications for WFB bank accounts (Dkt.

No. 1977 at 16).  Judge Hillman set a final July 21, 2023 deadline for substantial completion of

document discovery.  Plaintiffs filed their second motion to compel production of documents

from WFB on July 21, 2023 (Dkt. No. 1692).  According to WFB, Plaintiffs had not requested

that WFB supplement its production of documents related to its documents requests 12, 14, 17 or

18, the requests that sought production of protocols and policies related to WFB's bank accounts

generally and to WFB's TelexFree-related bank accounts (Dkt. No. 1977 at 16 n.22).  As shown

by Judge Hillman's ruling granting in part and denying in part Plaintiffs' second motion to

compel directed to WFB, Plaintiffs' second motion to compel did not seek the production of such

documents (Dkt. No. 1725).  Notwithstanding Judge Hillman's unambiguous directive to

substantially complete document discovery by no later than July 21, 2023, Plaintiffs filed this

exceedingly wide-ranging motion to compel some seven months later.  To the extent there was a

genuine issue concerning WFB's general protocols and policies related to opening and

monitoring bank accounts, the issue was ripe before Plaintiffs filed their second motion to

compel a further production of documents from WFB and they had an obligation to raise it on a

timely basis.  "To grant [this aspect] of the motion to compel at this juncture would have the

effect of continuing discovery beyond the [July 21, 2023,] deadline [set by Judge Hillman],

which the Court declines to do …."  *SHS ACK, LLC v. Silberberg*, Civil Action No. 21-CV-

12121-AK, 2023 WL 4186289, at *3 (D. Mass. June 26, 2023).

> 2. Category B – protocols related to account opening, monitoring, and closing applicable to WFB's TelexFree-related accounts, and communications and reports related to those accounts.

WFB represents (again without contradiction from Plaintiffs) that it has produced

documents concerning WFB's relationship with TelexFree from numerous document custodians,

including additional custodians identified jointly by the parties following Judge Hillman's ruling

on Plaintiffs' second motion to compel against WFB (Dkt. No. 1725 at 5-8; Dkt. No. 1977 at 17).

Plaintiff's request for additional documents concerning WFB's TelexFree-related accounts fails

because, as to general protocols or policies that WFB objected to producing, the motion is

untimely for the reasons set forth above.  It fails for the additional reason that Plaintiffs'

speculative assertion that WFB has protocols or policies mirroring those produced by Wells

Fargo Advisors is not a basis for the court to enter an order requiring production where WFB represents that it is a corporate entity separate from Wells Fargo Advisors, regulated by a different authority, and does not have policies equivalent to those of Wells Fargo Advisors (Dkt. No. 1977 at 16-17).  Beyond speculating that WFB might have additional documents that might have applied to opening and monitoring WFB's TelexFree-related accounts, Plaintiff has not identified deficiencies in WFB's production.  *See Viscito*, 2019 WL 5318228, at \*2; *see also Harris*, 271 F.R.D. at 37.

> 3. Category C – all WFB documents related to account opening, monitoring, and closing carried out by ProPay and related communications.

Plaintiff's category C seeks to require WFB to produce all protocols in its possession, custody, or control related to account opening, monitoring, and closing carried out by ProPay. "Although [Plaintiffs are] no doubt entitled to discovery related to [their] claims, 'this warranted discovery does not open the floodgates for cascading discovery of every type and kind.'" *Bonner v. Triple-S Mgmt. Corp.*, 68 F.4th 677, 684 (1st Cir. 2023) (quoting *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 727 (1st Cir. 2022)).  The request for every document in WFB's possession, custody, or control related to WFB's relationship with ProPay is, on its face, overly broad.  The request does not seek documents that are obviously relevant to Plaintiffs' claims because it does not seek documents in WFB's possession, custody, or control related to ProPay's account processing for TelexFree.  To the extent Plaintiffs claim that all documents related to WFB's business relationship with ProPay are relevant to the subject matter of this action, they are required to "to show good cause to support the request." *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008); *see also Bonner*, 68 F.4th at 686 (citing *Witzel*).  Plaintiffs have failed to do so.  They are not entitled to production of the documents described in their Category C.

4. Category D – all WFB documents related to account opening, monitoring, and closing carried out by ProPay for TelexFree and related communications.

Category D seeks the same information as does Category C limited to account opening, monitoring, and closing carried out by ProPay for each of its TelexFree-related accounts, along with associated communications and reports. WFB represents that it has produced all documents in its possession, custody, or control relating to ProPay's payment processing for TelexFree (Dkt. No. 1977 at 14). The history of discovery in this case supports WFB's position. Some time ago, Plaintiffs filed a motion to compel the production of documents from ProPay evidencing ProPay's communications with WFB concerning ProPay's payment processing for TelexFree (Dkt. No. 1694; Dkt. No. 1718). ProPay responded to Plaintiffs' motion to compel by asserting that, after an exhaustive search, it already had produced, or was in the process of producing, all documents in its possession, custody, or control related to its business relationship with WFB and any of the TelexFree entities and that the documents Plaintiffs asserted they were seeking did not exist (Dkt. No. 1718 at 12-16). Judge Hillman accepted Propay's position. On August 30, 2023, Judge Hillman denied Plaintiff's motion to compel directed at ProPay on the ground that "Plaintiffs have failed to demonstrate that ProPay is withholding relevant documents" (Dkt. No. 1719). The same is true as to WFB. There is no reason to believe that WFB has documents concerning its communications with ProPay about TelexFree that ProPay did not have. Indeed, Judge Hillman's August 30, 2023 ruling should have been the last word necessary from this court on this subject. This court agrees with Judge Hillman's finding and denies so much of Plaintiff's motion to compel as seeks the documents Plaintiffs describe and refer to in their category (D).

5. Category E – All protocols related to AML and Enterprise systems referenced during the depositions of two WFB Rule 30(b)(6) witnesses.

While Plaintiffs' motion seeks production of all protocols related to WFB's AML and Enterprise systems, Plaintiffs have not advanced any developed argument in their memorandum in support of this demand.  They apparently contend that the deposition testimony from WFB's Rule 30(b)(6) representatives indicated "that employees of Wells Fargo Bank commonly share client information and data with employees of Wells Fargo Advisors by way of an 'Enterprise System,'" and on this basis, Plaintiffs seek production of all company rules and guidelines concerning the Enterprise system.  A deposition transcript excerpt for Ms. Ta, submitted by WFB, shows that Ms. Ta identified a single instant message between an employee of WFB and an employee of Wells Fargo Advisors and testified that there was "an internal instant messaging system where employees could speak via the instant messaging platform" similar to email (Dkt. No. 1977-8 at 4).  A deposition transcript excerpt submitted by WFB for Michael Conley shows that he testified that in the AML space, the transaction monitoring system for brokerage (Wells Fargo Advisors) was a separate system operated by the financial crimes investigations (Dkt. No. 1977-7 at 6).  Plaintiffs have not pointed to a document production request seeking production of policies and procedures related to an internal employee instant messaging system, and the court has not identified any such request.  They did not submit any deposition testimony supporting their justification for this broad request.  In any event, this category of documents is not, on its face, remotely relevant to Plaintiffs' claims and Plaintiffs have not shown any cause, let alone good cause, to support a request that WFB produce company rules and procedures regarding an internal employee communication platform or application.  Plaintiffs are not entitled to production of documents in category E.

III.     Obligation to confer

Local Rule 37.1 provides, in pertinent part, that "[b]efore filing any discovery motion, including any motion for sanctions …, counsel for each of the parties shall confer in good faith to narrow areas of disagreement to the greatest extent possible." L.R. 37.1(a).  Plaintiffs have included a "reflexive certification" that the parties conferred.  *A.J. Amer Agency, Inc. v. Astonish Results, LLC*, C.A. No. 12-351S, 2013 WL 9663951, at *1 (D.R.I. Feb. 25, 2013).  "The meet and confer requirement in [Local] Rule 37.1 is not an empty formality and cannot be satisfied merely by including copies of correspondence that discuss the discovery at issue, particularly when the correspondence only shows the movant threatening a motion to compel if all the requested discovery is not produced.  *Id.* at *2 (citing *Velazquez-Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011).

On February 1, 2024, in a letter to WFB's attorneys, Plaintiffs offered to hold off on filing their "rough drafted" motions to compel and to identify "narrowed outstanding missing documents within 14 days" if WFB would agree to an extension of the discovery deadline (Dkt. No. 1977-17 at 2).  Plaintiffs had an obligation to narrow and carefully articulate their claims about alleged missing documents, and to confer about that narrowed list of allegedly missing documents with counsel for WFB *before they filed a motion to compel*.  "The costs of litigation are too high and there are too many demands on the Court's time to adjudicate needless motions to compel that might not have been filed if counsel had put forth a good faith effort." *A.J. Amer Agency*, 2013 WL 9663951, at *2 (citing *Midland-Ross Corp. v. Ztel, Inc.*, 113 F.R.D. 664, 666 (D. Mass. 1987)); *see also, e.g., Saalfrank v. Town of Alton*, Civil No. 08-cv-46-JL, 2010 WL 839884, at *3 (D.N.H. March 5, 2010).  Plaintiffs' failure to satisfy their obligations under Local Rule 37.1 is an additional and sufficient reason, on its own, to deny Plaintiffs' motion to compel.

*See, e.g., Bucceri v. Cumberland Farms, Inc.*, Civil Action No. 1:15-cv-13955-IT, 2020 WL 584,

at *3 (D. Mass. Jan. 6, 2020) (citing *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass.

1996)); *Sec. & Exch. Comm'n v. Tambone*, 789 F. Supp. 2d 261, 262 (D. Mass. 2011).

IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel Complete Responses to

Plaintiffs' Requests for Production of Documents from Defendant Wells Fargo Bank and

Request for Sanctions is DENIED.

It is so ordered.

Dated:  November 8, 2024                         Katherine A. Robertson
                                                KATHERINE A. ROBERTSON
                                                U.S. MAGISTRATE JUDGE