United States District Court
District of Massachusetts

|  |  |
|---|---|
| In re: TelexFree Securities Litigation | ) ) ) ) ) ) | MDL Action No. 4:14-md-2566-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

Before the Court is the Motion of Plaintiffs: (1) to approve settlements with the Estate of Jeffrey Babener ("the Babener Agreement"), Steven Labriola ("the Labriola Agreement"), Nehra Law Office, Gerald Nehra (individually) and Gerald P. Nehra, Attorney at Law, PLLC ("the Nehra Agreement"); (2) to approve the form of notice ("the Notice") and the dissemination of such Notice; (3) to certify a settlement class under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of effectuating the settlement agreements and the final approval thereof ("the Settlement Class"); and (4) to schedule a hearing to consider final approval of the settlement agreements ("the Settlement Agreements") pursuant to Fed. R. Civ. P. 23(e). A fairness hearing was held before this Court on June 11, 2025, at which no objectors appeared.

Upon the Court's consideration of such Motion, the Settlement Agreements, the pleadings and records on file, the evidence presented at the hearing, arguments of counsel, and for good cause shown, the motion of plaintiffs for final approval of the settlements (Docket No. 2247) is **ALLOWED**.

Pursuant to the allowance of that Motion, this Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this litigation, and the actions within this litigation and over the parties to the Babener Agreement, the Labriola Agreement and the Nehra Agreement, attached hereto as Exhibits 1 through 3, including all members of the Settlement Class, the Estate of Jeffrey Babener, Steven Labriola, Nehra Law Office, Gerald Nehra (individually) and Gerald P. Nehra, Attorney at Law, PLLC.

2. For purposes of this Order, except as otherwise set forth herein, this Court adopts and incorporates the definitions contained in the Babener Agreement, the Labriola Agreement, and the Nehra Agreement, to the extent not contradictory or mutually exclusive.

3. Robert J. Bonsignore, appointed as Lead Counsel for the Settlement Class, and the Hon. Steven W. Rhodes (Ret.), James Wagstaffe of Adamski, Morosko, Madden, Cumberland & Green LLP, D. Michael Noonan of Shaheen & Gordan, P.A., and Ronald A.

Dardeno of the Law Offices of Ronald A. Dardeno PLLP, all appointed as members of the Settlement Class Executive Committee pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, have and will continue to represent the interests of the Settlement Class fairly and competently.

4. Class Representative, Anthony Cellucci, has and will continue to protect the interests of the Settlement Class fairly and adequately.

5. The Notice given to the Settlement Class was the best notice practicable under the circumstances.  The Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed settlements set forth in the Settlement Agreements, to all persons entitled to such notice, and the Notice fully satisfied the requirements of subdivisions (c)(2) and (e)(1) of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process having reached seventy-five (75%) percent of the class.

6. The prerequisites to certifying a Settlement Class under Rule 23(a) are satisfied for settlement purposes because: (1) there are thousands of geographically dispersed Settlement Class members, making joinder of all members impracticable; (2) there are questions of law and fact common to the Settlement Class which predominate over individual issues; (3) the claims or

defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class, and have retained experienced counsel who have represented, and will continue to represent, the Settlement Class adequately.

7. The prerequisites for certifying a Settlement Class under Rule 23(b)(3) are satisfied for settlement purposes in that: (1) common questions of law and fact predominate over those affecting individual Settlement Class members; and (2) a Settlement Class resolution is superior to individual settlements.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Class is certified with respect to the Babener Agreement, the Labriola Agreement and the Nehra Agreement:

> All persons worldwide who submit to the jurisdiction of this Court who purchased TelexFree AdCentral or AdCentral Family packages and suffered a Net Loss during the period from January 1, 2012 to April 16, 2014. A "Net Loss" is defined as placing more funds into TelexFree than the total funds withdrawn from TelexFree.

9. With respect to the settlements referred to in paragraph 8 above: (1) the Class Representative and Class Counsel have adequately represented the Settlement Class; (2) each of the

three settlements was negotiated at arm's-length; (3) the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal, Plaintiffs' request for reimbursement of a partial reimbursement of interim expenses, and that there appear to be no agreements required to be disclosed under Rule 23(e)(3); and (4) each of the three settlements treats all Settlement Class members equitably.

In light of the above findings and after a hearing, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves and confirms the settlement terms as set forth in the Babener Agreement, the Labriola Agreement and the Nehra Agreement; and affirms that each settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

Pursuant to the allowance of the Motion above and the findings set forth, this Court hereby rules as follows:

A. This Court dismisses on the merits and with prejudice the actions in favor of the Estate of Jeffrey Babener, Steven Labriola, and Nehra Law Office, Gerald Nehra (individually), and Gerald P. Nehra, Attorney at Law, PLLC, with each party to bear their own costs and attorneys' fees, except as provided in the

Babener Agreement, the Labriola Agreement and the Nehra Agreement. The Releasees are hereby and forever released from all Released Claims as defined in the Babener Agreement, the Labriola Agreement and the Nehra Agreement.

B. This Court permanently bars, restrains and enjoins the TelexFree Plaintiffs, the Settlement Class Members, and all other persons or entities anywhere in the world, whether acting on his or her or its own behalf or in concert with the TelexFree Plaintiffs or the Settlement Class Members or claiming by, through, or under them, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against the Releasees, the TelexFree Litigation, or any action, lawsuit, cause of action, claim, investigation, demand, levy, complaint, or proceeding of any nature in any forum, including, without limitation, any court of first instance or any appellate court, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with TelexFree, the TelexFree Litigation, the subject matter of the TelexFree

Litigation, or any Released Claims; all of which includes but is not limited to any claim, however denominated and whether brought in the TelexFree Litigation or any other forum, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such person or entity, or the claim asserted by such person or entity, is based upon such person or entity's liability to any of the TelexFree Plaintiffs or Settlement Class Members arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any TelexFree Plaintiffs, Settlement Class Members, or other person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement, or otherwise.

C. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Babener Agreement, the Labriola Agreement and the Nehra Agreement, the Released Claims contained therein, and the Final Judgment with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement Fund.

D. Because no objection to the settlement was and no objector appeared at the hearing, any objection to the settlement is hereby overruled.

E. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Babener Agreement, the Labriola Agreement and the Nehra Agreement, including any distribution to Settlement Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) post-arbitration appeals of the intra- plaintiffs' counsel distribution of the award of attorney fees and costs; (d) the actions until the Final Judgment has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to a plan of allocation of the settlement proceeds; and (f) the parties to the Babener Agreement, the Labriola Agreement and the Nehra Agreement for the purposes of enforcing and administering the settlement agreements and the mutual releases contemplated by or executed in connection with the Babener Agreement, the Labriola Agreement and the Nehra Agreement.

F. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of Judgment as to the parties to the Babener Agreement, the Labriola Agreement and the Nehra Agreement and therefore Judgment should be entered. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Defendants The Estate of Jeffrey Babener, Steven Labriola and the Nehra Defendants.

G. The Court's certification of a Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling Defendant. Nor shall such final approval prejudice any rights, claims, or defenses of any non-settling Defendant.

H. Massachusetts law, including the provisions of M.G.L. c. 231B, §4 which bars contribution actions against joint tortfeasors who settle in good faith, without regard to the

principle of conflicts of law, shall govern the enforcement and interpretation of the Final Judgment and any other claims arising under or in any way related to the TelexFree Pyramid Scheme.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 7, 2025