United States District Court for the
District of Massachusetts

| | |
|---|---|
| In re: Telexfree Securities Litigation | ) ) ) ) ) ) ) MDL Action No. 4:14-md-2566-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

The individual claims of Rita Dos Santos ("plaintiff" or "Dos Santos") against Dustin Sparman and Vantage Payments, LLC (collectively, "defendants"), are part of the Telexfree Securities multi-district litigation ("the TelexFree MDL"). The TelexFree MDL arises from a hybrid Ponzi-pyramid scheme operated by TelexFree, LLC, TelexFree, Inc. and TelexFree Financial, Inc. (collectively, "TelexFree"). Now before the court is defendants' motion for summary judgment against plaintiff's individual claims (Docket No. 2554). For reasons set forth herein, that motion will be allowed.

I. **Background**

   A. **The Arizona Action**

Dos Santos originally brought her claims in the District of Arizona ("the Arizona Action"). See Dos Santos v. Telexelectric LLLP, No. 4:15-md-13614-NMG. When her case was transferred into the TelexFree MDL, Dos Santos became, and remained, a lead plaintiff in every consolidated complaint filed in the MDL. In

- 1 -

July, 2023, Dos Santos moved voluntarily to dismiss herself as a named plaintiff in the consolidated class action complaint, after which plaintiff Anthony Cellucci became the lead plaintiff of the putative class.[1] Despite Dos Santos being dismissed as a named plaintiff in the class action, the Arizona Action remains pending and defendants seek summary judgment on the claims in that case.

Dos Santos' individual claims allege that defendants aided and abetted the TelexFree Ponzi scheme by facilitating credit card transactions that sustained the scheme and caused injury when the scheme collapsed. She brings statutory claims under M.G.L. c. 93, §§12 and 69, c. 93A, §§2 and 11, and c. 110a, §410b, as well as common-law claims for unjust enrichment, civil conspiracy professional negligence, negligent misrepresentation, fraud and tortious aiding and abetting.

### B. Procedural History

Defendants filed the present motion for summary judgment on June 2, 2025 (Docket No. 2254). On September 4, 2025, defendants filed a notice with the Court (Docket No. 2282) indicating that, despite conferring with counsel before filing the motion, Dos Santos had failed to file a timely response. On September 17, 2025, Dos Santos filed a response to defendant's

---

[1] The Court denied Cellucci's motion for class certification in April, 2025. In re TelexFree Sec. Litig., 777 F. Supp. 3d 47, 49 (D. Mass. 2025).

September 4 notice (Docket No. 2284, "the September 17 filing"), which appears to be nothing more than a belated opposition to the original June, 2025, motion for summary judgment. Defendants filed a response to the September 17 filing requesting this court to treat it as a legal nullity based on its improper timing.

## II. Discussion

### A. The September 17 Filing

The First Circuit Court of Appeals has found that a non-moving party waives her right to controvert facts asserted in a motion for summary judgment when she fails to respond within the time prescribed by an applicable local rule. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002). The court is therefore to accept as true all facts set forth by the moving party. Id.

Motions for summary judgment were to be filed on May 31, 2025, with responses due July 31, 2025. The September 17 filing was 48 days late and then only in response to defendants' notification of Dos Santos' failure to reply. Furthermore, during frequent prior correspondence Dos Santos' counsel has never indicated that she planned to oppose the motion, nor does she address the delinquency in her opposition. For these reasons the Court will treat the September 17 filing as a legal

- 3 -

nullity and will accept as true all material facts set forth by defendants.

### B. Motion for Summary Judgment

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

The fact that a motion for summary judgment is unopposed is not, in itself, sufficient grounds to allow the motion. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). The court must still be satisfied that the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law, Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991), but will accept as true all material facts set forth by the moving party with appropriate record support, NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 9 (1st Cir. 2002).

The Court accepts as true the following facts set forth by defendants in their pleadings:

1. Dos Santos admits that she did not make any investment in TelexFree in 2012, much less an initial investment of $301,660.
2. Dos Santos' total investment in TelexFree were debit card purchases on February 9, 2013 and February 26, 2013 in the total amount of $4,325.
3. Dos Santos received payment from TelexFree in the amount of $7,195. on March 13, 2013.
4. As plaintiff Cellucci's own damages expert, Ms Van Tassel, reported, after review of documentation provided by Dos Santos, she is a net winner because the only

transactions involving real money in the SIG system are withdrawals.[2]

5. On December 8, 2022, Dos Santos served defendants with Supplemental Disclosures admitting that she only invested in TelexFree in 2013.

6. Dos Santos did not participate in a "triangular transaction" regarding her claimed October 2012 cash investment of $301,660.

7. Dos Santos made no cash investments in TelexFree after July, 2013.[3]

8. Defendants had no knowledge of, and transacted no business related to, TelexFree prior to August 2013, and Dos Santos does not allege any such knowledge or transaction.

9. There is no documentation to support the existence of any investment made by Dos Santos in TelexFree as set forth in Schedule A and her discovery responses.

10. There is no evidence to support Dos Santos claim that her alleged October 2012 cash investment was withdrawn from an account at the "red bank," which she later identified as Century Bank.

---

[2] The SIG system was an internal TelexFree database that kept track of participant information, including invoices, deposits and withdrawals associated with the scheme, not including cash.
[3] Schedule A is part of Dos Santos' 2014 financial certification which outlines her purchases of TelexFree in 2013.

Accordingly, the defendants have shown that there is no genuine issue of material fact and that they are entitled to a judgment as a matter of law.  Even when viewed in the light most favorable to Dos Santos, the facts do not support any one of her claims.

### ORDER

For the foregoing reasons, the motion for summary judgment of defendants (Docket No. 2254) is **ALLOWED** and the case brought on behalf of plaintiff Rita Dos Santos against defendants Dustin Sparman and Vantage Payments, LLC, is **DISMISSED WITH PREJUDICE.**

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 30, 2025