United States District Court
District of Massachusetts

| | |
|---|---|
| In re: Telexfree Securities Litigation | ) ) ) ) MDL Action No. ) 4:14-md-2566-NMG ) ) |

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the Motion of defendants Vantage Payments, LLC, and Dustin Sparman (collectively, "defendants") for Attorneys' Fees and Costs (Docket No. 2296). Defendants seek attorneys' fees from plaintiff Rita Dos Santos ("plaintiff" or "Dos Santos") as well as from her past and present counsel. Because the Court finds that defendants have not shown the prerequisite misconduct on the part of plaintiff, the motion will be denied.

I. **Background**

Plaintiff's claims against the Sparman defendants are part of the TelexFree Securities multi-district litigation ("the TelexFree MDL"). That MDL arises from a hybrid Ponzi-pyramid scheme operated by TelexFree, LLC, TelexFree, Inc. and TelexFree Financial, Inc. (collectively, "TelexFree"). The Court explained plaintiff's involvement in the TelexFree MDL in its Order dated October 30, 2025:

> Dos Santos originally brought her claims in the District of Arizona ("the Arizona Action"). See Dos Santos v. Telexelectric LLLP, No. 4:15-md-13614-NMG. When her case was transferred into the TelexFree MDL, Dos Santos became, and remained, a lead plaintiff in every consolidated complaint filed in the MDL. In July, 2023, Dos Santos moved voluntarily to dismiss herself as a named plaintiff in the consolidated class action complaint, after which plaintiff Anthony Cellucci became the lead plaintiff of the putative class.[] Despite Dos Santos being dismissed as a named plaintiff in the class action, the Arizona Action remain[ed] pending . . . .
>
> Dos Santos' individual claims allege[d] that defendants aided and abetted the TelexFree Ponzi scheme by facilitating credit card transactions that sustained the scheme and caused injury when the scheme collapsed. She [brought] statutory claims under M.G.L. c. 93, §§12 and 69, c. 93A, §§2 and 11, and c. 110a, §410b, as well as common-law claims for unjust enrichment, civil conspiracy professional negligence, negligent misrepresentation, fraud and tortious aiding and abetting.

Docket No. 2292.

The Sparman defendants moved for summary judgment with respect to Dos Santos' claims in June, 2025, and Dos Santos filed no opposition. The Court allowed the motion in October, 2025.

## II. Motion for Attorneys' Fees

### A. Legal Standard

Defendants bring this motion under Fed.R.Civ.P 54(d), which outlines the procedure by which parties may request costs and

attorneys' fees incurred in connection with their cases. Rule 54(d)(1) creates a presumption of awarding costs in favor of the prevailing party, and Rule 54(d)(2) requires that a claim for attorneys' fees be made by motion. Under the "American Rule," attorneys' fees are not recoverable unless authorized by statute or contract, but courts possess inherent equitable power to award fees against a party that has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Mullane v. Chambers, 333 F.3d 322, 337-38 (1st Cir. 2003). A court may award such fees only insofar as they were incurred as a result of the misconduct. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 103-04 (2017).

Defendants also cite the Private Securities Litigation Reform Act (PSLRA) as a basis for awarding fees pursuant to Fed.R.Civ.P. 11(b). The PSLRA requires that, at the conclusion of an action brought under one of its provisions, the court conduct an independent review under Rule 11(b). 15 U.S.C. § 78u-4(c)(1). Rule 11(b) provides that, in presenting a pleading or other paper to the court, an attorney certifies that 1) it is not being presented for any improper purpose, 2) the claims are warranted by a nonfrivolous legal argument and 3) the factual contentions have evidentiary support. A motion for sanctions under Rule 11 must be served upon the offending party at least 21 days prior to its filing in court. Fed.R.Civ.P 11(c)(2).

### B. Application

#### i. Costs

As the prevailing parties, defendants are entitled to reasonable costs associated with defending this action. Fed.R.Civ.P. 54(d)(1). Defendants are directed therefore to submit to the Court a bill of costs pursuant to 28 U.S.C. §1920. Plaintiff may then file a Motion to Review Costs Taxed within 10 days of that submission. Caruso v. Delta Air Lines, Inc., 616 F. Supp. 3d 132, 135 n.1 (D. Mass. 2022). The motion, with respect to costs, is therefore held in abeyance.

#### i. Attorneys' Fees

Defendants claim that plaintiffs should pay their attorneys' fees in this case based upon purported Rule 11 violations. As an initial matter, defendants assert that, because this motion is filed pursuant to Fed.R.Civ.P 53(d)(2) and the PSLRA, they were not required to follow the service requirements of Rule 11. The Court is skeptical of that proposition but, nevertheless, will consider the arguments as presented.

At its core, defendants' motion contends that an award of attorneys' fees is appropriate because plaintiff's counsel (both past and present) submitted pleadings and proffered arguments which they knew to be false. Namely, defendants argue that (1) plaintiff's PSLRA certification (Docket No. 48) and associated

-4-

briefing was submitted for the improper purpose of securing Attorney Bonsignore's status as lead counsel and (2) any evidence supporting Dos Santos' claims is so obviously absent from the record that her attorneys must have known that her claims were frivolous.

The record is not, however, as deficient as defendants suggest. First, defendants point to the Court's entry of summary judgment against plaintiff (Docket No. 2292) as support for the argument that her claims were baseless from the outset. A ruling of summary judgment does not, however, automatically render the losing claims so frivolous as to entitle the prevailing party to attorneys' fees. See Nelson v. Univ. of Maine Sys., 944 F. Supp. 44, 51 (D. Me. 1996). Here, the Court entered summary judgment against plaintiff based largely upon her failure to oppose the motion and without the benefit of an adversarial presentation. Judgment in that context does not establish that any opposition to the motion is frivolous ab initio.

Defendants' contention that plaintiff's PSLRA certification was filed for an improper purpose is similarly suspect. In that certification, Dos Santos claims that she invested $350,000 in the TelexFree scheme and ultimately became a "net loser." Defendants assert that an internal TelexFree recordkeeping system does not support that allegation. As plaintiff argues,

-5-

however, not all transactions within the TelexFree scheme were logged in the same way, and some of plaintiff's deposits may have been recorded elsewhere. The record is insufficient to establish that the certification and associated briefings were filed in violation of Rule 11. The motion, with respect to attorneys' fees, will therefore be denied.

### III. Material Misrepresentations in Plaintiff's Pleadings

While the Court declines to award attorneys' fees to defendants based upon the theories presented herein, it is nevertheless disconcerted by plaintiff's pleadings associated with this motion. It appears that most of the citations proffered by plaintiff are erroneous. Those errors include: 1) misquoting cases that otherwise relate to plaintiff's position (e.g., citations to Jensen v. Phillips Screw Co., 546 F.3d 59 (1st Cir. 2008) and CQ Int'l Co. v. Rochem Int'l, Inc., 659 F.3d 53 (1st Cir. 2011)), 2) misquoting cases that exist but are inapposite to the issues at hand (e.g., citations to Rivera v. Centro Medico de Turabo, 575 F.3d 10 (1st Cir. 2009) and Gagliardi v. Sullivan, 513 F.3d 301 (1st Cir. 2008)) and 3) citations to cases that do not exist at all (e.g., a citation to Raymond v. U.S., 207 F.3d 1020 (9th Cir. 2000)). This is only a small sample of such errors presented in plaintiff's pleadings.

Furthermore, this is not the first time that Attorney Passatempo has misrepresented the law to this Court, and such

misrepresentations bear the clear hallmark of artificial intelligence hallucinations.[1] <u>Wadsworth</u> v. <u>Walmart Inc.</u>, 348 F.R.D. 489, 493 (D. Wyo. 2025) ("A hallucination occurs when an AI database generates fake sources of information."). Plaintiff's counsel should be prepared to address these misrepresentations at the status conference scheduled for February 19, 2026, and to show cause why the Court should not impose sanctions and/or refer the matter to the Massachusetts Board of Bar Overseers.

**ORDER**

For the forgoing reasons, the Motion for Attorneys' Fees and Costs (Docket No. 2296) is, with respect to costs, held in abeyance, but with respect to attorneys' fees, **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: February 13, 2026

---

[1] See Docket Nos. 2305 and 2306, in which plaintiff was suspected of supplying, and later attempting to correct, nonexistent caselaw in its pleadings.

-7-