United States District Court
District of Massachusetts

|  |  |
|---|---|
| In re: Telexfree Securities Litigation | ) ) ) ) ) ) ) |
|  | MDL Action No. 4:14-md-2566-NMG |

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the Motion of plaintiff Rita Dos Santos ("plaintiff" or "Dos Santos") to review and disallow the costs sought by defendants Vantage Payments, LLC, and Dustin Sparman (collectively, "defendants") (Docket No. 2327).  For the following reasons, the motion will be allowed, in part, and denied, in part.

I.   **Motion to Review and Disallow Costs Taxed**

### A. Legal Standard

Under Fed.R.Civ.P. 54(d)(1), costs are presumptively allowed to the prevailing party.  Taxable costs are enumerated under 28 U.S.C. §1920, and include the following:

> (1)  fees of the clerk and marshal;
> (2)  fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  fees and disbursements for printing and witnesses;
> (4)  fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

-1-

> (5)  docket fees under section 1923 of this
>       title;
> (6)  compensation of court appointed
>       experts, compensation of interpreters,
>       and salaries, fees, expenses, and costs
>       of special interpretation services
>       under section 1828 of this title.

Courts may not tax costs outside of those categories. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

### B. Application

The Bill of Costs submitted by defendants (Docket No. 2323) seeks taxation of costs in the amount of $19,000.  Plaintiff objects to several categories of costs which will be addressed in turn.

Defendants submit costs of over $14,000 for deposition transcripts.  Plaintiff objects on the ground that such costs are appropriate only when the transcripts were necessarily obtained for use in the case, not when the depositions were taken primarily for discovery purposes.  Defendants respond that the transcripts requested here were for depositions of 1) Dos Santos herself, 2) her expert, 3) Dustin Sparman and 4) the man who introduced Dos Santos to the scheme.  They contend that each deposition was necessary to their obtaining an award of summary judgment.

The Court agrees that the depositions were necessary and important in the scheme of things and more than just ordinary

discovery.  Costs will therefore be taxed with respect to the deposition transcripts.

Plaintiff objects to defendants' request for a $1,984 reimbursement of a Casetext legal research subscription. Defendants rejoin that such reimbursement is allowed under 28 U.S.C. §1940(4), which relates to "making copies" of documents necessarily obtained for use in the case.  Online legal research cannot fairly be considered "making copies" and the request to tax those costs will be denied.

Next, plaintiff objects to defendants' request to tax $658 related to electronic document storage and transfer.  Because those costs fairly relate to "making copes" under §1940(4), they may be taxed.

Plaintiff also objects to the inclusion of PACER charges and mailing expenses, which defendants have agreed to withdraw from their bill of costs.  Accordingly, those costs will not be taxed.

Plaintiff contends that the $852 incurred for copies of exhibits used in two depositions is not recoverable.  Defendants respond that those exhibits were used in depositions of Dos Santos and her expert and were therefore necessary for the case. The Court will allow those costs to be taxed.

Finally, plaintiff requests that the Court consider her financial condition and forgive any costs it may otherwise tax.

-3-

The Court notes that it has already declined to award a substantial sum of attorneys' fees in this case but it will allow the imposition of the less burdensome costs.

### ORDER

For the forgoing reasons, the motion to disallow costs is with respect to legal research, PACER charges and mailing expenses, **ALLOWED**, but with respect to the remainder of the Bill of Costs, **DENIED**.  The Bill of Costs is approved in the amount of $15,709.


**So ordered.**


_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: May 29, 2026

-4-