**United States District Court for the**
**District of Massachusetts**

| | |
|---|---|
| **In re: TelexFree Securities Litigation** | **MDL Action No. 4:14-md-2566-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion for extension of the pretrial schedule and for leave to file a renewed motion for class certification of plaintiff Anthony Cellucci ("plaintiff" or "Celluci"). This Court previously denied plaintiff's motion for class certification in this multi-district litigation ("MDL") in April, 2025 (Docket No. 2236). The pending motion renews that request based upon a proposed new class definition and will be denied for the following reasons.

## I. Background

### A. Facts

TelexFree LLC ("TelexFree") was an enterprise that sponsored a billion-dollar fraud scheme between 2012 and 2014. Holding itself out to be a multi-level marketing company, TelexFree operated by selling "promoters," or participants, memberships and packages granting them the right to sell Voice over Internet Protocol ("VoIP") calling plans. Promoters would

pay membership fees and "right-to-sell" fees that granted them the privilege of selling VoIP plans throughout the year.

TelexFree operated as a Ponzi scheme. The VoIP plans were nearly impossible to sell and promotors would instead be compensated by posting TelexFree advertisements online each day. In return for such posts, TelexFree would "buy back" unsold plans for online credits, funded by membership fees, which promotors could then withdraw as cash. The company also operated as a pyramid scheme because it derived virtually all of its income from recruiting new participants rather than selling its product. Existing participants received credits for recruiting new promoters.

Participants paid membership and "right-to-sell" fees either directly to TelexFree or through so-called "triangular transactions." A triangular transaction is one in which a new participant would pay his or her membership fees directly to the recruiting promoter. TelexFree would then deduct the equivalent credits from the promoter's account while treating the new participant's invoice as satisfied. See In re TelexFree, LLC, 941 F.3d 576, 580 (1st Cir. 2019).

TelexFree used an internal tracking system called "SIG" to collect information on promotors and record transactions. While transactions directly between promoters and TelexFree were

recorded within the SIG system, triangular transactions were not. Membership payments made up nearly all of the company's income and nearly all of those payments were made via triangular transactions.

**B. Procedural History**

This multidistrict litigation has been pending for more than a decade and its procedural history is lengthy and convoluted. See, e.g., Docket No. 2236. The following is a summary relevant to the pending motion.

Plaintiff Celluci moved to certify a class of plaintiffs in December, 2024. He sought to bring claims on behalf of himself and a class of similarly situated individuals who invested money in TelexFree and suffered net losses as a result. Plaintiff's expert, Karyl Van Tassel, relied upon data within the SIG system to identify accounts that suffered net losses and then identified the owners of those accounts to calculate net losses. Because triangular transactions were not included in the SIG system, the plaintiff necessarily omitted those transactions from his calculations.

This Court denied plaintiff's motion for two primary reasons. First, the exclusion of triangular transactions from plaintiff's calculation created an ascertainability problem. Plaintiff's methodology included in the proposed class users who

appear to be "net losers" under the SIG system but, through the collection of unrecorded membership fees, actually profited off the scheme. The reliance on the SIG system also presented problems of associating user accounts with actual individuals who suffered the recorded losses.

Second, even if reliance on the SIG system had been able to create a reliable way of identifying net losers, individual damages calculations would predominate any common questions of law. The vast majority of transactions within the TelexFree scheme were unrecorded triangular transactions, and identifying the individual losses of over 500,000 class members would be exceedingly difficult. This Court denied the motion to certify the class on those grounds and its denial was affirmed by the First Circuit Court of Appeals ("the First Circuit").

The pending motion seeks to renew the motion to certify a class with updated methodology. Namely, plaintiff alleges that its new expert, Dr. Cameron Freer, has identified a methodology by which triangular transactions can be reliably integrated into a new "net equity" value for individual TelexFree users. Plaintiff asserts that the new accounting methodology should resolve this Court's concern about the previous class identification strategy. Defendants retort that the new approach does no such thing and, more broadly, that plaintiff

may not renew his motion simply because he has redefined the class.

## II. Renewed Motion for Class Certification

### A. Legal Standard

The parties disagree about the legal standard by which the pending motion should be evaluated. Federal Rule of Civil Procedure 23 allows an order denying class certification to be altered or amended before final judgment. Fed.R.Civ.P. 23(c)(1)(C). While the standard for a motion under that subsection of the Rule has not been established by the First Circuit, the Advisory Notes to Rule 23 indicate that such an alteration may be appropriate "upon fuller development of the facts." Advisory Comm. Notes to Fed.R.Civ.P. 23. Plaintiff avers that his motion should be evaluated as a new motion to certify a class under Rule 23(b), while defendants rejoin that such a motion is only appropriate upon a showing of changed circumstances.

This session of this Court previously determined the standard of review for a motion for leave to file a renewed motion for class certification in Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362 (D. Mass. 2009). In that case, plaintiffs moved to file a renewed motion to certify a class under Rule (23)(b)(3) after their original motion under Rule

23(b)(2) was denied. Mogel, 677 F. Supp. 2d at 364. Plaintiffs argued that review was appropriate under the liberal amendment policies of Rule 15(a), while defendants invoked the more stringent standard of a motion for reconsideration. Id. at 365. This Court rejected both theories and instead applied a multi-factored approach that incorporated elements of both arguments. Id. Ultimately, the Court considered:

> 1) the Advisory Committee Notes to Rule 23 requiring a fuller development of the facts;
>
> 2) the Rule 15(a) considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); and
>
> 3) whether the renewed motion asserts new facts or theories that had been known to the moving party since the inception of the case (quoting Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.1986)).

Mogel, 677 F. Supp. 2d at 365.

This Court concludes that such standard is applicable in the instant case. Plaintiff avers that this case is distinguishable because, unlike the plaintiffs in Mogel, his

renewed motion is based on changed circumstances and materially different expert evidence. The Court disagrees but, in any event, the question here is one of fact that does not bear upon the standard of review.

While plaintiff's motion may be based upon new expert testimony and a new theory of class certification, he presents no new circumstance or evidence warranting renewal of his motion. Plaintiff also disguises his motion as one to amend the scheduling order under Rule 16(b)(4) but such characterization is immaterial to this analysis.

More especially, the Court declines to adopt the plaintiff's alternative standard set forth by the Third Circuit Court of Appeals in Hargrove v. Sleepy's LLC, 974 F.3d 467 (3d Cir. 2020). In that case, the Court determined that renewed motions for class certification should be reviewed under the standard requirements of Rule 23 and require no changed circumstances. Id. at 477. Such a standard is, in this Court's opinion, unworkable. It would permit a plaintiff to file successive motions for class certification with no apparent limiting principle, requiring the repetitive relitigation of issues already decided. Such a rule would invite strategic motion practice designed not to secure certification but to

exhaust an adversary through the costs and burdens of perpetual litigation.

For the reasons outlined above, the Court will apply the standard as articulated in Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362 (D. Mass. 2009).

**B. Application**

Plaintiff contends that granting him leave to file an renewed motion for class certification is warranted for a variety of reasons, including that 1) the report of Dr. Freer should be considered new expert facts and 2) the new motion is not futile because it cures deficiencies of the previous motion. Plaintiff also avers that defendants will not be prejudiced because there is no scheduling order or deadline to disrupt, a claim which defendants vigorously dispute.

Plaintiff is mistaken on both counts and his motion will be denied. First, retaining Dr. Freer to present a new expert theory of class identification is not a "fuller development of the facts". Dr. Freer has been known to the parties for years through his assistance in the related bankruptcy proceedings, and, while Plaintiff alleges that he was unavailable to be retained as an expert until recently, his theory of class identification has been well known for years. Plaintiff's claim

that, up to now, he relied on the opinion of his original expert, Karyl Van Tassel, is immaterial when Dr. Freer's methodology was a known and available alternative all along.

Moreover, even if the Court were to consider the theory of a new expert as a changed circumstance warranting a renewed motion, plaintiff cannot escape the futility of such a pleading. While the inclusion of triangular transactions may assist with identifying true net loser SIG accounts, it does not resolve the problem of associating those accounts with actual participants. Plaintiff has presented no new evidence that such association is any more reliable under Dr. Freer's methodology than under the previous approach of Ms. Van Tassel.

Finally, allowing such a renewed motion would clearly prejudice defendants. They would be required to depose Dr. Freer, issue a rebuttal report and engage in extended motion practice to oppose the renewed motion and any subsequent appeals. This prejudice to defendants, while not dispositive, weighs heavily against allowing plaintiff to file a renewed motion at this late date.

## III. Order

For the forgoing reasons, plaintiff's motion for an extension of the pretrial schedule and for leave to file renewed motion for class certification (Docket No. 2341) is **DENIED.**

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: September 18, 2026