**United States District Court for the**
**District of Massachusetts**

| | | |
|---|---|---|
| **In re: TelexFree Securities Litigation** | ) ) ) ) ) ) | **MDL Action No. 4:14-md-2566-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion to reconsider the denial of the motion for leave to file a renewed motion for class certification ("Motion for Reconsideration") filed by plaintiff Anthony Cellucci ("plaintiff" or "Celluci"). This Court denied plaintiff's motion for class certification in this multi-district litigation ("MDL") in April, 2025 and denied the motion for leave to file a renewed motion for class certification in September, 2026. Plaintiff filed a motion to reconsider the second denial in October, 2026. Defendants filed a timely opposition to which plaintiff most recently replied. For the following reasons, the Motion to Reconsider will also be denied.

## I. Background

TelexFree LLC ("TelexFree") was an unlawful enterprise that sponsored a billion-dollar fraud scheme between 2012 and 2014.[1] Holding itself out as a multi-level marketing company, TelexFree operated by selling "promoters," or participants, memberships and packages granting them the right to sell Voice over Internet Protocol ("VoIP") calling plans. TelexFree operated as a Ponzi and Pyramid scheme.

## II. Motion to Reconsider

### A. Legal Standard

District courts have the inherent authority to reconsider an interlocutory order at any time prior to final judgment, but motions for reconsideration should be granted sparingly and only in extraordinary circumstances. Mazza v. City of Bos., 780 F. Supp. 3d 325, 329-30 (D. Mass. 2025) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)). Courts in this district have held that the same standard should be applied when evaluating a motion to reconsider an interlocutory order and a final judgment under Fed. R. Civ. P. 59(e). In re Telexfree Sec. Litig., 652 F. Supp. 3d 233, 234 (D. Mass. 2023). To succeed on a motion for reconsideration, the movant must either:

[1] Incorporated herein is the factual background and procedural history from this Court's Order denying the Motion for Leave to file a Renewed Motion for Class Certification ("Order") (Docket No. 2350).

> 1) present[ing] the Court with "newly discovered evidence," 2) offer[ing] an "intervening change in applicable law" that is controlling or 3) assert[ing] that the Court's prior order suffers from "a manifest error of law [or] was clearly unjust."

Mazza, 780 F. Supp. 3d at 330 (citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). Manifest error of law exists when the Court fundamentally misunderstands a party's motion or misapplies the law. See Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (reconsideration should be granted if there is "an error not of reasoning but apprehension"). A court's prior ruling on a material matter may be manifestly unjust when the decision was "unreasonable or obviously wrong" and prejudicial. Belezos v. Bd. of Selectmen of Hingham, Massachusetts, No. CV 17-12570-MBB, 2019 WL 2870733, at *1 (D. Mass. July 3, 2019). Motions for reconsideration are not, however, a vehicle to disagree with the court's reasoning or "advance arguments that could have ... been presented to the district court previously." Mazza, 780 F. Supp. 3d at 330 (citations omitted).

**B. Analysis**

Plaintiff contends that reconsideration of this Court's Order is warranted because the Court misconstrued the subject motion, applied the wrong legal standard and disregarded plaintiff's newly presented evidence through an expert not initially available. Plaintiff does not, however, argue that

there has been an intervening change in law to necessitate reconsideration.

First, the Court applied the correct legal standard in its Order of denial. Leave to file a renewed motion for class certification is not as of right and is within the court's discretionary authority. See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds, 568 U.S. 455, 482 n.11 (2013). Plaintiff avers that the Court misconstrued the motion for leave to file as a motion on the merits but that is not so.[2] In its Order, the Court applied the same legal standard it adopted in Mogel and explicitly declined to accept the untenable standard set forth by the Third Circuit Court of Appeals in Hargrove v. Sleepy' s LLC, 974 F. 3d 467 (3d Cir. 2020). Order at 6-7. The Court considered whether 1) upon fuller development of the facts the original class certification decision seemed unsound, 2) defendants would face undue prejudice if renewal was allowed and 3) there are new facts, circumstances or theories that were not known to plaintiffs previously. Order at 6 (citing Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362, 365 (D. Mass. 2009)). The Court's legal analysis and denial of leave to file a renewed motion for class certification was well within its discretion and not manifestly erroneous or unjust.

---

[2] Plaintiff now claims he seeks "resolution on the merits" in his reply brief but at issue is this Court's Order denying leave to file a renewed motion for class certification.

Second, plaintiff identifies no "newly discovered evidence" or change of circumstances in his motion for reconsideration. Emmanuel v. Int'l Bhd. of Teamsters, Loc. Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005) (affirming the denial of a motion for reconsideration because evidence was available to the party prior to the district court's ruling). Plaintiff claims repeatedly that Dr. Freer was unavailable for expert disclosures and class certification and that even with the exercise of due diligence, he could not have engaged him earlier. See id. at 422 (affirming the denial of a motion for reconsideration on the basis that in the exercise of due diligence, the discovery of evidence could have been presented earlier). But prior to the motion for renewed class certification filed in June 2026, plaintiff never mentioned Dr. Freer nor his methodology, and relied, in good faith, on Karyl Van Tassel's analysis and testimony that excluded triangular transactions. Furthermore, the concept of "triangular transactions" and the underlying SIG data have been available for years. When the issue of triangular transactions arose at the class certification hearing, counsel for plaintiffs, attorney Bonsignore, stated that it would be too speculative to include such transactions in the calculations.

Plaintiff contends that the current circumstances are unique and necessitate reconsideration and the inclusion of Dr.

Freer's methodology but the underlying SIG data and scheme have been known to plaintiff for many years and providing newly *obtained* evidence is not the same as providing newly discovered evidence. See Perez-Figueroa v. PR Waste Mgmt. Grp., LLC, No. CV 23-1471(RAM), 2025 WL 745092, at *1 (D.P.R. Mar. 7, 2025) (emphasis added). Dr. Freer's methodology is not new nor does it constitute a fuller development of the facts that would warrant reconsideration.

Defendants attest that even if plaintiff were to utilize Dr. Freer's approach, the renewed motion would still be futile due to individualized issues still present, such as choice of law, damages and questions of causation. Furthermore, plaintiff is unable reliably to associate net loser SIG accounts with actual participants from the aggregations.[3] The Court agrees. While the Court is unconvinced that Dr. Freer's methodology would resolve the issue of identifying net losers, more especially, it did not deny the motion for class certification on the basis of triangular transactions alone. The individualized issues raised by defendants, noted above, remain hurdles that plaintiff has not overcome and the Court did not rest its denial of plaintiff's renewed motion for class

[3] Plaintiff argues that defendants' failure to address the substance of Dr. Freer's methodology is evidence of its soundness but defendants are under no obligation to rebut a new expert report at this stage of the proceedings.

certification on his unsuccessful petition for interlocutory appeal.

Even adamant disagreement with this Court's reasoning in its Order does not justify reconsideration. See Mazza, 780 F. Supp. 3d at 330. Plaintiff identifies no newly discovered evidence, changed circumstances or manifest error in law sufficient to warrant reconsideration. The motion for reconsideration will therefore be denied.

This multi-district litigation has been pending for over a decade and during that time plaintiff has settled with 22 defendants for an aggregate amount in excess of $120,000,000. The speedy resolution of this multi-district litigation is now in the best interest of all parties. The Court will schedule a status conference for Thursday, December 10, 2026, at 11:00 am to establish a schedule toward that end.

**Order**

For the foregoing reasons, plaintiff's motion for reconsideration [Docket No. 2352] is **DENIED.** The next status conference is scheduled for Thursday, December 10, 2026, at 11:00 AM.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 19, 2026